1  Michele Casillas and Jason Casillas

2  P.O. Box 81 Running Springs, CA 92382

3  Casillas.ca.1722@gmail.com

4  (949) 872-9462 or (949) 872-9466

5  Plaintiff in Pro Per



**FILED**
CLERK, U.S. DISTRICT COURT

**09/19/2022**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michele Casillas and Jason Casillas, <br>                Plaintiff, <br>           v. <br> The County of Riverside; Judge Kristi E. Hester, as an individual and in her official capacity; Judge Arthur Hester, as an individual and in his official capacity; Judge Mickie E. Reed, as an individual and in her official capacity; Judge Randolph Rogers, as an individual and in his official capacity; Judge Gregory Olson, as an individual and in his official capacity; Appointed Minor's Counsel Carol Lee Adams, as an individual and in her professional capacity; The Law Offices of Adams and Clark, as a business entity; Social Worker Stephanie Kocis, as an individual and in her official capacity; The Riverside County DPSS/Child Protective Services, as a business entity; Victoria Lopez as an officer of the court and as an individual; The County of San Bernardino; Social Worker Jeanne Sierra-Leyva, as an individual and in her official capacity; Lisa Wilson, as an individual; Maria Nordin, as an individual; Venetia Dahlman, as an individual; Richard Ortiz Jr., as an individual; <br>           Defendant(s). | **Case No.:** 5:22-cv-01648-JLS(KS) <br><br> **CIVIL RIGHTS COMPLAINT OF DAMAGES PURSUANT TO 42 U.S.C. § 1983** <br><br> **JURY TRIAL DEMANDED:** √YES    NO |

Plaintiff, Michele Casillas, and Jason Casillas ("Casillas"), by way of complaint against

("Defendants"), Kristi E. Hester, Arthur Hester, Mickie E. Reed, Randolph Rogers, Gregory Olson, Stephanie Kocis, Lisa Wilson, Jeanne Sierra-Leyva, Carol Lee Adams, Victoria Lopez, Maria Nordin, Venetia Dahlman, Richard Ortiz Jr., alleges as follows:

# I.  INTRODUCTION

1. Casillas brings this action to enforce 18 U.S.C. § 3283 offenses against children no statute of limitations due to the offense involving the physical abuse and kidnapping of a child without a cause under eighteen years of age. In which it is prohibited by the Fifth Amendment to the United States Constitution. The County of Riverside Kristi Hester, Mickie E. Reed, Carol Adams, and Richard Ortiz Jr., defendants, willfully, fraudulently, and maliciously abducted Meilani from her mother, Michele, and concealed her from Michele, and effectively deprived Michele of her god given child of the society and services of Meilani. It is illegal to maliciously remove a child from his or her parent or legal guardian as stated under California Penal Code § 278 PC and under California Penal Code § 278.5 PC to maliciously deprive another adult of his/her lawful right to custody of, or visitation with, a child. Defendant Hester bias and prejudice orders to remove the minor child from her primary home without consent from Plaintiff seizure implicating the Fourth Amendment. Deprives Plaintiff rights to be protected under 42 U.S.C. § 1983 and willfully deprived a right or privilege protected under 18 U.S.C. § 242 acts done beyond the bounds of that official's lawful authority.

2. Plaintiff alleges that defendant Carol Adams, as court appointed Minor's Counsel employed with County of Riverside, conspired to provide false and misleading reports to the County of Riverside Superior Court of California. Adams violates 18 U.S.C. § 371 forged, altered, prepared, submitted, and filed with the Riverside Superior Court; Larson Justice Center due to the history of abusing its discretion by targeting minor child. The fraudulent documents were filed as an Emergency Ex-Parte by Minor's Counsel, Adams that would violate under the Constitutional Rights, Federal Tort Claims Act, Procedural Tort, Conversion Tort, Defamation of Character, and 8 U.S.C. § 1324c (a)(1)(2)(5) to conceal Respondent Ortiz misconduct and to intentionally obtain minor child. Defendant Carol Adams is a California lawyer who represented minor child Meilani Ortiz in proceedings in the Superior Court of California. Plaintiff was unfairly targeted by the

County of Riverside Superior Court Laron Justice Center and victims of crimes for the court's deprivation of Constitutional Rights, Federal, and State Statutory Rights.

3. Plaintiff alleges that defendant Kristi Hester, as Judge employed with the County of Riverside, violates Mrs. Casillas and minor child American with Disabilities Act, Human Rights Act, First Amendment, Due Process Clause in both the Fifth and Fourteenth Amendment, Eighth Amendment being cruel and unusual punishment resulted in unacceptable suffering, pain, and humiliation in society for the loss of her child. Where actions occurred under color of state law for the deprivation of constitutional protection. Thus, makes it a Constitutional and Federal Statutory question when a judge acts as a trespasser of the law and intentionally denies equal protection that failed to obtain substantial justice. That has caused a minor child's ongoing abuse being physical, psychological, and child abduction due to the Legal Abuse Syndrome.

4. Due to this discretion in the state courts that lead to this suit being filed in Federal Court for civil rights violations under 42 U.S.C § 1983 in connection with the custody dispute in the Superior Court of California; fraud on the Superior Court of California; negligence occurred resulting in emotional stress "due to the fact that Plaintiff's minor child was forced to live with Defendant Ortiz"; negligence against the County of Riverside, California, arising from the conduct of its agents and employees; intentional infliction of emotional distress arising from the custody proceedings held at the County of Riverside Superior Court Larson Justice Center and the placement of the child with her abusive father; a defamation claim (it is not clear where the alleged defamatory statements were made); a claim for "child endangerment" due to the placement of the child with her father with a history of domestic violence within the last five years under California Family Code § 3044; and a claim for tortious interference with contract based on defendants' alleged interference with a contract to marry between plaintiff Casillas.

5. Casillas brings this action where judicial discretion was used to cover up and ignored for extortion. Constitutional law states the government principle of our constitutional democracy is that all the officers of government from the lowest are creatures of the law and are bound to obey it. There is no man or woman in the country so high that he or she is above the law and where the abuse of power, no rule of law, no accountability, there is abuse, corruption, subjugation, indignation. No officer of the law may set the law at defiance with impunity. see. *Butz v. Economou, 438 U.S. 478, (1978).* Casillas states, "I would rather be threatened with jail than to

be threatened with the loss of my child." No parent shall endure the pain of losing a child due to fraud upon the court at the County of Riverside Superior Court Larson Justice Center.

6.   Due to this case involving a minor child at the age of seven years old that was taken away from her primary parent Mother and Plaintiff Michele Casillas based on false claims and fraud upon the court. Minor child was diagnosed with type one diabetes and hospitalized while under the care of minor child Father and Defendant Richard Ortiz Jr. Judge and Defendants Kristi Hester and Mickie E. Reed discriminating orders that would completely ignore the Constitutional Due Process Clause. Defendants interfered by threat, intimidation or coercion with Plaintiff's Constitutional rights. Defendants had child taken away from mother while under the care of Loma Linda Children's Hospital. County of Riverside Superior Court violates Plaintiff minor child for having a medical disability that falls under The Americans with Disabilities Act of 1990 or ADA (42 U.S.C. § 12101) is a civil rights law that prohibits discrimination based on disability. It affords similar protections against discrimination to Americans with disabilities as the Civil Rights Act of 1964.

7. Therefore, Casillas brings this action suit in which the plaintiff requires the court to declare law unconstitutional Civil Rights under section 42 of the Civil Rights Act. Where a case shall lay with providing the court with legal documents to establish standing by showing as proof of violations. Being material fact in plaintiffs dispute as victims in civil dispute that is entitled to a legal right. A form of legally binding preventive adjudication by which all parties involved in actual legal matters *in pari delicto*. Please take judicial notice that Mr. and Mrs. Casillas have a clear background. Mr. Casillas works for California Department of Forestry and Fire Protection. Mrs. Casillas has even worked for The Department of Corrections and Rehabilitations and in her third year of college pursuing her career for a Bachelor of Science in Nursing. Zero criminal record of any kind nor ever having any sort of substance abuse and a clear driving record.

## II. JURISDICTION AND VENUE

8. This court has complete jurisdiction under 28 U.S.C. § 1331 the district courts shall have original jurisdiction of all civil actions arising under the United States Constitutional Law, 28 U.S.C. § 1343 district courts shall have original jurisdiction of any civil action because of the deprivation of any right or privilege of a citizen of the United States. *Harman v. Superior Ct of the State California 307F 2.d 796 (1962).* Where a claim under civil rights act expressly gives

the district court jurisdiction, no matter how imperfectly the claim is stated. This suit's cause of actions for damages is in excess of $75,000.00, as required by 28 U.S.C. § 1332. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983 Article III, section 2, clause 1 federal judicial power shall extend to all cases, in law and equity arising under Constitutional Law of the United States; and The First, Fourth, Fifth, Eighth, and Fourteenth Amendments is the most common basis or right against cruel and usual punishment, and a fair due process that have been significantly impacted. This complaint of Habeas Corpus for and by a child detained in the unlawful State of California and under the American of Disabilities Act of 42 U.S.C. § 12101.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because (a) Applicability of section. (1) (2) (b) (1) (e) Actions where the defendant is an officer or employee of the United States (1) In general, (2) Service. Venue is proper in the Central District in that the events and conduct complained of herein all occurred in the Central District. 47 U.S.C. § 33 The District Court of the United States shall have jurisdiction over all offenses against the cause of actions and offenses of this chapter and of all suits of civil nature arising there under.

# III. PARTIES to This Complaint

**A. The Plaintiff(s)**

10. Plaintiff Michele Casillas and Jason Casillas reside at: P.O. Box 81 Running Springs, CA 92382.

**B. The Defendant(s)**

11. Defendant Kristi E. Hester works at Larson Justice Center - Superior Court of Riverside County. Defendant's title or position is Judge in the Family Law Division.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation. Being a state actor, the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with other government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights by using threats, intimidation, or coercion with that Plaintiff's constitutional rights. Thus, neglected her duties and or professional conduct as a state actor or official to protect

CIVIL RIGHTS COMPLAINT - 5

the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the period when she was directly responsible for the child.

12. Defendant Arthur Hester works at Palm Springs Court - Superior Court of Riverside County. Defendant's title or position is Judge in Small Claims, Unlawful Detainers, Limited Civil, Name Changes, and Civil Harassments.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation. Being a state actor, the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with other government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights.

13. Defendant Mickie E. Reed works at Larson Justice Center - Superior Court of Riverside County. Defendant's title or position is Judge in Family Law Division and DCSS Family Support.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation. Being a state actor, the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with other government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights by using threats, intimidation, or coercion with that Plaintiff's constitutional rights. Thus, neglected her duties and or professional conduct as a state actor or official to protect the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the period when she was directly responsible for the child.

14. Defendant Randolph Rogers works at  Michael Antonovich Antelope Valley Courthouse - Superior Court of Los Angeles County. Defendant's title or position is Honorable Judge.

CIVIL RIGHTS COMPLAINT - 6

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation. Being a state actor, the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with other government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights.

15. Defendant Gregory Olson works at Larson Justice Center - Superior Court of Riverside County. Defendant's title or position is Commissioner in the Family Law Division and now assigned as Traffic and In-custody Arrangements.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation. Being a state actor, the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with other government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights by using threats, intimidation, or coercion with that Plaintiff's constitutional rights. Thus, neglected his duties and or professional conduct as a state actor or official to protect the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the period when he was directly responsible for the child.

16. Defendant Stephanie Kocis works at Riverside Child Protective Services. Defendant's title or position is Social Service Worker.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable social worker would have known their conduct was a violation. Being a state actor or official the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth

Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights. Defendant was aware of the minor child repeatedly suffering abuse and injuries. Thus, neglected her duties and or professional conduct and or Code of Ethics as a state actor or official to protect the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the period when she was directly responsible for the child.

17. Defendant Lisa Wilson works at Desert Regional Medical Center. Defendant's title or position is Social Worker.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable social worker would have known their conduct was a violation. Being a state actor or official the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights. Defendant was aware of the minor child repeatedly suffering abuse and injuries. Thus, neglected her duties and or professional conduct and or Code of Ethics as a state actor or official to protect the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the period when she was directly responsible for the child.

18. Defendant Jeanne Sierra-Leyva works at San Bernardino County Children and Family Services. Defendant's title or position is Social Service Worker.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable social worker would have known their conduct was a violation. Being a state actor or official the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights. Defendant was aware of the minor child repeatedly suffering abuse and injuries. Thus, neglected her duties and or professional conduct and or Code

of Ethics as a state actor or official to protect the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the period when she was directly responsible for the child.

19. Defendant Carol Adams works at Law Office of Adams & Clark. Defendant's title or position is  Appointed Minor's Counsel.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable Minors Counsel and Attorney for the State of California would have known their conduct was a violation. Being a state actor or official attorney of record the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with other government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights by using threats, intimidation, or coercion with that Plaintiff's constitutional rights. Defendant was aware of the minor child repeatedly suffering abuse and injuries. Thus, neglected her duties and or professional conduct as a state actor or official to protect the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the period when she was directly responsible for the child.

20. Defendant Victoria Lopez works at the Larson Justice Center – Riverside Superior Court. Defendant's title or position is Court Clerk in Family Law Division.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable County Clerk would have known their conduct was a violation. Being a state actor or official the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights. Defendant was aware of the minor child repeatedly suffering abuse and injuries. Thus, neglected her duties and or professional conduct and or Clerk's Duties under FRCP Rule 45 as a state actor or official to protect the minor child deprivation of rights. Defendant violated the child's substantive due process by failing to

CIVIL RIGHTS COMPLAINT - 9

investigate several suspicious events during the period when she was directly responsible for the child due to her being minor child stepmother.

21. Defendant Maria Nordin works at Self-employed. Defendant's title or position is Supervised Visitation Monitor.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable Supervised Monitor would have known their conduct was a violation. Being a state actor or official the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights by using threats, intimidation, or coercion with that Plaintiff's constitutional rights. Defendant was aware of the minor child repeatedly suffering abuse and injuries. Thus, neglected her duties and or professional conduct as a provider under California Rules of Court 5.20 to protect the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the period when she was directly responsible for the child.

22. Defendant Venetia Dahlman works at Self-employed/ Cloverdale Elementary School. Defendant's title or position is Supervised Visitation Monitor/ School Counselor.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable Supervised Monitor and or School Counselor would have known their conduct was a violation. Being a state actor or official the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights by using threats, intimidation, or coercion with that Plaintiff's constitutional rights. Defendant was aware of the minor child repeatedly suffering abuse and injuries. Thus, neglected her duties and or professional conduct as a provider under California Rules of Court 5.20 to protect the minor child deprivation of rights and violated the child's substantive due process by failing to investigate several suspicious events during the

period when she was directly responsible for the child.

23. Defendant Richard Ortiz Jr. works at Self-employed. Defendant's title or position is Handyman.

This Defendant is sued in his/her (check one or both): √ individual capacity √ official capacity

This Defendant was acting under color of law because: The victim's civil rights, and those rights were so clearly established that a reasonable person would have known their conduct was a violation. Being a state actor or official the defendant conduct was intentional or showed extreme indifference to the rights of others due to conspiring with other government officials. Therefore, violating Plaintiff's First Amendment, Eighth Amendment, and Fourteenth Amendment of the United States Constitution. Defendant interfered with Plaintiff's federal or state constitutional or statutory rights. Defendant was aware of the minor child repeatedly suffering abuse and injuries due to being the abuser. Thus, neglected his duties and or parental rights to protect the minor child deprivation of rights due to history of domestic violence. Defendant violated the child's substantive due process by being the abuser to the minor child during the period when he was directly responsible for the child due to emotionally, psychologically, and physically harming the minor child and or his own daughter.

## IV. WHERE THE GROUNDS OF RIGHTS/ LAWS THAT WERE VIOLATED IF X DID NOT OCCUR THEN Y WOULD NOT HAVE HAPPENED

24. The U.S. Supreme Court, in *Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)* stated that, "When a state officer acts under a state law in a manner violate of the Federal Constitution, he or she comes into conflict with the superior authority of that Constitution, and he or she is in that case stripped of her official or representative character and is subjected in her person to the consequences of her individual conduct. The State has no power to impart to her any immunity for responsibility to the Supreme Authority of the United States."

25. "When any court violates the clean unambiguous language of the Constitution, a fraud is perpetrated, and no one is bound to obey it." *State v. Sutton*. "Fraud upon the court" has been defined by the seventh Circuit Court of Appeals to, "Embrace that species of fraud which does, or attempts to, defile thee court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the unusual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal*

*Practice, 2d ed., p. 512, 60.232.* The Seventh Circuit further stated, "A decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." It is a void.

26. During the proceedings in this case there have been numerous actions of misconduct and intentional retaliation discrimination 42 U.S.C. § 12203 towards Plaintiff Casillas. The average person looking at this situation would obviously see this as being illegal in violation of my civil rights and being bias by Defendant Hester toward Plaintiff Casillas. Completely based on unsupported fabricated and provable subordinated perjury by both defendants Adams and Ortiz. The Riverside Superior Court Larson Justice Center in which Defendant Hester did willingly listen to, accepted as true, and allowed defendant Adams to influence Hester violates her oath as a judge 28 U.S.C. § 453. Each justice or judge of the Untied States shall take the following oath or affirmation before performing the duties of his or her office.

27. It was apparent in Defendant Hester bias demeanor and attitude when depriving the response of Casillas Constitutional Fourteenth Amendment Right. Thus, ignores Ortiz misconduct and causes prejudice unfair injuries being insomnia, anxiety, and depression. Plaintiff is seeking justice and compensation for being put through torture that is reckless and motivated by evil intent by the Riverside County Superior Court. Plaintiff still has not received the payment from Defendant Ortiz from the hearing that was held on June 25, 2020 and he shall be held in contempt of court Penal Code § 166 PC, FRCP Rule 70.

28. Judgments have been made against Casillas without the proper legal due process. That has been causing unfair and unjust injuries to Casillas and minor child. Casillas has been seeking help since the year of 2012 from local law enforcement from the surrounding areas of the Coachella Valley and the Riverside Superior Court Larson Justice Center from Defendant Ortiz. Who has physically assaulted Mrs. Casillas while holding their one-year and a half-old daughter in her arms on January 01, 2014. Ortiz was arrested for Domestic Battery P.C.243(E)(1) and Vandalism P.C.594(a) but released after police report number LA140010021 from the officer M. Rodriguez ID number 4701. Who originally wanted to send this incident to the District Attorney office.

29. Under case number INK 1201717 with the Larson Justice Center Defendant Ortiz was ordered to pay child support for minor child Meilani Ortiz. Time with Defendant as indicated on guideline calculation results minor child spends twenty-one percent with Defendant Ortiz.

30. On January 17, 2013, Mrs. Casillas filed an Emergency Restraining Order on Defendant

Ortiz case number was filed under INV 1300054 with the Riverside Superior Court Larson Justice Center. Temporary Restraining Order was granted till hearing set for February 11, 2013, by Defendant and Judge Olson. The Court Finds: There is a risk that Richard F. Ortiz might take the children without permission because that parent: a. Has violated-or threatened to violate-a custody or visitation order in the past; d. Has a history of- Domestic Violence, Not cooperating with the other parent in parenting.

31. The Court Orders: Child Custody is ordered as follows: Child's Custody is ordered as follows: Child's Name: Meilani Ortiz Legal Custody to Mom; Physical Custody to Mom. No Visitation to Dad. Personal Conduct Orders was granted as follows: a. You must not do the following things to the person: Harass, attack, strike, threaten, assault, hit, follow, stalk, contact, either directly or indirectly, in any way. Stay-away orders were granted that Ortiz to stay at least one hundred yards from person, home, vehicle, job, and the child school.

32. On February 11, 2013, hearing was held for Permanent Restraining Order that was filed by Mrs. Casillas at the Riverside Superior Court Larson Justice Center in department 2E with Defendant and Judge Olson. Casillas witness Veronica Ortiz was sworn and testified against Defendant Ortiz. Veronica Ortiz is Defendant Ortiz Mother. Casillas witness stated on court record, "Her son Richard Ortiz Jr. grabbed her by the throat and slammed her to the floor." "He continued to call me a fucking bitch and yelling at me as I was laying on the living room floor!" Ms. Ortiz stated her son suffers from Bi-polar after his father passed.

33. After witness testified the court finds the Petitioner has not met the burden of proof and denied the Domestic Violence Restraining Order against Defendant Ortiz. Defendant Olson violates California Family Code § 3031(a) by making a custody or visitation order that is inconsistent with the emergency protective order. For the existence of X would Y have accrued? Mrs. Casillas filed for an emergency protective order then was denied, a year later Defendant Ortiz was arrested for domestic battery and vandalism.

34. On January 01, 2014, Mrs. Casillas was picking up minor child after visitation with Defendant Ortiz. Defendant Ortiz was upset with Plaintiff because she did not want to drive to Indio, CA to pick up daughter due to the court order stating for both parties to meet at a public place in front of Starbucks in La Quinta, CA. Defendant Ortiz arrived and immediately tossed daughter clothing at Plaintiff stating, "your daughter diaper wet."

35. Ortiz was upset and stated toward Plaintiff, "I know you're in Indio fucking other guys.

CIVIL RIGHTS COMPLAINT - 13

You are a whore and a slut and then turned to their one-year-old daughter and told her, sorry your mother is a whore she should've never opened her legs." Plaintiff told Ortiz not to talk like that in front of their daughter. Ortiz placed his face directly in front of Plaintiff face yelling, "What are you going to do about it?" Plaintiff stated she was going to call the cops. Ortiz told Plaintiff, "Go ahead and call the cops; I don't give a fuck about them!"

36. Plaintiff had called the cops and Ortiz grabbed the phone away from Plaintiff threw it to the ground and stepped on the cell phone cracking the screen. Ortiz then grabbed Plaintiff right hand while twisting and digging his nails into Plaintiff hand. Defendant Ortiz told Plaintiff she a fucking bitch and a whore while holding their daughter in her left arms. Plaintiff cried and begged for Defendant to let her go as he was hurting her hand and holding their daughter. Plaintiff pulled her hand away from Ortiz and immediately put their daughter in her car seat. After shutting the door Defendant then punched his fist into the car door where the minor child was.

37. The Riverside County Sheriff's showed up and Plaintiff gave responding police officer Rodriguez a statement of what had happened. Plaintiff was asked if she wanted to press charges against Ortiz and he was placed under arrest for the crime of P.C. § 243 (e)(1) -Domestic Battery and P.C. § 594 (a) Vandalism. Responding officer that interviewed Plaintiff stated, "She appeared to be upset, scared, shaking and handed Plaintiff Marcy card and Shelter from the storm." A week later Sergeant Vanderhoof from the Indio Police Department orders officer Rodriguez to get a second report from Defendant Ortiz. Giving Ortiz a week to come up with an alibi to then have the charges completely dropped.

38. The second interview with Ortiz was on January 04, 2014, in which officer M. Rodriguez stated, "I was instructed by Sergeant Vanderhoof to call for a second statement." Casillas is being punished without fundamental fairness and helpless with the ongoing violation of my Civil, Constitutional, Statutory, God given, and Substantial rights from the Riverside County DPSS/Child Protective Services, Indio, and Palm Desert Police Departments, and from the Riverside County Superior Court Larson Justice Center.

39. Casillas would like to ask the court to take judicial notice that Defendant Ortiz is also in a relationship and has a child by the name of King Ortiz with Defendant Lopez which is a conflict of interest. Due to Defendant Lopez working for the County of Riverside Superior Court Larson Justice Center in the Family Law Division. Defendant Lopez should be held accountable for

CIVIL RIGHTS COMPLAINT - 14

Penal Code 45 CFR § 73.735-1003-(a)(b)(d) Conflicts of interest statutes. Defendant Lopez has worked directly under Defendant Hester and in The Family Law Department at The Larson Justice Center. Casillas would also like to ask the court to take judicial notice that Defendant Hester was acting as Deputy District Attorney as of October 03, 2005, through January 19, 2018. In which was during the time both cases Casillas had pleaded to The Riverside Superior Court Larson Justice Center of Ortiz misconduct and aggressive behavior. Therefore, was denied in both incidents when there was clear convincing evidence of Ortiz history pattern.

40. This has been a one-sided continuing pattern of misconduct that can be seen in cases where litigants have been treated unfairly and ask for judicial officer Defendant Hester to recuse herself for the complaints filed on the Family Court Services Department. The cases that have been heard under Defendant Hester are at risk to be drawn out in such a matter that Mrs. Casillas' case was handled. Cases that are not disposed of in an effective and timely manner causing litigants to have to file and refile to create revenues for the court.

41. Due to the corruption within the County of Riverside Superior Court and the clamor that has occurred regarding this ongoing drawn-out court abuse and legal abuse syndrome. Therefore, causing a form of post-traumatic stress disorder, caused by legal authorities fail to uphold their responsibilities to provide a fair venue for justice in which is a continued abuse of power, betrayal, or fraud within the legal system.

## V. CONSTITUTIONAL RIGHTS WILL BE USED THAT PERTAINS TO JUDGE DALE WELLS

*Ceballos v. Husk. 919 F .3d1204 .1215 (10th Cir.2019); Weigel v. Broad .544F .3d1143 .1153 (10thCir.2008)*

42. Judge Wells has a history of placing false statements in court records and perpetuating false and fraudulent court records with the Riverside Superior Court against anyone who is deemed to be a target parent. Judge Dale Wells has victimized children by retaliating against parents, predominantly mothers, in the Riverside Superior Court, in the United States. Judge Wells' trademark is to issue non noticed Ex-Parte, declare mothers an immediate flight risk and remove their young children from them causing irreparable harm and trauma to children and their parents with the help of Minor's Counsel Carol Adams. Judge Wells has a twelve-year history of precisely that pattern and is the judicial weapon of mass destruction in the Riverside

CIVIL RIGHTS COMPLAINT - 15

Superior Court, Indio branch, in contravention of any valid family law standard.

43. Judge Wells makes a mockery and rapes the California legislature's intent that joint custody is in the best interest of the child and dismisses all evidence of abuse. Children are non-sentient beings in Judge Wells' courtroom, where blood has to be on the floor in order for any need for a child to be addressed. Due process and the rudimentary application of civil code procedure and family law for any hearing is simply ignored. The court requires that litigants and attorneys adhere to the law. Judge Wells has specialized in abusing the law for his own vindictive purposes and continues as the malicious weapon of mass destruction of the Riverside Superior Court. Judge Wells still works for the Riverside Superior Court as of today in which my case is being held at the same location.

## VI. STATEMENT OF THE CLAIM

44. On January 07, 2019, Mrs. Casillas filed a request for a Restraining Order on Defendant Ortiz. Due to Ortiz repeatedly following, maliciously harassing, and stalking outside Casillas residents on multiple occasions and showing up to residents unannounced. The temporary order was denied and denied at the hearing on January 22, 2019, at the Riverside Superior Court Larson Justice Center by Defendant Hester. Casillas stated on court record and on documents filed for hearing that was held on January 22, 2019, that she feared for her life and safety. It was stressed by Casillas that Defendant Ortiz made credible threats to kill and bury Casillas body in windmills. Casillas' main concern was the safety of her daughter because Defendant Ortiz threatened to harm the child by taking the minor child away from mother if she ever left the Coachella Valley.

45. On March 20, 2019, Defendant Ortiz had obsessively attempted to file a Civil Harassment Restraining Order on Mr. Casillas. Casillas was not properly served and deemed as defective service under Federal Rule 12(b). The restraining order was granted until April 05, 2019, from the Palm Springs Court by Defendant Reed case number PSC 1906710 that violates providing proper service.

46. On March 27, 2019, Defendant Kocis interviewed minor child at George Washington Elementary School in Palm Desert, CA. Minor child stated to Ms. Kocis under Drug and Alcohol: She described them as the following- "You drink a lot, you feel dizzy, go to bed and go to sleep, and that's when you need to take pills." Minor child stated to Kocis that father drinks all

the time and drives with her in the car. Minor child rated her safety on a scale 1-10 to be a one. when she is in her father's care, and she is scared whenever she must go with him because he drinks alcohol a lot. Defendant Kocis had also failed to mention in report referral number 0917-6731-5723-9038507 of how a minor child hates when her father drinks because he hits her, and she does not understand why he hits her, but it happened after he would drink beers. Kocis should be held accountable for not reporting this type of conduct as a mandated reporter for the Riverside County of Children's Division. Defendant Kocis violates her Code of Ethics as a social worker ethical responsibilities as a professional working for the County of Riverside.

47. On April 01, 2019, and on April 02, 2019, Casillas took the minor child to Desert Regional Medical Center and Eisenhower Hospital. Due to a minor child having complaints of extreme hip pain and superficial bruising of lower leg after coming back home from visitation with defendant Ortiz over the weekend. Minor child had an X-ray on Pelvis and prescribed ibuprofen for inflammation per Physician in the Emergency Room the day minor child was taken in to be accessed by medical professionals.

48. On April 22, 2019, Plaintiff utilized help from Safe Family Justice Center of Riverside County in Temecula, CA to file a request for a Restraining Order. Which was denied stating that Plaintiff has a long history at the Indio court. Tried to get TRO three months ago and it was denied, and this case is vague to details. As plaintiff did provide incidents of abuse, such as what happened, the dates, who did what to whom, or any injuries and history of abuse with pictures provided. Plaintiff also provided the hospital report when minor child was taken in due to extreme hip pain and superficial bruising. At the hearing on May 10, 2019, at the Riverside Superior Court Larson Justice Center in department 2E Defendant Hester denied the restraining order based on no legal grounds. Plaintiff provided the hospital report and pictures, but defendant Hester didn't acknowledge the proof Mrs. Casillas was providing during the hearing.

49. On April 30, 2019, Defendant Ortiz filed a Request for Order on Mr. Casillas to not be allowed to be at exchanges at the Palm Desert Police Department. Order was denied by Defendant Hester and Plaintiff is allowed to be at exchanges and just needs to remain in the car.

50. On May 19, 2019, Casillas took a minor child to hospital due to bruising on right forearm and a red swollen bump on forehead. After picking up the child from exchange at the Palm Desert Police Department. At the hospital the minor child disclosed to mother, "Mom I hate my life, I wish I wasn't alive, and this is the worst day ever." Doctors report clearly states trauma

CIVIL RIGHTS COMPLAINT - 17

was caused due to blunt force trauma to Minor child. Emergency Room Doctor had the child talk to a social worker where child let her know of father being verbally abusive and physically abusive where child is scared to disobey him or else, she is punished if she does not do what he says.

I.   Minor child could not stop crying of the pain that she has been put through that would escalate to being extremely serious after child spoke of suicidal words to Defendant and Social worker Wilson at Desert Regional Hospital in Palm Springs, CA. Defendant Wilson was clear when saying that she will be reporting this immediately. Defendant Wilson never filed a report even after knowing of the abuse but chose to ignore child's emotional distress for help and neglected to follow through with the main objective as a social worker by ignoring Ortiz misconduct. Defendant Wilson violates her Code of Ethics as a social worker ethical responsibilities as a professional working for the County of Riverside and Desert Regional Hospital.

II.   The reason Casillas knew that Defendant Wilson did nothing was because two days later Casillas called to verify a complaint was made by Defendant Wilson and found that no complaint was made, nor did Casillas hear from her or anyone concerning the abuse. All information and documentation of abuse was brought to the Riverside Superior Court attention by Plaintiffs filing pleading of serious concerns to child safety and physical well-being. Due to the court's order being major changes to the child and are not in the child's best interest. Causing stress and emotional depression to children from their disruption in the child's life routine.

51.   On June 02, 2019, Minor child disclosed on audio recording that defendant Ortiz has a gun and stated, "I knew he was going to get a gun and try to hurt you and that she thinks he keeps it in the storage." Minor child stated, "What if I was able to get into the storage and then he got the gun and picked it up and put it straight because I was looking for something?" Mother asked the minor child straight where? She then stated, "From back behind my head." Mother asked the minor child, "Do you think you "the man" is going to shoot you? Minor child stated, "Well yeah can't you see the flames in his eyes?" At this point minor child Meilani is clearly in substantial danger.

I.   Casillas had reached out to the only person who was truly trying to help. Casillas emailed officer Duhamel from the Temecula Police Department to ask for his help with inquiries

CIVIL RIGHTS COMPLAINT - 18

from previous police reports. That was done at the Palm Desert Police Department out of the ten reports only one was reported and that was by officer Duhamel case number T190990205/SW190990041. All information, documentation, and evidence of abuse was brought to the Riverside Superior Court attention.

II.   A filed pleading of serious concerns during hearing on May 10, 2019, where Defendant Hester stated on court record of how she does not see Defendant Ortiz drinking and driving or violent history of no serious concerns. The County of Riverside Superior Court however used not only Defendant Hester abuse of power but simple reverse psychology by aggressively telling Plaintiff Casillas, "How would you like it if you were not allowed to see your daughter and Mr. Ortiz takes her away from you?"

III.   Let's ask yourself how any mother would feel if you were physically violated now your only child is being violated, abused, in substantial danger and all because you had every single one of your civil rights violated. All would have been prevented if judge and Defendant Olsen granted Mrs. Casillas permanent restraining order in February of 2013. During the end of the hearing Defendant Hester was clear when stating on court record that Casillas can move anywhere, she wants as long as it does not affect fathers' visitations. This was brought up later when Mrs. Casillas was called a liar and then punished for moving due to obvious safety concerns.

52. On June 04, 2019, Casillas took minor child for a follow-up appointment for Asthma with Pediatrician Doctor Cobanov at the Torres Martinez Tribal Clinic in Thermal, CA. Minor child disclosed to Doctor Cobanov who she has been going to consistently since birth. Minor child spoke with the Doctor and said she doesn't want to go to fathers on the weekend, upset with the mother that the court makes her go with father. She does not call him "dad" calls him "the man" and the child stated to mother that she "hates her life and wishes she wasn't here" vital signs and weight are in normal range.

I.   Doctor Cobanov was very concerned for the child's well-being and documented how she shows to be going through emotional distress. Due to the major changes that are not in the child's best interest and caused a major disruption in the child's life routine, physical well-being, emotional depression from legal abuse, and emotional trauma due to physical abuse to the child. Defendant Ortiz is registered with Apache Tribe in Ajo Arizona that

was also brought to the court's attention. Tribe is affiliated with Torres-Martinez in Thermal, CA.

II.    After the minor child doctor appointment Casillas tried to obtain police reports from the Palm Desert Police Department. Due to the case being transferred over to the Palm Desert Police Department from the Temecula Police Department by officer Duhamel. Duhamel police report disclosers of Defendant Ortiz physically sexually assaulting, physical abused, and made credible threats to Mrs. Casillas life and take her child from her. Statements of threats being made, "If you ever said anything to anyone, I would bury your body under the windmills, and you will never see Meilani again." Minor child Meilani was also interviewed by officer Duhamel reporting that physical and psychological attacks had been made towards the child by Defendant Ortiz. Defendant Ortiz triggered deliberate harm recklessly causing bodily injury to Mrs. Casillas and his own daughter.

III.   Mrs. Casillas was denied having access to any reports or records that was under her file. Detective Diaz from the Palm Desert Police Department failed to disclose information regarding a report from officer Duhamel and fraudulently investigated the case by not taking it seriously by clearly siding with Defendant Ortiz. Mr. Casillas consults with Detective Diaz in the interrogation room about the investigation regarding Defendant Ortiz. As Diaz did not take into consideration that Mrs. Casillas suffered personal injury including emotional distress by Defendant Ortiz. Detective Diaz is in violation of the statutory or constitutional right of the result of the conduct that was described in the document report from officer Duhamel.

53.    On June 14, 2019, Minor child showing signs of traumatic abuse syndrome and infliction of emotional distress when mother told her that she must go to Defendant Ortiz house for a scheduled visit. Child was extremely upset, crying, and curled up in a ball screaming at mother on how she doesn't want to go to defendant Ortiz house. Minor child was showing clear signs of abuse by Defendant Ortiz and extremely detrimental to a child's wellbeing. Minor child has the right to be safe and free from abuse under 18 U.S.C. § 3283 - Offenses against children, California Family Code § 3044.

54.    On June 25, 2019, Defendant Jeanne Sierra-Leyva from San Bernardino County DPSS Children Services showed up to Casillas home to have an in-person interview. Casillas disclosed

CIVIL RIGHTS COMPLAINT - 20

to Defendant Sierra-Leyva of the abuse from Defendant Ortiz by showing her multiple photos of bruises on child, audio, and video recording of child stating how she was extremely afraid of father. Defendant Sierra-Leyva disclosed to Casillas that she was going to be moving forward with the evidence that was provided after she spoke to the minor child. Social workers reports ignore Defendant Ortiz misconduct, and all reports contradict each other, with not being consistent. Defendant Sierra-Leyva violates her Code of Ethics as a social worker ethical responsibility as a professional for the San Bernardino County.

55. On July 05, 2019, Minor child became extremely upset and stated on recording that judges are not going to do anything because Defendant Ortiz told her he is going to take her away from Mrs. Casillas. Minor child stated she will never see us again because she knows it will happen. Child knew she was going to be taken away from mother two months prior to Defendant Hester's order. All premeditated intentions by Judge and Defendant Hester improperly sided with Defendant Ortiz with the targeting of minor child Meilani Ortiz to be maliciously kidnapped away from mother/Plaintiff Mrs. Casillas.

56. On July 30, 2019, Plaintiffs took the minor child to San Bernardino County Child and Family Services Administration Office as requested by Defendant Sierra-Leyva. Mrs. Casillas stayed in the lobby area as Defendant Sierra-Leyva conducted an interview with a minor child with a one-way mirror. After conducting the interview Defendant Sierra-Leyva had Plaintiff speak to a representative from the District Attorney office.

I.   Defendant Hester had to use some sort of force by using Defendant Adams as a judicial weapon. Due to a few weeks prior of there being a Child Protective Services investigation in place by the San Bernardino County Children and Family Services CPS investigator and Defendant Sierra-Leyva. In which Defendant Sierra-Leyva had accumulated enough evidence to have Defendant Ortiz prosecuted by the San Bernardino District Attorney.

57. On August 14, 2019, Plaintiff and Defendant Ortiz had a hearing at the County of Riverside Superior Court, Larson Justice Center in department 2E family law division. Defendant Hester had stated on court record, "If there wasn't an open CPS investigation going on right now, I would've had your daughter taken away from you already." During hearing Defendant Hester had yelled at me in the courtroom like a bully on the bench to not ever call Child Protective Services again about Defendant Ortiz physically abusing minor child.

Defendant Hester interfered by threat, intimidation, or coercion with that Plaintiff Constitutional rights and those rights were so clearly established that a reasonable judge would have known their conduct was a violation of the law.

I.  Hester did not believe that there was an investigation going with CPS from the San Bernardino County Office. Mrs. Casillas informed Hester of the card that was given to her from the social worker. Defendant Hester had asked her bailiff to retrieve the card from Plaintiff. Hester had left her bench and had called social worker Sierra-Leyva during our hearing. When Hester returned, she stated on court record, "You are not allowed to report another CPS Investigation on behalf of Mr. Ortiz, is that understood?" Defendant Hester stated, "I will not let you two hurt this child anymore." First of all, as minor child mother, I've done nothing to hurt my child and just as any mother would do is to protect their child. Hester conspired, threatened, and used intimidation to take my child away in which she dishonored her duties then continues to conceal Respondent Ortiz misconduct and to intentionally obtain minor child from mother.

II. Therefore, interferes with commerce by intimidations or acts of violence in a way that jeopardizes my case by obstructing, delaying, and affecting my personal relationship with my child as her mother. By assigning Minor's Counsel and Defendant Adams to assist Defendant Ortiz to use legal force where false allegations could be made up for malicious purposes and authority for Defendant Hester to have her reason to terminate the bulk of my Parental Fundamental Rights.

58. Mrs. Casillas had only visited with Minor's Counsel and Defendant Adams one time at her office on September 13, 2019. Any other time Casillas has only received bills as to how much was owed. It is obviously clear as to why Defendant Ortiz is making payments as she had only asked him for fabrication against Mrs. Casillas that Adams can submit to the courts so Ortiz can obtain full/sole custody of our daughter. As stated by the Riverside Superior Court Defendant Ortiz has Temporary Full/Sole custody of our daughter so if my rights were taken from me.

I.  Why am I subject to pay this woman any sort of money when she not once asked for a declaration, pictures, evidence against Defendant Ortiz abusive behavior towards our daughter, sided with him to make it seem as if I neglected my daughter wellbeing. Most importantly made false and misleading reports to the courts so my daughter was taken

away from her mother? This is unlawful and just downright illegal in every which way possible.

II.   "Minor's Counsel is a neutral voice for the child, without compromising the child's rights, emotional wellbeing, or forcing the child to side with one parent or the other." My daughter disclosed very imperative information that day to Minor's Counsel when we had gone to her office on September 13, 2019. In the Minor's Counsel report, she had stated, "Meilani told me it was also good to be with her mom because her mom keeps me healthy and makes me go to school on time." "And protects me from my dad." "Last night I was going to get picked up, but my dad was drinking alcohol, so my mom didn't let him take me." "He hit me a couple of days ago and he flicked me. I told a cop and a lady."

III.   Defendant Ortiz is in violation of the California Penal Code § 273d(a) PC and Vehicle Code 23152(a) VC-Driving Under the Influence. The Palm Desert Police Department and Minor's Counsel is also a mandated reporter when it comes to child abuse, and they are in violation with Section 11166 of the California Penal Code. Minor Counsel is supposed to be the voice for my child especially the fact that the child disclosed that her father hits her, drinks alcohol, and flicks her does not seem to be of any concern to her as a Minor Counsel and had never brought it up in court of the abuse minor child spoke of in her office.

IV.   Minor child disclosed this to Adams, and she did nothing about it. As a Minor's Counsel she should be held accountable for her reckless actions and be charged with California Penal Code § 11166. Defendant Adams went to Defendant Ortiz home on September 13, 2019, the same evening after she had interviewed both mother and child from her office in La Quinta, CA. Our appointment was at 4:00 pm and from my understanding according to Adams reports she went to Ortiz home after she was off from work the same day.

59. On September 15, 2019, Defendant Ortiz texted Plaintiff via Talking Parents App at 7:36 am that minor child was in the ER due to vomiting and sugar were high. In Defendant Adam's report she stated that a minor child was in her office that same day the minor child was admitted to the ER at Eisenhower Medical Center in Rancho Mirage, CA. On September 15, 2019, I'd like to point out that day falls on a Sunday. Defendant Adams office hours are Monday- Friday 8am-

5pm. On the same report from Defendant Adams stated that she interviewed minor child and she complained of bad pain in her leg. Adams also stated in her report that, "Minor child also showed no fear of father and said she was happy being with him."

I.   How did Minors Counsel and Defendant Adams interview minor child on a Sunday in her office when the child was in the ER early that morning? On the same day minor child was flown in by helicopter and hospitalized at Loma Linda Children's Hospital. Minor child was having a difficult time in hospital after being admitted. Casillas noticed bruises on minor child legs and had called for the nurse. The minor child registered nurse said that she will document the bruises and will be contacting the hospital social worker.

II.   Defendant Ortiz showed up hours later after minor child was admitted to the hospital and was telling hospital staff that Mr. Casillas can't be in the room while being at the hospital. Mr. Casillas did not want any problems and stayed in the lobby until Defendant Ortiz had left the hospital. Plaintiffs did not leave the child bedside the entire time and mother stayed in the hospital bed with her daughter. Defendant Ortiz left only after a few hours of being at Loma Linda Children's Hospital and before leaving the hospital room Ortiz told the minor child that he had to go so he can take care of some paperwork.

60. On September 16, 2019, Plaintiffs were in the minor child hospital room talking with her and Defendant Ortiz showed up extremely upset that Mr. Casillas was in the minor child hospital room and tried to have him removed for no reason. The nursing staff had let Defendant Ortiz know that we all need to be present today in the minor child room when the nurse goes over diabetes care, and we have a class in a few hours. During the diabetes class Plaintiff received a call from Defendant Adams office stating that there's an Emergency Ex-Parte hearing tomorrow morning at 8:15 am in department 2E. Plaintiff told Defendant Adams secretary that she will not be making it as daughter was being hospitalized for type one diabetes.

I.   Moments later Plaintiff received via email from Defendant Adams secretary of the court documents for the Emergency Ex-Parte hearing. There was no signature by Judge and Defendant Hester that the hearing was even approved, and it was scheduled to be heard on September 17, 2019, at the Riverside Superior Court Larson Justice Center. Plaintiff did not give consent to electronic services.

61. On September 17, 2019, Mrs. Casillas left Loma Linda Children's Hospital to go to the Emergency Ex-Parte hearing at the Riverside Superior Court Larson Justice Center. In which is

CIVIL RIGHTS COMPLAINT - 24

seventy miles away from my daughter just after being diagnosis with type one diabetes and under crucial care in the children's hospital at Loma Linda. This case has been a completely devastating hardship to my seven-year-old and now ten-year-old child Meilani.

I. Due to Defendants Hester and Adams unlawful order. The Superior Court County of Riverside, Larson Justice Center did the worst thing you can do to a mother and that is to unlawfully take a child away from her mother and to be placed with her abusive father. In which Defendant Hester and Adams knew of minor child being hospitalized because in the being of our hearing Hester stated on court record, "I heard your daughter is in the hospital due to diabetes." That clearly violates The American Disabilities Act that is establish a clear and comprehensive prohibition of discrimination on the basis of disability.

II. Mrs. Casillas showed judge and Defendant Hester proof from Talking Parents App, but Hester didn't even acknowledge Casillas document that was held up during the hearing. Hester said, "For the fact that the last time you were both here there was an active CPS investigation with San Bernardino County against Mr. Ortiz was the only reason why I didn't give him custody then. I instructed you not to move out of the county with her and the only reason as to why I didn't grant father custody back then was because you all had an open CPS case, or he would've had custody of your daughter."

III. Mrs. Casillas stated, "Judge I gave dad notice by Certified mail that I was moving forty-five (45) days prior to being in compliance with state and federal law. Defendant Ortiz never picked up Certified mail and he opened it up during our hearing in front of you then read it out loud on court record. As you stated in the past court hearing on May 10, 2019, I can move anywhere I want as long as it does not interfere with the parenting time." Hester also stated, "Jason Casillas is not to see Meilani." Hester stated, "I'm awarding Mr. Ortiz Temporary Full/Sole legal of Meilani." Mrs. Casillas addressed to Hester and Defendant Ortiz that he doesn't even have any knowledge of what medications she takes, nor has he ever been to any of her doctor's appointments but what you are saying is he gets full/sole custody of our daughter and what grounds consist of that Jason's civil rights be violated without him being able to defend himself to not see his stepdaughter?

IV.  After the court had made this order, I had asked Hester, "When could get her back" and on record Hester exact statement with no shame or care was, "When I say so." I asked when that was? Hester stated again, in a very mean aggressive manner, "When I say so, court is adjourned!" Plaintiff was not given court orders by Judge and Defendant Hester groundlessly taking my child from me. Nor did Hester have the decency to look me in the eye as she knew that what she was making an order of the court was wrong. Clearly, violates Plaintiff civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation of the law. Mr. and Mrs. Casillas have more than enough required direct inadmissible character evidence that displays that Plaintiff can never have a fair and impartial trial due to discrimination from fraud upon the court.

V.  Plaintiff would like to make it known there has never been a case permanency plan in place nor mediation making this to be a Substantive Law violation. Why would anyone in their right mind force a child to stay away from her only family, friends, and above all her mother. The integrity and legal process has been an utter disrespect for our constitutional justice system. The child has been improperly influenced by not only the father and Defendant Ortiz but by Defendant Adams who has clearly sided with the father. When Minors Counsel supposed to be the neutral voice for the child and look out for the best interest of the child.

VI.  The amount specified in a court order which covers Defendants Adams, Hester, and Reed have traumatized more victims since the year of 2016. When Judge Dale Wells was removed from the family law department in room 2E at the Riverside Superior Court of California only to be assigned upstairs as criminal court judge. This supports the rights or establishment of the paternity of the minor child through procedures and in the establishment of a child custody.

VII.  Defendants Hester and Adams prohibited Mr. Casillas from having any contact with minor child which was unlawful orders of the court. So, right after the court hearing Defendant Ortiz called the hospital to have Mr. Casillas removed from my daughter's bedside. Security went to my daughter's room and told Mr. Casillas that he had to leave. Mrs. Casillas was later told by her husband that Meilani did not understand why he had to go and had asked him when was my mom going to get here? Mrs. Casillas was on her

CIVIL RIGHTS COMPLAINT - 26

way to the hospital from the Emergency Ex-Parte court hearing from the Riverside Superior Court Larson Justice Center that day.

VIII.   My daughter was very confused and cried while pulling on Mr. Casillas arm begging him not to leave her. How can one do that to a child when she's in the hospital bed not knowing what is going on? I'd like to ask if that was your child or grandchild would you want them to be going through this extreme hardship after being diagnosis with type one diabetes? There is not a day that goes by that I do not miss my child. I love her so much and I will not stop fighting for her to come home where she is not only safe from her abusive father but to be loved and cared for like every child should be.

62.   On September 18, 2019, Mrs. Casillas had to walk out of Loma Linda Children's Hospital knowing that my daughter was not coming home with my husband and I once she got better. I'd like to make it clear that my daughter was just diagnosed with type one diabetes and to walk out of her room at the hospital was by far the hardest thing I had to do. Knowing that in the back of my mind she's not only going to have to cope with this new diagnosis and to now live with her abusive father but as her mother I could not be there for her is by far the worst feeling a mother can endure.

I.   There have also been multiple times Defendant Ortiz had called security on Mrs. Casillas for no reason which had caused my daughter a great deal of unnecessary stress. When I was in my daughter's hospital room coloring a picture with her, then had asked her when was the last time she had a wipe down or a bath? She then disclosed to me the last time you wiped me down mom. I had then told Defendant Ortiz she needs to have a bath. It has been days since I last wiped her down. Ortiz immediately got upset and stated, "I can have you kicked out by security because I have full/sole custody of our daughter now!" In a very mean abrupt manner in front of his daughter.

II.   Defendant Ortiz has gone too far once he was granted full/sole legal custody of our daughter. Ortiz had even called security on Mr. Casillas to have him removed from the hospital when he was in the lobby area waiting for me while I visited with my daughter. Defendant Ortiz had even gone to an extreme by disclosing to the nursing staff how he was granted custody of our daughter and waived the court paper around like a confederate flag. This would all be documented on the video surveillance of the Loma

CIVIL RIGHTS COMPLAINT - 27

Linda University Children's Hospital at 11234 Anderson Street Loma Linda, CA 92354 and by my personal video camera during my visits.

III. After Ortiz unnecessary dramatic event and manipulation, the nursing staff began treating Plaintiff differently, whereas before I was allowed to go in my daughter room. Mrs. Casillas would be then abruptly stopped before entering and aggressively asked my name and what was my purpose of being here at the hospital. Mrs. Casillas even had a Social Worker stand in the doorway and watch her every move as I was spending time with my daughter on her hospital bed.

IV. Mrs. Casillas then had asked the reason of why the social worker was standing in the doorway? The Social Worker disclosed to plaintiff that to make sure that my daughter was okay with me being in her room. Defendant Ortiz then turned around and told the social worker that it was okay that he left and if she was to start any problems, I'll call security on her. The social worker then said okay Mr. Ortiz if you need anything else let me know and left the doorway.

63. On September 20, 2019, three days later Defendant Ortiz obsessively attempted to file for Civil Harassment Restraining Order on Mr. Casillas. TRO was signed by clerk Berumen. Defendant Ortiz falsified court documents by putting in a Clerk's Certificate stamp that was signed for a different date by clerk on October 18, 2019, from the Palm Springs Courthouse. All more misleading schemes by Defendant Ortiz, that shows his pattern of conduct. Serious concerns of being substantial signs of his true obsession towards his ex-girlfriend and Plaintiff Mrs. Casillas.

I. Where Mrs. Casillas had become aware of Defendant Ortiz delusional marriage after he had fraudulently filed a false marriage that Plaintiff had no idea of. For the intentions to force control over Mrs. Casillas as his possession. Thus, showing these behavioral acts by Defendant Ortiz to be mentally unstable and will do whatever it takes to get what he wants. Someone who goes to great lengths to take back what he feels is his possession. Again, Ortiz showing intentions to ruin our marriage and relationship.

II. From filing restraining orders and pulling deviously type moves with not letting plaintiff know of the hearing until it's too late. So, there would be no way for Mr. Casillas to show to court without knowing of the hearings. Defendant Ortiz is so obsessively possessive he has gone to the extreme lengths even using a fraudulent restraining order. That would be

against Mr. Casillas and minor child that would force the mother Mrs. Casillas to leave. Casillas has acquired Attorney Mr. Deller who notified us of this restraining order that has been put in place without our knowledge.

64. On October 17, 2019, Defendant Ortiz filed again for another Civil Harassment Restraining Order against Mr. Casillas. Order was granted and set for hearing to be heard on November 06, 2019, signed by Judge and Defendant Reed from the Palm Springs Courthouse. Defendant Ortiz conspired to cover up by altering documentation and evidence on court documents. Defendant Ortiz also attached a TRO from September 20, 2019, filed by a different clerk Knudson and order was granted for October 09, 2019.

65. On October 21, 2019, Minors Counsel and Defendant Adams filed Findings and Order After Hearing that mother's visits shall be supervised by professional monitor or in a therapeutic setting. Without having a hearing, the order was signed by Judge and Defendant Hester.

66. On October 24, 2019, Casillas attorney Robert Deller filed a Declaration of Respondent in Support Her Request for Order. In the declaration attorney Deller stated, "Ms. Adams met with Petitioner once, the Respondent once, and the Minor Child three times within a five-day period, September 10, 2019, through September 15, 2019, and concluded that father should have full legal and physical custody.

I. Ms. Adam's seemed to side with father without really knowing the background information or reading into the case. If Ms. Adams read all CPS reports she would have seen as recently as May of 2019, there were two workers at the Department of Social Services who believed father to be a threat to the Minor Child. Attorney Deller stated I do not believe that Ms. Adams did a thorough investigation of this case in its entirety. After five days of meeting all parties a handful of times and speaking telephonically with the San Bernardino Social Worker once.

67. On October 25, 2019, at 08:10 pm A process server was caught on surveillance camera flashing his light into Plaintiff's home when nobody was home. As Plaintiff's Casillas were out having dinner a notification alerted them on their phones. When Casillas arrived home from dinner neighbors said a man was banging and yelling for Jason to come outside for over twenty minutes and they were about to call the cops. Process server left a Restraining Order on the floor of the front door which was improper service.

68. On November 06, 2019, Defendant Ortiz Civil Harassment Restraining Order for Mr. Casillas was granted again by Judge and Defendant Reed and expires on November 05, 2021. The forged signature of Mr. Casillas proof of service stamped August 13, 2020. Clerk stamps signed on December 20, 2019, dates all over the place. Defendant Ortiz conspired to cover up by altering court documentation and evidence on court documents. Judge and Defendant Reed is assigned to the Riverside Superior Court of California Larson Justice Center and this order was signed from the Palm Springs Courthouse.

69. On November 19, 2019, Minors Counsel and Defendant Adams filed false allegations against Plaintiff's Casillas supplemental report with no clear convincing evidence only hearsay again by Defendant Ortiz.

70. On November 27, 2019, Casillas attorney Robert Deller wrote an email to minors counsel informing her that Defendant Ortiz is refusing Plaintiff to see child for visitation and that pursuant to her advice, he is not to make the child available for visitation if outside the Coachella Valley. Paralegal informed the minors counsel that she represents the child and if he requires legal counsel, he needs to seek his advice elsewhere and he will be deemed a violation of the court order.

71. On December 04, 2019, Mrs. Casillas and Defendant Ortiz had a hearing at the Riverside Superior Court Larson Justice Center at 8:15 a.m. in department 2E. On behalf of Plaintiff Casillas attorney Robert Deller asked Judge and Defendant Hester to set aside orders that were made on September 17, 2019. In this case, Minors Counsel requested emergency orders to be made within five-day time of meeting the parties and the minor child. After meeting all parties less than a handful of times, she decided that the minor child should be removed from the only home she has ever known and be placed with the father who is known to be physically and verbally abusive to her.

I. Minors Counsel and Defendant Adams consistently and inappropriately influences and coaches eight-year-old Meilani Ortiz. The Riverside Superior Court Larson Justice Center and the County's Minor's Counsel and Defendant Adams have improperly suspended and terminated the bulk of my Parental Fundamental Rights without my consent or ever having a proper investigation of all violations of Federal and State rules of evidence.

II.     Where there is NO evidence to show for such extreme judgments upon Plaintiff's. Where Minors Counsel and Defendant Adams who Defendant Ortiz calls his personal attorney, (proof provided) on court documents, did and does not have physical evidence or factual proof to provide the court with to back up his or her story. Plaintiffs' attorney Robert Deller Paralegal had emailed Defendant Adams that Mr. Ortiz needs to obtain his own legal counsel due to her siding with Defendant Ortiz's as his personal attorney.

III.    Minors Counsel and Defendant Adams did not read or investigate the case thoroughly and or maybe in its entirety. If Ms. Adams had, I do not believe she could have requested the minor child to be placed in the care of the father who has a history of abuse. I believe that the father and Ms. Adams used the court. Which is why Defendant and Judge Hester denying all orders and stated that mother is to have supervised visitation in the Coachella Valley only two hour per week. Attorney Robert Deller had asked Hester for the meeting to be halfway and the mother to have more time with the child. Hester denied attorney Deller request and stated on court record all orders to still stay in full force and effect. Defendant Hester violates Plaintiff civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation of the law.

72. On February 15, 2020, Mrs. Casillas had a recorded conversation with her daughter during a supervised visitation. Minor child disclosed to the mother that Defendant Ortiz tells her that mother is a liar and not to believe anything she says. Minor child disclosed to the mother that she wants to go home and does not understand why this is all happening. When the minor child had to be returned to Defendant Ortiz, she showed extreme fear of going back to father's care as she pulled on mother crying and begging mother not to let her go with father.

I.      This was in the presence of Supervised Monitor and Defendant Nordin. As this was clear signs of fear from the child showing emotional distress due to the court's power to have the child be subject to continuous trauma. Defendant Nordin had to pull the minor child away from mother and place the child in her car. Minor child was screaming and crying begging the mother not to go back to Defendant Ortiz showing clear signs of child abuse by Defendant Ortiz.

73. On February 28, 2020, Minors Counsel and Defendant Adams filed a declaration to the Riverside Superior Court Larson Justice Center that Defendant Ortiz may record video/audio

contact between mother and child and end contact if husband is present or all contact between mother and child shall be professionally supervised. Defendant Adams report was all hearsay again by Defendant Ortiz as there was no clear convincing evidence just false and fabricated lies.

74. On April 10, 2020, Defendant Ortiz refused Mrs. Casillas to see their daughter and told Defendant Nordin that he talked to Minors counsel, and she stated no visits. Defendant Ortiz conspired to cover up by altering documentation and evidence on court documents to the visitation monitor to make orders appear that Mrs. Casillas has no visitation rights. Defendant Ortiz text Defendant Nordin an order that was stamped by clerk on October 21, 2019, and certified copy stamp for February 24, 2020, dates all over the place and altered court documents.

75. On April 15, 2020, Minors Counsel and Defendant Adams filed an Emergency Ex-Parte hearing for Mrs. Casillas to have no contact with minor child except video chat up to two hours per week, scheduled twenty-four hours in advance, with father via talking parents. Judge and Defendant Reed denied all orders to remain in full force and effect. Reed signed on Mr. Casillas Restraining Order from the Palm Springs Courthouse and now on Mrs. Casillas order from the Larson Justice Center.

76. On May 16, 2020, Plaintiff's Casillas has an audio recording of Defendant Ortiz being extremely hostile toward minor child yelling at her, "Tell her tell your mom what your sugars been, tell her!" Defendant Ortiz also was shouting at Mrs. Casillas to "shut up" and threatened Mr. Casillas "To come to my house so I can fuck you up homeboy!" in the presence of the minor child. Defendants in this case shall be held accountable for their crimes and be prosecuted in a court of law for the disciplinary actions against Plaintiff's Casillas for the personal liability and intentional deliberate crimes committed by causing mother to jeopardize her case and life with her child.

77. On June 25, 2020, Plaintiff's Casillas attorney John Ibrahim filed a Request for Domestic Violence Restraining Order against Defendant Ortiz at The County of Riverside Superior Court Larson Justice Center in department 2E. Mr. Casillas was not allowed in the courtroom per request of Judge and Defendant Hester. Mrs. Casillas had explained to Hester that she was talking to her daughter on the phone and Defendant Ortiz was yelling at the minor child with a violent and aggressive tone to cause harm and fear of Ortiz.

I.    Defendant Ortiz demanded the mother to repeatedly shut up in front of the minor child and threatened Mr. Casillas. Attorney Ibrahim played the recording four times in the

courtroom per Judge and Defendant Hester request of Ortiz typical self of an aggressive gang member that disrespects mother with words like shut up repeated over and over with an attitude in the presence of the minor child Meilani Ortiz. The recording can be heard outside of courtroom due to Mr. Casillas waiting outside the courtroom.

II.   This was clear convincing evidence of Ortiz's normal behavior. Cursing threats to only intimidate others. This admissible recording of evidence of Defendant Ortiz aggression screams nothing but hatred towards Mr. Casillas as he was encouraging him to come to his home as he is threatening to physically "Fuck you up homeboy!" Again, Ortiz misconduct was all in front of the minor child while in a fast-food drive through.

III.   Plaintiff would like to point out the fact that my daughter is a diabetic and I have documented the consistent pattern of meals being from fast food restaurants. This only shows neglect towards the child's medical condition that he states in court of how she is on a strict diet. Defendant Ortiz behavior is only ignored, enabled, and covered up time and time again. Judge and Defendant Hester had asked Mrs. Casillas if she was in fear for her life from Defendant Ortiz.

IV.   Plaintiff Casillas answered to Hester, "Yes, I do fear for my life from Mr. Ortiz." Plaintiff's Casillas attorney had requested that Defendant Ortiz be on probation for his behavior for at least six months. Judge and Defendant Hester had disagreed with Attorney Ibrahim's request and denied the restraining order. Defendant Hester violates Plaintiff civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation of the law.

V.   These actions would only mean that the court will ignore all my evidence of proof and will never acknowledge the other father that wants to be in the child's life and or his rights to the being the stepfather to the minor child. Mr. Casillas qualifies as a parent to the child and is entitled to rights as stepfathers and or other parents.

VI.   With certain exceptions, the court must offer you services to help you reunify with your child or what you must do to get your child returned to your care. The Minors Counsel assigned to your case will come up with the reunification services, with your input. The judge will order you to complete all the reunification services. You should immediately begin participating in those services because you must complete all of the reunification services to get your child back and you have a limited amount of time to do it.

CIVIL RIGHTS COMPLAINT - 33

VII.    The court will have a hearing every six months. In my case, Plaintiff has not been provided by such documents as to how or what she needs to do to have her daughter returned to the mother's care. To then ignore Defendant Ortiz misconduct again unfairly burden by malicious prosecution to Plaintiff Casillas. Hester stated, "Ortiz is to help pay for the attorney fees of Five Hundred dollars which will be due by the end of this month." Casillas still has not received the payment from Defendant Ortiz and he was never held in contempt of court by the Riverside Superior Court Larson Justice Center.

VIII.    Plaintiff had also contacted Minors Counsel and Defendant Adams office to inform her of Defendant Ortiz misconduct in front of their child. Defendant Adams response, "Ortiz said he apologized to Meilani so I don't see what else you want me to do about it?" This is the normal behavior and pattern that Plaintiff gets from not only my child minors counsel but as the neutral voice for the child. Plaintiff doesn't see how this is in the best interest of the child to continue to be in the hands of her abusive father not only verbally but emotionally and physically.

78. On July 24, 2020, Mr. Casillas filed a Request for Civil Harassment Restraining Order against Defendant Ortiz at the San Bernardino Courthouse. The hearing was held with Judge Janet Frangie. Mrs. Casillas was told to wait outside of the courtroom per Judge Frangie request. Mr. Casillas addressed the judge on how Defendant Ortiz threatened him. The recording was played in the courtroom per request of Judge Frangie.

I.    The order was denied for the Request for Civil Harassment Restraining Order when there was clear convincing evidence of the same recording that was played on June 25, 2020, of Defendant Ortiz habitual loss of self-control from violence of emotional rage. Judge and Defendant Hester and Judge Frangie both went to Loyola Law School together as to why Plaintiff Casillas believes that Judge Frangie denied the Restraining Order. After the hearing Defendant Ortiz walked out of the courtroom and turned to Mrs. Casillas and laughed towards her as Ortiz walked by.

79. On July 25, 2020, Plaintiff's Casillas report child abuse on Defendant Ortiz and called in a request for the Fire Department to do a medical evaluation on minor child. Due to Mrs. Casillas seeing a bruise on a minor child's leg during a video chat later that evening. The officer from Palm Desert Police Department restricts child safety and had disclosed to mother that child had a bump on her lip, forehead, and bruise on child leg.

CIVIL RIGHTS COMPLAINT - 34

I.  When the mother had asked the officer how her daughter got those marks the officer stated, "She said she thinks it was from school when someone open the door on her." Defendant Ortiz neglected child injuries by denying the child to get medical attention from the Fire Department. Casillas has the recorded 911 call and officer's conversation.

80. On August 09, 2020, Defendant Ortiz was served at 2 pm on Sunday afternoon. On Tuesday August 11, 2020, Plaintiff's Casillas received USPS First-Class Mail date stamped on it was August 09, 2020. Defendant Lopez who is Defendant Ortiz girlfriend and mother of his son King Ortiz works for the Larson Justice Center in the Family Law Department. In which Defendant Lopez had accessed court records for Defendant Ortiz the same day he was served which falls on a Sunday.

81. On August 18, 2020, Defendant Adams filed an Emergency Ex-Parte hearing at The Riverside Superior Court, Larson Justice Center for immediate modification of video chats order at 9:28 am. On August 19, 2020, Mrs. Casillas emailed Defendant Adams bringing to her attention that this email would be used as legal documentation regarding retaliation actions by the GAL. As they have been abusive and reckless intimidations with no disregard for the standard of care for the minor child.

I.  The orders that were filed on August 19, 2020, were granted by Judge and Defendant Hester without ever having a hearing. Please take judicial notice that all of Minors Counsel and Defendant Adams filings that have been against Plaintiff's Casillas have been in bad practice and bad faith that infringes Casillas rights. An attorney who practices as an arm for the Riverside County Superior Court that is aware of her actions of knowingly being improper service by email without proper consent from Plaintiff, where every service has been through email making all orders unjust and violations of a fair due process.

II. It is also a fact that all these hearings against Plaintiff's Casillas have not even had one legal document that provides direct proof that would back up outrageous allegations where all orders have been made and based on hearsay allegations by Defendant Adams and Ortiz. Minor's Counsel and Defendant Adams does not or has ever let Mrs. Casillas and mother know of minor child's wellbeing.

82. On November 16, 2020, Mrs. Casillas had supervised visit with her daughter at her brother's house in Palm Desert and asked why my daughter had called the supervised monitor

and lied about a picture that was given to her. As documented from the Defendant Dahlman report it had stated that the minor child was very tense and had frozen completely as mother had asked the minor child about a picture that wasn't given to her. Defendant Ortiz had coached with intimidation for a minor child to lie to the supervised monitor.

83. On December 05, 2020, Mrs. Casillas had supervised visit with her daughter at the park in Palm Springs, CA and noticed bruises on minor child arm when she had stood up and a red mark on minor child back. Mrs. Casillas had asked her daughter what happened and her response as usual was, she did not know and had shown extreme fear as she looked down to the ground.

   I.   Mrs. Casillas was extremely concerned so pictures were taken of the markings on her daughter's body. Defendant Dahlman was aware of what Mrs. Casillas had stated because she was sitting right next to mother and child, but she also takes very detailed reports of all our visits with one another. Mrs. Casillas had asked Defendant Dahlman if she documented the bruises and marks on the minor child body.

   II.  Defendant Dahlman stated, "Yes, I documented it." As a Supervised Monitor she is a mandated reporter and she had failed to report this to CPS. Defendant Dahlman should be held accountable for her actions by not reporting child abuse. Supervised child monitors reports contradict each other and are not consistent from another supervised monitor to Defendant Dahlman.

84. On December 18, 2020, Minors Counsel and Defendant Adams filed an Emergency Ex-Parte to the Riverside Superior Court Larson Justice Center just one week away from Christmas. Without having a hearing Judge and Defendant Hester had no problem signing off on Defendant Adams unjustly hearsay allegations against Mrs. Casillas. Defendant Hester violates plaintiff's civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation of the law. Defendants conduct was intentional and showed extreme indifference to the rights of others.

   I.   Clearly, shows a pattern of similar occurrence by Minors Counsel and Defendant Adams who is purposely assigned by Riverside Superior Court Larson Justice Center Judges. To assist Defendant Ortiz, conspire and or plot to target their victim being minor child Meilani Ortiz. To acquire possession to then contain a scared child against her plead for mercy that would be ignored by the Riverside Superior Court.

CIVIL RIGHTS COMPLAINT - 36

II. Then to withhold a mother's only child from her only to only utilize the minor child to force mother to return to the Coachella Valley. The minor child was right when telling her mother that Defendant Ortiz and Hester were going to take her away from her home. Plaintiff's Casillas had already done their homework of Minors Counsel and Defendant Adams habitual pattern of false, misleading, and malicious allegations. That are and have been nothing more than lies and continuous trauma bombing to her victims predominantly mothers just as she did while working under Judge Dale Wells.

III. Conversations that minor child had with her mother would be recorded as necessity evidence that would NOT be leading questions by mother but only a child speaking from her own heart. Mrs. Casillas was never given an opportunity to respond to defend herself of the hearing that was held on August 14, 2019, when Hester stated that Mrs. Casillas is not to report CPS on father again.

IV. There was no hearing for the accusations against Mrs. Casillas due to the mother calling for a welfare check on the child as she was worried about her daughter and reporting to CPS of the child's bruises from visitation on December 05, 2020. Thus, being proof of violations against Defendant Sierra-Leyva and Wilson Social Workers' ethical responsibilities as professionals. To justify her discernment retaliated against Mrs. Casillas for reporting to CPS. Judge and Defendant Hester orders that, "Mother shall have no phone contact or other contact with child pending further order." The hearing was set for February 26, 2021, which is seventy-one days out and well beyond the twenty days on an emergency order.

V. Depriving Mrs. Casillas of California Family Court Civil Procedural Due Process Clause with no case plan initiated. When Mrs. Casillas was at Loma Linda Children's Hospital next to her daughter's bedside, Minors Counsel and Defendant Adams filed an emergency order, and from my understanding at that moment it was granted by Judge and Defendant Hester to be heard the following morning as stated by Adam's secretary. Mrs. Casillas is lost without words as any mother would on how Hester deliberately pushed the emergency order out to seventy-one days without any contact with their only child.

VI. This clearly screams nothing but retaliation discrimination against Plaintiff Casillas. Intentional targeted Mrs. Casillas by making her subject to the court's power of cruel and unusual punishment as Hester shall be held liable for her actions. Judge and Defendant

Hester, Defendant Adams, and Defendant Ortiz collaborated by withholding my child to maliciously deprive a mother from having any contact with her only child one week before Christmas as they should all be held accountable.

85. On February 24, 2021, Plaintiff Casillas filed an Emergency Ex-Parte as a new case to Riverside Courthouse for motion to disqualify Judges under 28 U.S.C. § 455(a)(b)(1) and to void decision California Civil Procedure § 473d lack of subject matter jurisdiction. Riverside Courthouse sent back an email stating this is not a new case. On February 25, 2021, Plaintiff had then filed a Civil Case at Riverside Courthouse and requested for entry of default or default of judgment. Riverside Courthouse emailed back stating that Plaintiff did not provide a proper cover sheet as Plaintiff very well did provide the correct cover sheet.

86. On March 04, 2021, Plaintiff Casillas filed an Emergency Ex-Parte to The Riverside Superior Court Larson Justice Center for motion to disqualify Judges under 28 U.S.C. § 455(a)(b)(1) and to void decision California Civil Procedure § 473d lack of subject matter jurisdiction. The Riverside Superior Court Larson Justice Center rejected the document's stating Plaintiff was missing a form in which Plaintiff did provide the form that they state was missing.

87. On March 16, 2021, Plaintiff Casillas had filed Challenge Per California Civil Procedure 170.6 and Affidavit to The Riverside Superior Court Larson Justice Center. Plaintiff then received a letter from Superior Court of California, County of Riverside that Affidavit for Disqualification of Judges is being returned unprocessed.

88. On March 25, 2021, Plaintiff Casillas wrote to Defendant Ortiz on Talking Parents App regarding child wellbeing and did not get a response from Father. Casillas had also emailed Minors Counsel and Defendant Adams regarding minor child wellbeing and where the child resides since mother has had no contact with the child since last order from Judge and Defendant Hester on December 18, 2020. Defendant Adams never returned email or phone call to Mrs. Casillas regarding minor child wellbeing and or where the child resides as mother has every legal right to know about her child. Minors Counsel and Defendant Adams and Ortiz clearly violates plaintiff and mother Fundamental Parental Rights. Plaintiff Casillas made several attempts with no response from Defendant Adams, or response from Defendant Ortiz.

I.    Under the California Rules of Court California Family Code § 3151 (2017) (a) The child's counsel appointed under this chapter is charged with the representation of the child's best interests. The role of the child's counsel is to gather evidence that bears on

the best interests of the child, and present that admissible evidence to the court in any manner appropriate for the counsel of a party. If the child so desires, the child's counsel shall present the child's wishes to the court.

II.   The counsel's duties, unless under the circumstances it is inappropriate to exercise the duty, include interviewing the child, reviewing the court files and all accessible relevant records available to both parties in which Minors Counsel and Defendant Adams failed to do. Adams has access to the child's medical, dental, mental health, and other health care records, school and educational records, and the right to interview school personnel, caretakers, health care providers, mental health professionals, and others who have assessed the child or provided care to the child.

III.   In which Adams did not review records or interview school personnel, health care records, and others who have assessed the child or provided care to the child of its entirety or she would have seen the most recent medical record of child speaking to Pediatrician Doctor Cobanov of suicidal thoughts and her concerns for the child. The release of this information to counsel shall not constitute a waiver of the confidentiality of the reports, files, and any disclosed communications. Counsel may interview mediators; however, the provisions of Sections 3177 and 3182 shall apply.

89. On July 23, 2021, Plaintiff emailed Manuel Perez Riverside Board of Supervisors.

90. On September 10, 2021, Plaintiff emailed Minors Counsel and Defendant Adams and Hester. The email was also Cc to Manuel Perez Riverside Board of Supervisors, Defendant Ortiz, Defendant Reed, and 28th District California State Senate Melissa Melendez secretary Glenn Miller.

91. On November 02, 2021, Plaintiff contacted the office of the Attorney General Rob Bonta in recent complaint that was sent to their office. Attorney General secretary informed Plaintiff that a letter was sent on October 26, 2021, and the complaint was forwarded to the Bureau of Children Justice. Plaintiff informed the secretary that she never received the letter and if it can be emailed instead. Per Plaintiff request secretary emailed letter.

92. On November 03, 2021, Defendant Ortiz filed a Request to Renew Restraining Order at the Riverside Superior Court, Larson Justice Center. The order was forwarded and assigned to department PS4 at the Palm Springs Courthouse. Keep in mind Plaintiff has no idea what is going on with any of their cases currently and only finding out information according to the

CIVIL RIGHTS COMPLAINT - 39

records as of November 06, 2021, from the Riverside Superior Court website online for Mr. Casillas case. As for Mrs. Casillas she has no knowledge of what is going on with her case due to it being confidential and not being able to access her case. Under the Riverside Superior Court Larson Justice Center, it states that Judge Kristi Hester husband Judge Arthur Hester disposition to Renew Restraining order and it was vacated on November 24, 2021, in department PS4 at 1:30 pm.

93. On November 06, 2021, Plaintiff's had checked on Riverside County Court website on Civil Harassment Restraining Order as it had expired on November 05, 2021. Plaintiff was unaware of the multiple times that Defendant Ortiz had filed against Mr. Casillas. On the report it states on August 19, 2021, Request to renew restraining order filed by Defendant Ortiz and case was assigned to department 2E at the Riverside Superior Court Larson Justice Center. On September 01, 2021, Defendant Ortiz stated that Mr. Casillas was served and had provided a proof of service to the Larson Justice Center. Mr. Casillas was never served or had any knowledge that Defendant Ortiz submitted documents to the Riverside Superior Court Larson Justice Center. On September 02, 2021, proceedings were held by Judge and Defendant Kristi Hester and the request to renew the restraining order was denied.

94. On November 19, 2021, Plaintiff emailed Judge and Defendant Arthur Hester a Cease-and-Desist Letter. The email was also Cc to Detective Matthew Diaz from the Riverside County Sheriff Department, Law Office of Adams and Clark, Minors Counsel and Defendant Adams, District Four Riv. Co Manuel Perez Riverside Board of Supervisors, and the Civil Department of the United States Department of Justice.

95. On January 12, 2022, Court on its own motion Defendant and Honorable Arthur Hester recuses himself from hearing matters in the case pursuant to CCP 170.1/170.3 case reassigned to Honorable Judge in Department PS2 for all purposes.

96. On January 21, 2022, Hearing to renew restraining order in department PS2 at the Palm Springs Courthouse Honorable Randolph Rogers, Judge makes the following order(s): Request to Renew Restraining Order is granted and expires January 21, 2027, Formal order signed in court.

    I.    Please explain to me how Judge Randolph Rogers signed off on restraining order at the Riverside Superior Court, Palm Springs Courthouse when he left office and retired on January 03, 2021, from Los Angeles County Superior Court, Michael Antonovich

Antelope Valley Courthouse that is located in Lancaster, CA. In which is one hundred and twenty-eight miles from Courthouse to Courthouse besides that it being in two different counties he left office a year before this restraining order was signed.

II. Judge Manuel Bustamante Jr. also stated that he was in court the day of the hearing that was held on January 21, 2022, in department PS4 at the Palm Springs Courthouse. Judge Bustamante was appointed by Governor Gavin Newsom to serve as Judge in The Riverside County Superior Court as of March 25, 2022. Please make this make sense as to why Judges that are retired from another county signed off on a Restraining Order and a Judge that was appointed to serve as a Judge a few months later was in the courtroom the day of the hearing?

## VII. Claims

### First Cause of Action Claim # 1

### Civil Rights Equal Protection, Privileges, and Substantive Due Process Clause 42 U.S.C. §1985, Fifth and Fourteenth Amendment.

### Article I, § 7, California Constitution

97. Plaintiff realleges paragraphs 44 through 45.

98. By doing the acts described above in Paragraph 44, Mrs. Casillas files Restraining Order that was denied by Judge and Defendant Hester. Defendant caused and/or permitted the violation under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1985(3), and 42 U.S.C. § 1983. Prohibits congress from obstructing justice and makes a clear requirement that all trial is equally protected by fair due process of law. That affected plaintiffs' civil liberties within the meaning under the privileges clause of the Fifth and Fourteenth Amendments of the United States Constitution.

(a) Deprivation of civil liberty under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the remedy against state actors who have failed to prevent conspiracy. Shall be held accountable under 18 U.S.C. § 242 – Deprivation of rights under color of law.

(b) Therefore, unfair injuries begin. The deprivation of rights under color of law who permitted and enabled Defendant Ortiz to violate California Penal Code § 646.9 PC

CIVIL RIGHTS COMPLAINT - 41

California's stalking law clearly states the requirements making it illegal to follow, or harass, and threaten one's life that qualifies as a statutory felony. It is established under the United States Constitution Fourteenth Amendment equal protection of laws by Defendant Hester who ignored Federal Rules of Evidence 407. Where if subsequent remedial measures would have been taken earlier that would have made an injury earlier or harm less likely against discrimination liberty protections *Roberts v. United States Jaycees, 468 U.S. 609 (1984)* First and Fourteenth Amendments.

(c) Judge and Defendant Hester being Deputy District Attorney from the year of 2005 and 2018 was clearly aware of Ortiz past history with Mrs. Casillas. Due to Ortiz being arrested on January 01, 2014. Defendant Ortiz was arrested for Domestic Battery PC 243(E)(1) and Vandalism PC 594(a). Judge and Defendant Hester did not investigate their case of its entirety due to the last hearing that was held at the Riverside Superior Court. Therefore, clearly violates Mrs. Casillas right to be protected from Mr. Ortiz under California Family Code § 3044, California Family Code § 6320.

(d) Thus, being a statute where credible threats would put the Plaintiff /victim in great danger causing extreme unnecessary hardships, being, stress, anxiety due to the fear for their life, safety, and would be in fear of death. There is no excuse for Defendant's actions causing a mother and child to be victimized and strongly constitutes the right to file civil litigations in Tort law for violations of protected statutory encroachment. Where laws that authorize what would otherwise be a Reckless Disregard Tort, Common Law Tort of Deceit, Reckless Misconduct Tort where plaintiff, and her daughter have the right to be justified under 18 U.S.C. § 3771 – Crime victim's rights and 28 U.S.C. § 453 – Oath of justices and judges. The above civil right was violated by Defendant Hester, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

99. By doing the acts described above in Paragraph 45, Defendant Ortiz files for a Restraining Order on Mr. Casillas and order was granted. Defendant caused and/or permitted the violation described above constitutes: A pattern or practice of resistance to the full enjoyment of rights granted and protected under the Equal Protection Clause of the Fourteenth Amendment and California Family Code § 3011 (1)(2)(3). Where any child that has had a caretaking relationship with other parent, stepfather parent cohabiting as peaceful family registered

CIVIL RIGHTS COMPLAINT - 42

domestic partners shall have the same rights, protections, and benefits who have the same responsibilities duties under the law of statue under California Family Code § 297-297.5(a). Plaintiff has shown multiple times substantial evidence concerning child protection for being in danger. However, Harassment Restraining Order against Mr. Casillas would be granted with no justification or grounds for granting restraining order to be valid by the Riverside Superior Court in Palm Springs signed by Defendant Reed under Case number PSC 1906710.

(a) Mr. Casillas was never informed of the inaccurate accusations and nature of cause making matters void and set aside in general for violating Sixth Amendment right to receive adequate notice and right of access to court hearing. Lack of knowledge of restraining order would be intent for entrapment towards Plaintiff. Habitual patterns of unlawful civil wrongs by the Riverside Superior Court would violate constitutional principalities as government employees that fall under color of law. Due to the Defendant being a minority race the court caused Plaintiffs to be subjected to the courts traumatizing intimidation and legal abuse.

(b) That will continue to punish Plaintiffs until conversion to cause serious and substantial interference with the destruction of chattel. Thus, shall be held liable for violations of Procedural Torts, Malicious Prosecution Tort, and Conversion Tort. After improper service under statute 28 U.S.C. § 1608(B)(I). California Family Code § 3031(a)(1)(2)(c) where the court is encouraged not to make a custody visitation order that is inconsistent with restraining order or protective orders unless the court findings: The custody or visitation order cannot be made in consistent with the emergency protective order, protective order, or restraining order. The custody or visitation order is in the best interest of the minor. Whenever custody or visitation is granted to a parent in case in which domestic violence is alleged and an emergency protective order has been issued.

(c) Defendants caused unfair injuries and acts of consistent trauma bombing with intentional efforts to disrupt Plaintiffs' marriage. To obtain control over Mrs. Casillas as his own possession. That caused both Plaintiffs' extreme unnecessary hardships, being, stress, anxiety, along with financial hardships towards Plaintiffs' marriage during the entire time of all events that had occurred. Violation of 18 U.S.C. § 371 - Conspiracy to commit offense or to defraud the United States, by concealing and altering court records and 18 U.S.C. § 241 Conspiracy against rights, 18 U.S.C. § 242, 28 U.S.C. § 144, 28 U.S.C. §

453. Failure to properly serve violates Sixth Amendment and Federal Rules of Civil Procedure 12 (b)(5) making the Civil Harassment Restraining Order null and void. Defendants caused and/or permitted the violation being a Defamation of Character Tort, Malicious Prosecution Tort, Procedural Torts. Conversion Torts. The above civil right was violated by Defendant Reed, Ortiz, and County of Riverside. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Second Cause of Action Claim # 2

## The Federal Child Abuse Prevention and Treatment Act (CAPTA) (42 U.S.C.A. § 5106g)

100. Plaintiff realleges paragraphs 46 through 47.

101. By doing the acts described above in Paragraph 46, Defendant Kocis of the Riverside County Child Protective Services interviews minor child at elementary school. Defendant caused and/or permitted the violation described above constitutes Defendant County of Riverside Department of Public Social Services (DPSS) Children's Services Division; Kocis under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. That caused and/or permitted the violation of the Equal Protection Clause of the Fourteenth Amendment, California Penal Code § 278 PC, the Eighth Amendment the duty to protect under public policy failed where the assumption of risk would be to the child. This would be the type of injuries within the scope of risk to the minor child and would be foreseen to continue. That reasonable standard of care after evaluating the factors being contributed conduct as well as the previous conduct. It would be reasonable to believe any person in their right mind would intervene by enforcing protection from the abuser being cruel and usual punishment. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(a) Makes the social worker a contributor by association due to ignoring Ortiz misconduct and where evidence that social workers reports contradict each other and are not consistent. Violation of minor child that was documented on Defendant Kocis where failing to report child abuse that is required under 18 U.S.C. § 3283 - Offenses against children - No statute of limitations that would otherwise preclude prosecution for an

CIVIL RIGHTS COMPLAINT - 44

offense involving the sexual or physical abuse, or kidnaping, of a child under the age of eighteen years old. California Penal Code § 11165.9 neglects to report suspected child abuse and welfare. Defendant Kocis violates her Code of Ethics as a social worker ethical responsibilities as a professional working for the County of Riverside. *In pari delicto.*

(b) Due to indications of such offenses to harm, threaten to harm along with factual statements made by the victim being the minor child. Shall be reported by mandated reporter under California Penal Code § 11165.7 (a)(15), 34 U.S.C. § 20341(a)(1)(b)(3)(c)(1)(2)(3) - Child abuse reporting, 42 U.S.C. § 1983 Civil Rights of Children. *Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008)* social workers are not entitled to absolute immunity for investigations. California Government Code § 820.21(a)(b) malice conduct that is intended by a social worker caused injury to a minor child. By despicable conduct that is served by the person described under 10 U.S.C. § 919b (1)(2) - Art. 119b - Child endangerment, 36 CFR § 4.23 (a)(1) - Operating under the influence of alcohol or drugs.

(c) Defendant caused and/or permitted the violation of Strict and Absolute Liability Tort, Intentional Negligence Tort, Intentional Infliction of Emotional Tort, Common Law Tort of Deceit, and Duty to Care Tort. County of Riverside Department of Public Social Services (DPSS) Children's Services Division, Kocis caused unjust injuries under the meaning and definition of Article 2.5. Child Abuse and Neglect Reporting Act § 11166.05, Article 2.5. Child Abuse and Neglect Reporting Act § 11164 (a)(b), Article 2.5. Child Abuse and Neglect Reporting Act § 11165.3, Penal Code § 11166(c); Penal Code § 11166.01, Penal Code § 11165.9, 28 U.S.C. § 1367(a), 18 U.S.C. § 3509(a)(1)(2)(A)(3)(4)(5)(11)(12) Article III Rule 20, United States Constitutional Civil Rights Eighth and Fourteenth Amendments. The above civil right was violated by Defendant Kocis, Ortiz, and County of Riverside. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

102. By doing the acts described above in Paragraph 47, Defendant caused and/or permitted the violation of a minor child under 18 U.S.C. § 3283 – Offense against children. Violations guaranteed by State Statute California under the definition and meaning under 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(11)(12) - Child victims' and child witnesses' rights, 34 U.S.C. § 20341 (a)(c)(1)(2)(3)(7)(8) - Caused intentional physical blunt force trauma to minor child. Knowledge

of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(a) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other. Causing Infliction of Emotional Distress Tort, Assault, and Battery Tort. The above civil right was violated by Defendant Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983. Equal Protection, Privileges, Rights, Immunity Clause 42 U.S.C § 1985 and 1986.

### Third Cause of Action Claim #3

103. Plaintiff realleges paragraphs 48 through 49.

104. By doing the acts described above in Paragraph 48, Defendant caused and/or permitted the violation under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution. That deprived the rights within the meaning of 42 U.S.C. § 1985, 11 U.S.C. § 1109 - Right to be heard, 29 U.S.C. § 1109 - Where defendant shall be held liable for breach of fiduciary duty, and California Family Code § 6203. Directly violates California Family Code § 3027.5(a)(1)(2) without authority or jurisdiction with not following the State and Federal statutory law being constitutional due process. That prohibits congress from obstructing individuals' privileges and freedom of association guarantees immunity to civil liberty parenting right to be protection and or shall not be infringed upon.

I. When a government official acting under the color of law loses absolute immunity against suit when he or she intentionally breaches their oath and obligated duty to meet major requirements. Where a Judge covers up and ignores Defendant Ortiz misconduct by ignoring Plaintiff direct evidence towards them defending self against inaccurate accusations. That were all based on hearsay while not being at unknown hearings and losing fundamental parental rights. Without a meaningful hearing or even an opportunity to be heard in court and or to be disciplined by the court.

II. Judicial discretion was made with not having a reasonable cause or having produced any required evidence as proof beyond reasonable doubt. Where the judge did not act reasonably and not having reasonable cause for discretion. That being discrimination misconduct where shunting caused injuries to minor child and family. Justified by

credible threats by a judicial officer making her subject to suit for unlawful malicious prosecution that the plaintiffs did not consent to prejudice unfair injuries that involved excessive force.

(a) Judge and Defendant Hester caused violence by failing to obtain justice with Equal Protection Clause of the Fourteenth Amendment that escalated to a reckless Intentional Negligence Tort. This has caused extreme hardships to not only the family but to the minor child. Intentional emotional trauma and battery causing serious bodily injury. That injured minor child and the loss of property being chattel or minor child of the Plaintiff. This is all good reason for grounds of California Gov. Code § 810.8 California Tort Claims Act. Where damages Plaintiff due to the suffering of the minor child. Causing Infliction of Emotional Distress Tort, Common Law Tort of Deceit, Assault, and Battery Tort. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020, 18 § U.S.C. 3509(a)(1)(2)(A)(3)(4)(5)(11)(12).

(b) Therefore, provisions and statue enactments for the breach of Judges' code of conduct. That would be defined in California Gov. Code § 810.2 by employee including judicial officer as defined in California Gov. Code § 810(b). Statute meaning by Federal or by State of California that violated Uniform Child Custody Jurisdiction Act and the Uniform Civil Liberty for Support Act. Civil Rights of children described in 42 U.S.C. § 1983 where Defendant Hester who uses her official position to restrict a person's safety 42 U.S.C. § 1986. Judge and Defendant Hester clearly violates Plaintiff's Sixth Amendment, 18 U.S.C. § 242, 42 U.S.C. § 9858o(a) – Parental rights and responsibilities, 28 U.S.C. § 144 – Bias or prejudice of judge, 28 U.S.C. § 453 - Oaths of justices and judges, 18 U.S.C. § 3283 – Offenses against children – No statute of limitation being physical abuse, under eighteen years of age, 18 U.S.C. § 3771 – Crime victim's rights – right to be reasonably protected by the accused, 42 U.S.C § 1985 and 42 U.S.C. § 1986. The above civil right was violated by Defendant Hester and County of Riverside. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

105.  By doing the acts described above in Paragraph 49, Defendant Ortiz filed a Request for Order to prevent Mr. Casillas from going to child exchange and Mrs. Casillas not being allowed to leave the Coachella Valley. Defendant caused and/or permitted the violation of Federal Rule

of Evidence 401 nothing was provided to show cause for orders that violate one's civil rights, 31 U.S.C. § 3729 (a)(1)(B)(C)(G) - False claims act, Fraud or Deceit Tort.

(a) Therefore, the United States institutes prosecution of all violations of laws under 42 U.S.C. § 1987 and 42 U.S.C. § 1988(a). *Begier v. Strom 46 Cal. app 4th 880 (1996),* 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by Defendant Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Fourth Cause of Action Claim # 4

106. Plaintiff realleges paragraphs 50 through 53.

107. By doing the acts described above in Paragraph 50, Defendant caused and/or permitted the violation of blunt force trauma to forehead and minor child speaking to mother, Hospital Social Worker, and Defendant Wilson of suicidal words. Defendant Wilson chose to ignore a minor child's emotional distress for help by never filing a report even after knowing of the abuse that would continue to cause harm to the minor child. Social workers neglected to follow through with legal requirements and the main objective of social worker. Defendant Wilson acting under color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. That caused and/or permitted the violation of the Equal Protection Clause of the Fourteenth Amendment, California Penal Code § 278 PC, the Eighth Amendment the duty to protect under public policy failed where the assumption of risk would be to the child. This would be the type of injuries within the scope of risk to the minor child and would be foreseen to continue. That reasonable standard of care after evaluating the factors being contributed conduct as well as the previous conduct. It would be reasonable to believe any person in their right mind would intervene by enforcing protection from the abuser being cruel and usual punishment. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(a) Makes the social worker a contributor by association due to ignoring Ortiz misconduct and where evidence that social workers reports contradict each other and are not consistent. *In pari delicto.* Violation of minor child that was documented on Defendant Wilson being working under the hospital as a social worker. Where failing to report child abuse that is required under 18 U.S.C. § 3283 - Offenses against children - No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of eighteen years old. California Penal Code § 11165.9 neglects to report suspected child abuse and welfare. Defendant Wilson violates her Code of Ethics as a social worker ethical responsibilities as a professional working for the County of Riverside.

(b) Due to indications of such offenses to harm, threaten to harm along with factual statements made by the victim being the minor child. Shall be reported by mandated reporter under California Penal Code § 11165.7 (a)(15), 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(11)(12), 34 U.S.C. § 20341(a)(1)(b)(3)(c)(1)(2)(3) - Child abuse reporting, 42 U.S.C. § 1983 Civil Rights of Children. *Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008)* social workers are not entitled to absolute immunity for investigations. California Government Code § 820.21(a)(b) malice conduct that is intended by a social worker caused injury to a minor child.

(c) Defendant caused and/or permitted the violation of Strict and Absolute Liability Tort, Intentional Negligence Tort, Intentional Infliction of Emotional Tort, Common Law Tort of Deceit, and Duty to Care Tort. Defendant Wilson caused Legal Abuse Syndrome (LAS) due to emotional trauma to the physical abuse to the minor child's safety and wellbeing. County of Riverside Department of Public Social Services (DPSS) Children's Services Division; Wilson caused unjust injuries under the meaning and definition of Article 2.5. Child Abuse and Neglect Reporting Act § 11166.05, Article 2.5. Child Abuse and Neglect Reporting Act § 11164 (a)(b), Article 2.5. Child Abuse and Neglect Reporting Act § 11165.3, Penal Code § 11166(c); Penal Code § 11166.01, Penal Code § 11165.9, 28 U.S.C. § 1367(a), Article III Rule 20, United States Constitutional Civil Rights Eighth and Fourteenth Amendments.

(d) The malicious conduct by Defendant Ortiz where child services from Defendant Wilson abandoned an emergency to act. It is necessary to protect a child at risk of abuse

especially as a social worker that works for a hospital. It is critical to protect a minor child from abuse by a trusted person. Whose duty is to ensure the protection of children's civil rights that puts a child's safety and physical wellbeing at a life-threatening risk or even death. Causing emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. The above civil right was violated by Defendant Wilson, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

108. By doing the acts described above in Paragraph 51, Defendant caused and/or permitted the violation of Common Law Tort of Deceit. The United States institutes prosecution of all violations of laws under 42 U.S.C. § 1987. Plaintiff's Casillas have the right to be free from corruption and due to the court's corrupt actions depriving Plaintiff of any constitutional protection of rights. Defined under the Civil Rights Act of the Fourteenth Amendment.

(a) Where Statutory rights were violated meaning the State of California or Federal Statute California Gov. Code § 811.8. Defendant Ortiz caused Intentional Infliction of Emotional distress by causing physical abuse who gets great gratification from causing harm and toucher to both mother and daughter. Malicious parent syndrome caused neglecting minor child, hardships to minor child's mental health, severe intimidation, or coercion, and emotional trauma.

(b) Defendant Ortiz dangerous to human life and protected from violations of Federal and State Law. Casillas family lives in fear that it would be too late, and things have escalated to go on too far for taking one of our lives. Casillas ask all parties involved to be accountable for their crimes and punished in a United States Court of Law. Due to Casillas going through Legal Abuse Syndrome (LAS), anxiety and severe depression to minor child, loss of enjoyment of life and/or knowingly violations where Defendant has never been held accountable or liable for his actions. Where malicious crimes and a pattern of abuse continue where credible threats are made against Plaintiffs' and minor child lives. Intentionally targeting a child and plotting to harm Plaintiff's. Resulting in causing immediate danger to a minor child with a firearm.

(c) Therefore, by damaging a minor child by acts of violence causing trauma and injury to mother for the abuse they had undergone by Defendant Ortiz. Whom has a history of

terrorist threats, domestic battery, reckless driving, vandalism, and unknown number of concealed crimes committed by a compulsive liar with a physiological mental disorder with a violent history. Violations protected by statute 18 U.S.C. § 232, 49 U.S.C. § 46507(1)(B) – False information and threats, 10 U.S.C.§ 919b (1)(2) - Art. 119b - Child endangerment. The above civil right was violated by Defendant Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(a).

109. By doing the acts described above in Paragraph 52, The Palm Desert Police Department of Riverside County, the Riverside County DPSS/Child Protective Services, and Riverside Superior Courthouse have continued to purposely and inappropriately falsify documentation of the crimes that have been caused to Plaintiffs and minor child. At this time, Casillas is currently being deprived to obtain any reports or documentation which would be unlawfully violating my rights under the Right to Know Act. Which gives the public the right to see certain records relating to police misconduct and serious uses of force. Plaintiff requested records numerous time in person and by filing through the Riverside County database. Both incidents plaintiff was denied records under the Public Records Act – a law that gives the public the right to see the non-confidential documents of our state and local government agencies. The misconduct has delayed and deprived plaintiffs of a fair trial at the Riverside Superior Courthouse. The Palm Desert Police Department, Child Protective Services, Palm Springs, and Larson Justice Center have failed to provide disclosed information regarding any investigations, reports, or records regarding my case. The integrity of these departments has been compromised as they fail to serve and protect the real victims being Plaintiffs Casillas and minor child.

(a) Therefore, the intentional and unlawful misled information that violates Federal and Common Law Torts. *Begier v. Strom 46 Cal. app 4th 880 (1996).* Under 28 U.S.C. §1357 injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by the County of Riverside. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

110. By doing the acts described above in Paragraph 53, Plaintiffs have a video recording of minor child crying because she doesn't want to go with Defendant Ortiz for a scheduled

visitation ordered by Judge and Defendant Hester. Defendant caused and/or permitted the violation of when a person aware of facts might reasonably entertain doubt that the judge would be impartial makes the disqualification standard fundamentally an objective one. It represents a legislative judgment that due to the sensitivity of the question and inherent difficulties of proof as well as the importance of public confidence in the judicial system. The issue is not limited to the existence of an actual bias. Rather, if any reasonable man or woman would entertain doubts concerning the judge's impartiality, disqualification is mandated. To ensure that the proceedings appear to the public to be impartial and hence worthy of their confidence the situation must be viewed through the eyes of the objective person. The reason for the objective standard of proof is the difficulty in showing that a judge is bias unless the judge so admits.

I.   In addition, public perceptions of justice are not furthered when a judge who is reasonably thought to be bias in a matter hears the case. Due to Defendant Hester stating on court record on May 10, 2019, that mother is withholding the minor child from Defendant Ortiz. Mrs. Casillas informed Hester that child is in fear of Defendant Ortiz due to the abuse he has caused to their daughter. Hester response, "Maybe because father is not getting enough time with your daughter and Mother is alienating father from child." Plaintiff emphasizes that Defendant Ortiz is a dangerous person and who is committed to attacking Mrs. Casillas to the point of no return. *Catchpole v. Brannon (1995), 1st Dist.) 36 Cal App 4th 287, 42 Cal Rprt 2d 440.* No reasonable person could think that a Commissioner, Judge, or anyone working under them could possibly conduct themselves in a fair and impartial manner considering they are facing discipline from the commission on judicial performance.

II.   The Department of Justice and scrutiny from his counterparts as the Plaintiff has publicly exposed the judicial misconduct and fraud upon the court. In this case to the point, Defendant Hester ignored the laws in relation to the Domestic Violence Prevention Act, Piqui's Resolution HR113, United States Concurrent Resolution and the California Family Code § 3044.

(a)   Judge and Defendant Hester and Riverside Superior Court caused and shall be held accountable for reckless actions motivated by evil intent where government officials protect a man with a history who has sexually assaulted, blackmailed, physically assaulted, and tortured Plaintiff and minor child being his own daughter. Defendant

caused verbal abuse, mental abuse, and physical abuse where the child is scared to disobey him or else, minor child will be punished and disciplined in a form of child abuse if she does not do what he says. *Begier v. Strom 46 Cal. app 4th 880 (1996),* 28 U.S.C. § 1357 injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(b) Remedy constitutes torts for protected rights under 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(12). Defendant caused and/or permitted the violation of a minor child under 18 U.S.C. § 3283 – Offense against children. Violations guaranteed by State Statute California under the definition and meaning under 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(11)(12) - Child victims' and child witnesses' rights, 34 U.S.C. § 20341 (a)(c)(1)(2)(3)(7)(8) - Caused intentional physical trauma to minor child. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(c) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other, emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. Causing Infliction of Emotional Distress Tort, Common Law Tort of Deceit, Assault, and Battery Tort. Equal Protection, Privileges, Rights, Immunity Clause 42 U.S.C § 1985 and 1986. The above civil right was violated by Defendant Ortiz, County of Riverside, and Hester. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Fifth Cause of Action Claim # 5

111. Plaintiff realleges paragraphs 54 through 57.

112. By doing the acts described above in Paragraph 54, Defendant Sierra-Leyva of San Bernardino Department of Public Social Services (DPSS)/Child Protective Services (CPS) Social workers neglected to follow through with legal requirements and the main objective of social worker. Defendant Sierra-Leyva acting under color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning

CIVIL RIGHTS COMPLAINT - 53

of 42 U.S.C. § 1983. That caused and/or permitted the violation of the Equal Protection Clause of the Fourteenth Amendment, California Penal Code § 278 PC, the Eighth Amendment the duty to protect under public policy failed where the assumption of risk would be to the child. This would be the type of injuries within the scope of risk to the minor child and would be foreseen to continue. That reasonable standard of care after evaluating the factors being contributed conduct as well as the previous conduct. It would be reasonable to believe any person in their right mind would intervene by enforcing protection from the abuser being cruel and usual punishment. Knowledge of the situation of a child is vulnerable to abuse  as children have the right to be safe and free from abuse California Family Code § 3020.

(a) Makes the social worker a contributor by association due to ignoring Ortiz misconduct and where evidence that social workers reports contradict each other and are not consistent. Violation of minor child that was documented on Defendant Sierra-Leyva where failing to report child abuse that is required under 18 U.S.C. § 3283 - Offenses against children - No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of eighteen years old. California Penal Code § 11165.9 neglects to report suspected child abuse and welfare. Defendant Sierra-Leyva violates her Code of Ethics as a social worker ethical responsibilities as a professional working for the County of San Bernardino.

(b) Due to indications of such offenses to harm, threaten to harm along with factual statements made by the victim being the minor child. Shall be reported by mandated reporter under California Penal Code § 11165.7 (a)(15), 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(11)(12), 34 U.S.C. § 20341(a)(b)(3)(c)(1)(2)(3) - Child abuse reporting, 42 U.S.C. § 1983 Civil Rights of Children. *Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008)* social workers are not entitled to absolute immunity for investigations. California Government Code § 820.21(a)(b) malice conduct that is intended by a social worker caused injury to a minor child.

(c) Defendant caused and/or permitted the violation of Strict and Absolute Liability Tort, Intentional Negligence Tort, Intentional Infliction of Emotional Tort, Common Law Tort of Deceit, and Duty to Care Tort. County of San Bernardino Department of Public Social Services (DPSS) Children's Services Division; Sierra-Leyva caused unjust injuries under the meaning and definition of Article 2.5. Child Abuse and Neglect Reporting Act §

11166.05, Article 2.5. Child Abuse and Neglect Reporting Act § 11164 (a)(b), Article 2.5. Child Abuse and Neglect Reporting Act § 11165.3, Penal Code § 11166(c); Penal Code § 11166.01, Penal Code § 11165.9, 28 U.S.C. § 1367(a), Article III Rule 20, United States Constitutional Civil Rights Eighth and Fourteenth Amendments.

(d) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other, emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. The above civil right was violated by Defendant Sierra-Leyva, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

113. By doing the acts described above in Paragraph 55, Plaintiffs have an audio recording of minor child stating she is going to be removed from mother/Plaintiff Casillas care months before she was removed. Defendant caused and/or permitted the violation of 18 U.S.C. § 242 – Deprivation of rights, 10 U.S.C. § 932 – Art. 132 – Retaliation, 28 U.S.C. § 144 – Bias or prejudice of judge, Common Law Tort of Deceit. Minor child clearly knew she was going to be taken away from mother due to Defendants maliciously plotting to kidnap minor child away from mother and primary parent Mrs. Casillas. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(a) Therefore, the United States institutes prosecution of all violations of laws under 42 U.S.C. § 1987. Oaths of justice and judges 28 U.S.C. § 453, 18 U.S.C. § 3283 – Offenses against children – No statute of limitations physical abuse or kidnapping under eighteen years of age. Where state officials have been utilizing his or her position to deprive another person of any of their rights and or to restrict any person from their health and safety. 28 U.S.C. § 1357 injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by Defendant Hester, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 (a).

114. By doing the acts described above in Paragraph 57, Defendant Hester caused and/or permitted the deprivation of rights under the color of state law who had violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. That enjoin Defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. Under 28 U.S.C. § 1357 injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(a) Judge and Defendant Hester caused the loss of time where time is extremely valuable to the life of a mother and her only child. There is no amount of money that can ever replace that ever again, nor the pain and agony that has been caused to Plaintiffs and minor child. Judge and Defendant Hester made credible threats to call San Bernardino County Child Protective Services to drop the case and then assigns Minors Counsel and Defendant Adams 18 U.S.C. § 1951 (a)(b)(1)(2). Judge and Defendant Hester is clearly bias or prejudice 28 U.S.C. § 144, 28 U.S.C. § 453 – Oaths of justices and judges, Canon 1, Canon 2, Canon 3, Title II of the Civil Rights Act of 1964 section 201 (a)(d)(1)(2), section 202, and section 203 (a).

(b) California Penal Code § 278.5 PC makes it a crime maliciously to deprive another adult of his/her lawful right to custody of or visitation with a child. Due to false grounds being malice, malicious prosecution under 42 U.S.C. § 1983. Plaintiff lost certain rights without consent being unlawful, unfair or a meaningful hearing. Without even having an opportunity to be heard during hearings held at the County of Riverside Superior Court Larson Justice Center.

(c) Where the question of law is no longer a question when the Plaintiff has produced direct evidence during every case beyond reasonable doubt that Defendant Ortiz has a history violence and past abusive conduct. When a judicial officer deprives the rights of a United States Citizen to the extent that tortures mother and child by legal abuse syndrome that has traumatized them and other children's lives against their own will.

(d) Abuse by public officials were all previous cases that have legally abused and abducted children against their own will have been at Riverside Superior Court Larson Justice

Center. That have been clearly discriminating against the minority race violates the United States Code of conduct by person acting under color of state law who has violated rights guaranteed by the Federal Statutes 42 U.S.C. § 1985 (3), 42 U.S.C. § 1981, 42 U.S.C. § 1986, Constitution law violations against Due Process Clause of the Fourteenth Amendment.

(e) Federal Rule of Civil Procedure Rule 46- Objecting to a Rule or Order Taking Clause of the Fifth Amendment. Violation of intentional reckless disregard and intrusion to chattel tort, Common Law Tort of Deceit, Intentional Infliction of Emotional Distress Tort, and grounds under Violation of intentional reckless disregard and intrusion to chattel tort. Due to grounds under the California Tort Claims Act and California Civil Code § 3294(a)(1)(2)(3) – Punitive damages. That justifies entitling Plaintiff to recover damages pursuant to Proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978),* Constitutional law stated under 42 U.S.C. § 1988(a). The above civil right was violated by Defendant Hester and County of Riverside. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Sixth Cause of Action Claim #6

115. Plaintiff realleges paragraphs 58 through 59.

116. By doing the acts described above in paragraph 58, Defendant Adams ineffective assistance as minors counsel under 28 U.S.C. § 1927. Enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law that has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983.

(a) Defendant caused and/or permitted the violation of Strict and Absolute Liability Tort, Intentional Negligence Tort, Intentional Infliction of Emotional Tort, Common Law Tort of Deceit, and Duty to Care Tort. Defendant Adams caused unjust injuries under the meaning and definition of Article 2.5. Child Abuse and Neglect Reporting Act § 11166.05, Article 2.5. Child Abuse and Neglect Reporting Act § 11164 (a)(b), Article 2.5. Child Abuse and Neglect Reporting Act § 11165.3, Penal Code § 11166(c); Penal

Code § 11166.01, Penal Code § 11165.9, 28 U.S.C. § 1367(a), Article III Rule 20, United States Constitutional Civil Rights Eighth and Fourteenth Amendments.

(b) Minors Counsel and Defendant Adams caused and/or permitted the violation of the Equal Protection Clause of the Fourteenth Amendment, California Penal Code § 278 PC, the Eighth Amendment the duty to protect under public policy failed where the assumption of risk would be to the child. This would be the type of injuries within the scope of risk to the minor child and would be foreseen to continue. That reasonable standard of care after evaluating the factors being contributed conduct as well as the previous conduct. It would be reasonable to believe any person in their right mind would intervene by enforcing protection from the abuser being cruel and usual punishment. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(c) Defendant Adams is a contributor by association due to ignoring Ortiz misconduct and where evidence that minors counsel reports contradict each other and are not consistent. *In pari delicto.* Violation of minor child that was documented on Defendant Adams where failing to report child abuse that is required under 18 U.S.C. § 3283 - Offenses against children - No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of eighteen years old. California Penal Code § 11165.9 neglects to report suspected child abuse and welfare.

(d) Due to indications of such offenses to harm, threaten to harm along with factual statements made by the victim being the minor child. Shall be reported by mandated reporter under California Penal Code § 11165.7(a), 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(11)(12), 34 U.S.C. § 20341(a)(c)(1)(2)(3), 42 U.S.C. § 1983 Civil Rights of Children. *Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008).* Minors Counsel are not entitled to absolute immunity for investigations. California Government Code § 820.21(a)(b) malice conduct that is intended by minors' counsel caused injury to a minor child.

(e) Rights guaranteed by Federal Statutes and the Constitution that deprived the rights within the meaning of imbibement. To enforce sanctions against defendants FRCP Rule 11 attorney caused unnecessary delays and needless increase in cost of litigation damages.

CIVIL RIGHTS COMPLAINT - 58

For working against the "best interests of the child" as well as the unlawfulness including general that purposely torture and traumatize plaintiff. Where malicious intent to cause suffering and irreparable harm of emotional distress for the intentional legal abuse conduct where the damages are ongoing.

(f) Defendant Adams interview was unlawfully in nature and shows a pattern of conduct that takes advantage of federal grants while working under the County of Riverside. Recklessly ignores requirements pursuant to children's protection laws to 42 U.S.C. § 1982 Property rights of citizens and their chattel being their children. Defendant Adams who improperly violates all requirements of 34 U.S.C. § Chapter 203 - Victims of Child Abuse cases. Defendants violates Federal Rule of Civil Procedure Rule 46- Objecting to a Rule or Order Taking Clause of the Fifth Amendment. Violation of intentional reckless disregard and intrusion to chattel tort. Due to grounds under the California Tort Claims Act and California Civil Code § 3294(a)(1)(2)(3) – Punitive damages. That justifies entitling Plaintiff to recover damages pursuant to proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978).*

(g) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other, emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. The above civil right was violated by Minors Counsel and Defendant Adams, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988(a). Thus, causing the loss of time, where time is extremely valuable to the life of a mother and her only child. There is no amount of money that can ever replace that ever again, nor that has been caused to plaintiffs.

117. By doing the acts described above in paragraph 59, Minor child was admitted to ER making her a victim of violence. Judge and Defendants Hester and Reed thoroughly reviewed Plaintiff's documented case of how Hester has not only violated the Due Process Clause but infringed upon my legal right on how to raise one's child. A major violation of Freedom of Association under the First Amendment Right, recognized by the courts as a Statutory Right - *Civil Right NAACP v. Alabama (1958).* The right to associate together free from undo state interference. Clearly states how it is beyond debate that freedom to engage in association for the

advancement of beliefs and ideas is an inseparable aspect of personal liberty. Assured by the Intimate Association in Due Process Clause of the Fourteenth Amendment which embraces freedom of speech and that all people are treated equally. The malicious intent to target the Plaintiff's and minor child with intentional efforts to interfere with our relationship with the child presented in case number PSC 1906710, INV 1300054, INK 1201717, and IND 1201594. Enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law that has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983.

(a) Defendant caused and/or permitted the violation of Strict and Absolute Liability Tort, Intentional Negligence Tort, Intentional Infliction of Emotional Tort, Common Law Tort of Deceit, and Duty to Care Tort. Defendants Hester and Reed make legal discretions without having no sufficient grounds for doing so where this should have had no legal effect from the creation. Under 18 U.S.C. § 3283 – Offenses against children – No statute of limitations physical abuse or kidnapping under eighteen years of age. Therefore, only enabling and protecting Defendant Ortiz abuse toward his own child and intentional conversion towards person for the use of bribery against Mrs. Casillas.

(b) Thus, a good reason for a Habeas Corpus and peremptory challenges for the immediate return of minor child to restoring law and order for civil disorder. *Beiger v. Strom 46 Cal. app 4th 880 (1996)*. Under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(c) Minors Counsel and Defendant Adams caused and/or permitted the violation of 18 U.S.C. § 287 – False, fictitious, or fraudulent claims, 49 U.S.C. § 46507 – False information and threats, and 8 U.S.C. § 1324c(a)(1)(2) – Penalties for document fraud. Defendant Adams is used by the County of Riverside as a judicial weapon pathological liar who disguises evidence and makes Brady material for the intent to be used as exculpatory evidence which is evidence favorable to the other side. Statutory Constitutional Rights clearly prohibit malicious prosecution claims. Minors Counsel and

Defendant Adams should be held liable under the False Claims Act for submitting false statements to the Riverside Superior Court Larson Justice stating that she interviewed minor child the same day minor child was admitted to the hospital. Minors Counsel and Defendant Adams caused and/or permitted the violation of the Equal Protection Clause of the Fourteenth Amendment, California Penal Code § 278 PC, the Eighth Amendment the duty to protect under public policy failed where the assumption of risk would be to the child.

(d) Thus, would be the type of injuries within the scope of risk to the minor child and would be foreseen to continue due to minor child having bruises all over her legs after being admitted to the hospital. That reasonable standard of care after evaluating the factors being contributed conduct as well as the previous conduct. It would be reasonable to believe any person in their right mind would intervene by enforcing protection from the abuser being cruel and usual punishment. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(e) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other, emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. Defendant Ortiz caused and/or permitted the violation of 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(12) and 34 U.S.C. § 20341(a)(c)(1)(2)(3)(7)(8). Defendants Hester and Reed caused and shall be held accountable for reckless actions motivated by Defendant Ortiz. *Begier v. Strom 46 Cal. app 4th 880 (1996). In pari delicto.* California Civil Code § 3294(a)(1)(2)(3) – Punitive damages, 28 U.S.C. § 453 – Oaths of justices and judges, 28 U.S.C. § 1357 injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by Defendant Ortiz, Hester, Reed, County of Riverside, and Adams. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988(a).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Seventh Cause of Action Claim #7

**The Riverside County Superior Court-with substantial support from the Minors Counsel conspired to provide false and misleading reports to the County of Riverside to have minor child maliciously removed from primary parent and mother while minor child was being hospitalized.**

118. Plaintiff realleges paragraphs 60 through 61.

119. By doing the acts described above in Paragraph 60, Defendant Adams and Hester caused and/or permitted the violation enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them. Doing the acts described above under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. The violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

(a) Plaintiff did not give consent to electronic services thus violating proof of service California Civil Code § 2.251(b)(1)(B) - Electronic service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv, and violates FRCP Rule 12(b) makes a lack of personal jurisdiction due to unconscionability of a fair due process clause. Ineffective assistance of minors counsel 28 U.S.C. § 1927, where improper removal of child from custody Ex-Parte or visits 25 U.S.C. § 1920.

(b) Defendant caused and/or permitted the violation of Strict and Absolute Liability Tort, Intentional Negligence Tort, Intentional Infliction of Emotional Tort, Common Law Tort of Deceit, and Duty to Care Tort. Defendants Hester and Reed make legal discretions without having no sufficient grounds for doing so where this should have had no legal effect from the creation. Under 18 U.S.C. § 3283 – Offenses against children – No statute of limitations physical abuse or kidnapping under eighteen years of age. Therefore, only enabling and protecting Defendant Ortiz abuse toward his own child and intentional conversion towards person for the use of bribery against Mrs. Casillas.

(c) Thus, a good reason for a Habeas Corpus and peremptory challenges for the immediate return of minor child to restoring law and order for civil disorder. *Beiger v. Strom 46 Cal. app 4th 880 (1996).* Under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(d) Minors Counsel and Defendant Adams caused and/or permitted the violation of 18 U.S.C. § 287 – False, fictitious or fraudulent claims, 49 U.S.C. § 46507 – False information and threats, and 8 U.S.C. § 1324c(a)(1)(2) – Penalties for document fraud. Defendant Adams is used by the County of Riverside as a judicial weapon pathological liar who disguises evidence and makes Brady material for the intent to be used as exculpatory evidence which is evidence favorable to the other side. Statutory Constitutional Rights clearly prohibit malicious prosecution claims. Minors Counsel and Defendant Adams should be held liable under the False Claims Act for submitting false statements to the Riverside Superior Court Larson Justice. Minors Counsel and Defendant Adams caused and/or permitted the violation of the Equal Protection Clause of the Fourteenth Amendment, California Penal Code § 278 PC, the Eighth Amendment the duty to protect under public policy failed where the assumption of risk would be to the child.

(e) Minors Counsel and Defendant Adams violates 28 U.S.C. Fed. Rules of Evid. 610 you can't know a fact until you know what evidence is and nothing more than hearsay. Where Article VIII FRCP Rule 802 excludes hearsay as relevant showing correct procedural evidence and procedural rules against hearsay being admissible for the taking of personal chattel being a child. Defendants shall be held accountable for Emotional Abuse-California Penal Code Section 11166 (b); Emotional Abuse is defined as when a person causes or permits a child to suffer unjustifiable or significant mental suffering. Within the meaning of 42 U.S.C. § 1983, caused the loss of time, where time is extremely valuable to the life of a mother and her only child. There is no amount of money that can ever replace that ever again, nor that has been caused to plaintiffs. *Beiger v. Strom 46 Cal. app 4th 880 (1996),* 28 U.S.C. § 1357 Injuries under Federal Laws Federal Court shall have

original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(f) Defendants violates Constitution law violations against Due Process Clause of the Fourteenth Amendment. Federal Rule of Civil Procedure Rule 46- Objecting to a Rule or Order Taking Clause of the Fifth Amendment. Violation of intentional reckless disregard and intrusion to chattel tort, due to unlawful fair process and tort, intentional infliction of emotional distress tort, and grounds under California Claims Act of Intentional Misconduct or negligence tort of California Civil Code of Civil Procedure § 3294 - Cruel and unjust hardship, disregard of persons rights. The above civil right was violated by Defendant Hester, Adams, County of Riverside, and Reed. That justifies entitling Plaintiff to recover damages pursuant to Proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978),* Constitutional law stated under 42 U.S.C. § 1988(a). Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

120. By doing the acts described above in Paragraph 61, Defendant caused and/or permitted the deprivation of rights under color of law who permitted and enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. Litigation sanctions would be brought to the GAL Defendant Adams whose ineffective assistance of counsel 28 U.S.C. § 1927, where improper removal of child from custody Ex-Parte or visits 25 U.S.C. § 1920, California Civil Procedure section 2.251 (b)(1)(B) Electronic service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv, and violates FRCP Rule 12(b) makes a lack of personal jurisdiction due to unconstitutionality of a fair due process clause.

I. Therefore, ties in violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States. They shall be held liable for the assisting of extreme outrageous conduct. This standard indicates that the decision is not based on the judge personal view of her own impartiality and suggests that the litigants necessarily partisan views do not provide the applicable frame of reference.

CIVIL RIGHTS COMPLAINT - 64

Rather, the judge ought to consider how her participation in any given case looks to the average person on the street.

II.  Defendant Hester has been intentionally sitting on this case as filed by the Plaintiff, this case is active and ongoing. It has become apparent that Defendant Hester is bias. Mrs. Casillas is an invisible party and acts accordingly, even ignoring my Civil Rights and the very law Hester is ruling on. Judge and Defendant Hester even indicated plaintiff is being untruthful or less credible in my testimony without a bias for such belief. Hester cannot be objective in her decisions. Plaintiff believes that equal protection laws were violated here. The Fourteenth Amendment commands that no state shall, "Deny to any person within its jurisdiction the equal protection of the laws." Hester ignoring the law, and illegally taking away my Constitutional Rights in order to show favor to Defendant Ortiz the bias and prejudice is clearly revealed here by particular findings that are set forth in Hester's tentative decision.

III.  In which Hester had given father full legal and sole custody of minor child at the age of seven years old and just being diagnosis with type one diabetes while being under the care of Loma Linda Children's Hospital. Based on unfounded evidence or facts of these allegations which were brought to the court's attention that Hester makes outrageous, hostile, and belittling remarks to Mrs. Casillas on court record. With no factual evidence to support the remarks Hester unjustifiable decision to step outside of and ignore the law to hurt and harm of Plaintiff and her child. The original intent of the Equal Protection Clause in the Civil Rights Act was to give the humblest and the poorest the same Civil Rights as the most powerful and wealthy. "The claim and exercise of a Constitutional right cannot be converted to a crime." *Miller v. U.S., 230 F 486 at 489.*

IV.  It is important to note here that there was no reason for plaintiff case to be referred in anyway as needing dependency proceedings that was meant as a threat. In the end plaintiff was never given documentation of a straightforward legal reason and rule for decision being a violation of Bright Line Rule. For the existence of the collaboration of all defendants then it would not have caused substantial interference of the loss of time, where time is extremely valuable and can never again be returned especially to the life of a mother and her only child. There is no amount of money that can ever replace that ever again, nor the excruciating pain that has been caused to Plaintiffs and child. Judge and

Defendant Hester is in violation of taking chattel from Plaintiff's possession without consent or by fraud or duress. Where the law is bring access to the chattel being a minor child and causing destruction.

(a) Judge and Defendant Hester demonstrates both objectively and subjectively that Hester is bias and prejudice against Plaintiff Casillas and minor child due to her disability of being a diabetic that violates American with Disabilities Act 42 U.S.C. § 12101, et seq. The Riverside Superior Court unlawfully kidnapped and ripped minor child away from her home due to all the fabricated lies against Plaintiff. That mother had caused type one diabetes to the minor child and made unjustified judgment to separate a child from her mother. That violates Human Rights violation and not in the child's best interest of the child.

(b) Judge and Defendant Hester granted Defendant Adams Emergency Ex-Parte on hearsay and false allegations with no evidence during the entirety of the hearing that violates California Family Code § 3027.1 – False accusations of child abuse or neglect during custody proceedings and California Family Code § 3064. Defendant Adams made misleading and false statements under oath stating that Plaintiff only feeds minor child salad and water. Defendant Adams should be held liable for 18 U.S.C. § 287 – False, fictious or fraudulent claims, 18 U.S.C. § 371 - Conspiracy to commit offense or to defraud the United States, by concealing and altering court records, 18 U.S.C. § 241 Conspiracy against rights, 18 U.S.C. § 1038 – False information and hoaxes, 18 U.S.C. § 1001 – Statements or entries generally. As stated under California Family Code § 3011(a)(b)(1)(d)(e)(1), California Family Code § 3020(a)(b)(c), California Family Code § 3044(a)(c)(h) – perpetrated domestic violence within the previous five years, California Family Code § 3031, California Family Code § 3048 (a)(1)(2)(3)(4)(5) and California Family Code § 6203(a)(1)(2)(3)(4)(b). Therefore, Defendant Ortiz shouldn't have had legal custody or grounds of minor child due to history of domestic violence. Judge and Defendant Hester did not consider the determination of the best interest of the child health, safety, welfare of the child and the history of abuse by other parent being Defendant Ortiz. Testimony by Defendant Adams does not qualify as an expert witness under Cal. Evid. Code § 1107.

(c) There is not a day that goes by that plaintiff does not miss her only child and worries for her health, safety, and wellbeing. Especially, during the time of the COVID-19 Pandemic and Mass shooting at Robb Elementary School. The Riverside Superior Court did the worst thing you can do to a mother and that is to unlawfully take a child away from her mother and to be placed with her abusive father. While minor child was under the care of Loma Linda Children's Hospital and being treated for type one diabetes. County of Riverside Superior Court and Defendant Hester violates California Penal Code § 278.5 PC – Deprivation of Custody, 28 U.S.C. § 144 – Bias or prejudice of judge, 18 US.C. § 242 – Deprivation of rights under color or law, 10 U.S.C. § 932 – Art. 132. Retaliation, 28 U.S.C. § 453 – Oaths of justices and judges.

(d) It is clear that the local authority acted in a way that was contrary to case law and in breach of the Article Eight rights of both parents and the child. This has caused emotional distress, damages, and psychological devastation. Under liable for the Tort Actions and Omissions of its employees fraudulent and misrepresentation causing unfair legal fees that increased while defending self of all actions discussed in complaint. Intentional Infliction of Emotional Distress Tort 4.19, Torts of Outrageous Conduct California Tort Claims Act, Common Law Tort of Deceit, California Gov. Code § 810 - 996 defamation, privacy, if there is no court order, an amount determined by the State in accordance with a formula approved by the Secretary. The most pain that any parent could have endorsed by a political person of power.

(e) Disturbing a mother's ability to make age-appropriate decisions for her child, unable to know of her child's physical wellbeing, unable to have a relationship with daughter due to the corruption at Riverside Superior court and their agents and or employees. Plaintiff's Casillas did not consent to their child being taken from them or their rights being violated under the Due Process Clause. Where the decision to remove a minor child from her primary parents' custody failed to support "Clear convincing evidence" standard described in case law *Colorado v. New Mexico, 467 U.S. 310 (1984).* Plaintiffs did not consent to the deliberate trauma bombing causing unfair injuries and harm to both mother, child, and family.

(f) Minor Counsel and Defendant Adams caused and/or permitted the violation of the Equal Protection Clause of the Fourteenth Amendment, California Penal Code § 278 PC, The

CIVIL RIGHTS COMPLAINT - 67

Eighth Amendment, the duty to protect under public policy failed, where the assumption of risk would be to the minor child. This would be the type of injuries within the scope of risk to minor child and would be foresee this to continue. That reasonable standard of care after evaluating the factors being contributed conduct as well as the previous conduct. It would be reasonable to believe any person in their right mind would intervene by enforcing protection from the abuser. Cruel and usual punishment. Knowledge of the situation of a minor child is vulnerable to abuse. Makes the Minors Counsel and Defendant Adams a contributor by association due to ignoring Defendant Ortiz misconduct. Where evidence that Defendant Adams reports contradict each other and are not consistent.

(g) Minor Counsel and Defendant Adams caused and/or permitted the violation of 49 U.S.C. § 46507 for falsifying legal documentation, 8 U.S.C. § 1324c(a)(1)(2) – Penalties for document fraud, and California Family Code § 3151(a). Defendant Adams is used by the Riverside Superior court as a judicial weapon pathological liar who disguises evidence and makes Brady material for the intent to be used as exculpatory evidence which is evidence favorable to the other side. Statutory Constitutional Rights clearly prohibit malicious prosecution claims. Minor Counsel and Defendant Adams should be held liable under the False Claims Act for submitting false statements to the Riverside Superior Court stating that she interviewed minor child the same day minor child was admitted to Loma Linda Children's Hospital.

(h) Defendants shall be held accountable for Emotional Abuse-California Penal Code Section 11166 (b); Emotional Abuse is defined as when a person causes or permits a child to suffer unjustifiable or significant mental suffering. Suffering when you see and hear minor child quavering voice from being in fear. Within the meaning of 42 U.S.C. § 1983, caused the loss of time, where time is extremely valuable to the life of a mother and her only child. There is no amount of money that can ever replace that ever again, nor that has been caused to plaintiffs. *Beiger v. Strom 46 Cal. app 4th 880 (1996),* 28 U.S.C. § 1357 Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

CIVIL RIGHTS COMPLAINT - 68

(i) Defendants violates Constitution law violations against Due Process Clause of the Fourteenth Amendment. Federal Rule of Civil Procedure Rule 46- Objecting to a Rule or Order Taking Clause of the Fifth Amendment. Violation of intentional reckless disregard and intrusion to Chattel Tort, due to unlawful fair process and tort, Intentional Infliction of Emotional Distress Tort, Fraud or Deceit Tort, and grounds under California Claims Act of Intentional Misconduct or negligence tort of California Civil Code of Civil Procedure § 3294 - Cruel and unjust hardship, disregard of persons rights. The above civil right was violated by Defendant Hester, Adams, County of Riverside, and Reed actions causing unnecessary harm, disproportionate, and deeply traumatic for not only the mother but most importantly the child Meilani Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1986 and 42 U.S.C. § 1988(a).

## Eighth Cause of Action Claim #8

121. Plaintiff realleges paragraphs 62 through 64.

122. By doing the acts described above in Paragraph 62, Defendant caused and/or permitted the violation enjoins Defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above caused the loss of time, where time is extremely valuable to the life of a mother and her only child. There is no amount of money that can ever replace that ever again, nor that has been caused to Plaintiffs. This is only more legal games played by the court by defamations filed by Minor Counsel and Defendant Adams accusing Plaintiff of being on drugs and an unfit mother. This is nothing more than false allegations and again without bringing forward any clear convincing evidence or specific findings for the conclusions of judgment and final order that were never supported by the evidence, which is a fraud and contrary.

(a) Defendant Ortiz caused and/or permitted the violation of 42 U.S.C. § 3617 – Interference, coercion, or intimidation while Mrs. Casillas was trying to spend time with her daughter in the hospital. Ortiz made multiple threats to have Mrs. Casillas removed and had hospital staff turn on her due to defendant Ortiz making false information against Plaintiff violates 18 U.S.C. § 1038 – False information and hoaxes. The above civil right

was violated by Defendant Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

123. By doing the acts described above in Paragraph 63, Defendant caused and/or permitted the deprivation of rights under color of law who permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above ineffective, where improper service within the meaning of California Civil Procedure § 2.251 service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv, and violates FRCP Rule 12(b) makes a lack of personal jurisdiction due to unconstitutionality of the fair Due Process Clause.

(a) Defendant Ortiz alternates court documents and falsifies that Mr. Casillas was served. Ortiz shall be held accountable for 8 U.S.C. § 1324c(a)(1)(2) – Penalties for document fraud, 18 U.S.C. § 287 False, fictitious or fraudulent claims, 18 U.S.C. § 1038 – False information and hoaxes, 18 U.S.C. § 1001 – Statements or entries generally. Therefore, ties in violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States. The above civil right was violated by Defendant Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

124. By doing the acts described above in Paragraph 64, Defendant Ortiz files for a Restraining Order on Mr. Casillas and order was granted. The conduct of Defendants described above constitutes: A pattern or practice of resistance to the full enjoyment of rights granted and protected under the Constitution Freedom of Association Immunities and Equal Protection Clause and California Family Code § 3011(1)(2)(3). Where any child that has had a caretaking relationship with other parent, stepfather parent cohabiting as peaceful family registered domestic partners shall have the same rights, protections, and benefits who have the same responsibilities duties under the law of statue under California Family Code § 297-297.5(a). Where the Plaintiff has shown multiple times, substantial evidence concerning child protection for being in danger. However, Harassment Restraining Order against Mr. Casillas would be granted with no justification or grounds for granting restraining order to be valid by the

Riverside Superior Court in Palm Springs signed by Defendant Reed under Case number PSC 1906710.

(a) Defendant caused and/or permitted the deprivation of rights under color of law who permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above ineffective where improper service within the meaning of California Civil Procedure § 2.251 service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv, and violates FRCP Rule 12(b) makes a lack of personal jurisdiction due to unconstitutionality of a fair due process clause.

(b) Violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

(c) Mr. Casillas was never informed of the inaccurate accusations and nature of cause making matters void and set aside in general for violating Sixth Amendment right to receive adequate notice. Lack of knowledge of restraining order would be intent for entrapment towards Plaintiff. Habitual patterns of unlawful civil wrongs by the Riverside Superior Court would violate constitutional principalities as government employees that fall under color of law. Due to the Defendant being a minority race the court caused Plaintiffs to be subjected to the courts traumatizing intimidation and legal abuse.

(d) County of Riverside Superior Court continues to punish Plaintiffs until conversion to cause serious and substantial interference with the destruction of chattel. Thus, shall be held liable for violations of Procedural Torts and Conversion Tort. After improper service under statute 28 U.S.C. § 1608(B)(I), California Family Code § 3031(a)(1)(2)(c) where the court is encouraged not to make a custody visitation order that is inconsistent with restraining order or protective orders unless the court findings: The custody or visitation order cannot be made in consistent with the emergency protective order, protective order, or restraining order. The custody or visitation order is in the best interest of the minor. Whenever custody or visitation is granted to a parent in case in which domestic violence is alleged and an emergency protective order has been issued.

CIVIL RIGHTS COMPLAINT - 71

(e) Defendants caused unfair injuries and acts of consistent trauma bombing with intentional efforts to disrupt Plaintiffs' marriage only to obtain control over Mrs. Casillas as his own possession. That caused both Plaintiffs' extreme unnecessary hardships, being stress, anxiety, along with financial hardships towards Plaintiffs' marriage during the entire time of all events that had occurred. Violation of 18 U.S.C. § 371 Conspiracy to commit offense or to defraud the United States, by concealing and altering court records. Failure to properly serve violates Sixth Amendment and Federal Rules of Civil Procedure 12 (b)(5) making the Civil Harassment Restraining Order null and void. Defendants caused and/or permitted the violation being a Defamation of Character Tort.

(f) Defendant Reed violates 18 U.S.C. § 242 – Deprivation of rights under color of law, 18 U.S.C. § 241 – Conspiracy against rights, 10 U.S.C. § 932 – Art. 132. Retaliation, 28 U.S.C. § 144 – Bias or prejudice of judge, and 28 U.S.C. § 453 – Oaths of justices and judges due to this not being the first time that Defendant Reed granted Ortiz restraining order against Plaintiff. The above civil right was violated by Defendant Ortiz, County of Riverside, and Reed. That justifies entitling Plaintiff to recover damages pursuant to Proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978),* Constitutional law stated under 42 U.S.C. § 1988(a). Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Ninth Cause of Action Claim #9

125. Plaintiff realleges paragraphs 65 through 66.

126. By doing the acts described above in Paragraph 65, Defendant Adams files with the Riverside Superior Court false and hearsay allegations which caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. Ineffective assistance of counsel 28 U.S.C. § 1927, where improper removal of child from custody Ex-Parte or visits 25 U.S.C. § 1920, California Family Code § 3151, California Family Code § 3064, California Civil Procedure § 2.251(b)(1)(B) - Electronic service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv and violates FRCP Rule 12(b)

makes a lack of personal jurisdiction due to unconstitutionality of the fair Due Process Clause. Therefore, ties in violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

(a) Causing Plaintiffs unfair injuries for rights guaranteed by Federal Statutes and the Constitution that deprived the rights within the meaning of imbibement. To enforce sanctions against defendants FRCP Rule 11 attorney caused unnecessary delays and needless increase in cost of litigations. *Beiger v. Strom 46 Cal. app 4th 880 (1996).* Under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(b) Where the conduct of defendant described above caused the violation while under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1985, 11 U.S.C. § 1109 - Right to be heard, 29 U.S.C. § 1109 - Where defendant shall be held liable for breach of fiduciary duty, and Family Code § 6203. Directly violates California Family Code § 3027.5 (a)(1)(2) without authority or jurisdiction with not following the State and Federal statutory law being constitutional due process. That prohibits congress from obstructing individuals' privileges and freedom of association guarantees immunity to civil liberty parenting right to be protection and or shall not be infringed upon.

(c) When a government official acting under the color of law loses absolute immunity against suit when he or she intentionally breaches their oath and obligated duty to meet major requirements under 28 U.S.C. § 453 – Oaths of justices and judges. Where a Judge covers up and ignores Defendant Ortiz misconduct by ignoring Plaintiff direct evidence towards them defending self against inaccurate accusations. That were all based on hearsay while not being at unknown hearings and losing fundamental parental rights. Without a meaningful hearing or even an opportunity to be heard in court and or to be disciplined by the court.

(d) Judicial discretion was made with not having a reasonable cause or having produced any required evidence as proof beyond reasonable doubt. Where the Judge did not act reasonably and not having reasonable cause for discretion. That being discrimination misconduct where shunting caused injuries to minor child and family. Justified by credible threats by a judicial officer making her subject to suit for unlawful malicious prosecution that the plaintiffs did not consent to prejudice unfair injuries that involved excessive force.

(e) Defendant Hester caused violence by failing to obtain justice with Equal Protection Clause that escalated to a reckless Intentional Negligence Tort and Common Law Tort of Deceit. That has caused extreme hardships to not only the family but to the minor child. Intentional emotional trauma and battery causing serious bodily injury. That injured minor child and the loss of property being chattel or minor child of the Plaintiff. This is all good reason for grounds of California Gov. Code § 810.8 California Tort Claims Act. Where damages Plaintiff due to the suffering of the minor child. Where provisions and statue enactments for the breach of Judges' code of conduct. That would be defined in California Gov. Code § 810.2 by employee including judicial officer as defined in California Gov. Code § 810(b).

(f) Riverside Superior Court and Defendant Hester violates California Penal Code § 278.5 PC – Deprivation of Custody. Statute meaning by Federal or by State of California that violated Uniform Child Custody Jurisdiction Act and the Uniform Civil Liberty for Support Act. Civil Rights of children described in 42 U.S.C. § 1983 where Defendant Hester who uses her official position to restrict a person's safety 42 U.S.C. § 1986. The above civil right was violated by Defendant Hester, County of Riverside, and Adams. That justifies entitling Plaintiff to recover damages pursuant to Proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978),* Constitutional law stated under 42 U.S.C. § 1988(a). Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

127. By doing the acts described above in Paragraph 66, Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the

Constitution that deprived the rights within the meaning of ineffective assistance of counsel 28 U.S.C. § 1927, where improper removal of child from custody Ex-Parte or visits 25 U.S.C. § 1920. Violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States. *Begier v. Strom 46 Cal. app 4th 880 (1996).*

    (a) Riverside Superior Court and Defendant Hester violates California Penal Code § 278.5 PC – Deprivation of Custody and 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

    (b) Riverside Superior Court did not review the case of its entirety before granting custody to defendant Ortiz with a history of domestic violence and there being two workers at the Department of Social Services who believed father to be a threat to the Minor Child. The above civil right was violated by Defendant Hester and County of Riverside. That justifies entitling Plaintiff to recover damages pursuant to Proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978),* Constitutional law stated under 42 U.S.C. § 1988(a). Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Tenth Cause of Action Claim #10

128. Plaintiff realleges paragraphs 67 through 69.

129. By doing the acts described above in Paragraph 68, Defendant Reed grants Defendant Ortiz Request for Order for two years. The conduct of Defendants described above constitutes: A pattern or practice of resistance to the full enjoyment of rights granted and protected under the Constitution Freedom of Association Immunities and Equal Protection Clause and California Family Code § 3011 (1)(2)(3) where any child that has had a caretaking relationship with other parent, stepfather parent cohabiting as peaceful family registered domestic partners shall have the same rights, protections, and benefits who have the same responsibilities duties under the law of statue under California Family Code § 297-297.5(a). Where the Plaintiff has shown multiple

times, substantial evidence concerning child protection for being in danger. Civil Harassment Restraining Order against Mr. Casillas would be granted with no justification or grounds for granting restraining order to be valid by the Riverside Superior Court in Palm Springs signed by Defendant Reed under Case number PSC 1906710.

(a) Mr. Casillas was never informed of the inaccurate accusations and nature of cause making matters void and set aside in general for violating Sixth Amendment right to receive adequate notice. Lack of knowledge of restraining order would be intent for entrapment towards Plaintiff. Habitual patterns of unlawful civil wrongs by the Riverside Superior Court would violate constitutional principalities as government employees that fall under color of law. Due to the Defendant being a minority race the court caused Plaintiffs to be subjected to the courts traumatizing intimidation and legal abuse.

(b) In which caused Plaintiff Casillas serious and substantial interference with the destruction of chattel. Thus, shall be held liable for violations of Procedural Torts, Common Law Tort of Deceit, and Conversion Tort. After improper service under statute 28 U.S.C. § 1608(B)(I), California Family Code § 3064, and California Family Code § 3031(a)(1)(2)(c) where the court is encouraged not to make a custody visitation order that is inconsistent with restraining order or protective orders unless the court findings: The custody or visitation order cannot be made in consistent with the emergency protective order, protective order, or restraining order. The custody or visitation order is in the best interest of the minor. Whenever custody or visitation is granted to a parent in case in which domestic violence is alleged and an emergency protective order has been issued.

(c) Defendants caused unfair injuries and acts of consistent trauma bombing with intentional efforts to disrupt Plaintiffs' marriage, only to obtain control over Mrs. Casillas as his own possession. That caused both Plaintiffs' extreme unnecessary hardships, being, stress, anxiety, along with financial hardships towards Plaintiffs' marriage during the entire time of all events that had occurred. Violation of 18 U.S.C. § 371 - Conspiracy to commit offense or to defraud the United States, by concealing and altering court records. Failure to properly serve violates Sixth Amendment and Federal Rules of Civil Procedure 12 (b)(5) making the Civil Harassment Restraining Order null and void.

(d) Defendants caused and/or permitted the violation being a Defamation of Character Tort. Defendant Reed violates 18 U.S.C. § 242 – Deprivation of rights under color of law, 18

U.S.C. § 241 – Conspiracy against rights, 10 U.S.C. § 932 – Art. 132. Retaliation, 28 U.S.C. § 144 – Bias or prejudice of judge, and 28 U.S.C. § 453 – Oaths of justices and judges due to this not being the first time that Defendant Reed granted Ortiz restraining order against Plaintiff. The above civil right was violated by Defendant Reed, County of Riverside, and Ortiz. That justifies entitling Plaintiff to recover damages pursuant to Proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978),* Constitutional law stated under 42 U.S.C. § 1988(a). Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

130. By doing the acts described above in Paragraph 69, Defendant Adams files to the Riverside Superior Court of false and hearsay allegations which caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. Ineffective assistance of counsel 28 U.S.C. § 1927, where improper removal of child from custody Ex-Parte or visits 25 U.S.C. § 1920, California Civil Procedure § 2.251(b)(1)(B) - Electronic service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv and violates FRCP Rule 12(b) makes a lack of personal jurisdiction due to unconstitutionality of the fair Due Process Clause. Violation of 18 U.S.C. § 371 - Conspiracy to commit offense or to defraud the United States, by concealing and altering court records and 18 U.S.C. § 241 Conspiracy against rights. Therefore, ties in violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

(a) Defendant caused and/or permitted the violation causing Plaintiffs unfair injuries for rights guaranteed by Federal Statutes and the Constitution that deprived the rights within the meaning of imbibement. To enforce sanctions against defendants FRCP Rule 11 attorney caused unnecessary delays and needless increase in cost of litigations. *Beiger v. Strom 46 Cal. app 4th 880 (1996).* County of Riverside Superior Court and Defendant Hester violates California Penal Code § 278.5 PC – Deprivation of Custody and 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction

of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28. U.S.C. § 1920. The above civil right was violated by the following Defendant Adams and County of Riverside. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Eleventh Cause of Action Claim #11

131. Plaintiff realleges paragraphs 70 through 71.

132. By doing the acts described above in Paragraph 70, Defendant caused and/or permitted the violation enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. Thus, under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of ineffective assistance of Defendant and Minor's Counsel Adams under 28 U.S.C. § 1927 – Counsels liability for excessive costs and 28 U.S.C. § 1920. Defendant Adams and Hester violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

(a) Defendant caused and/or permitted the violation causing Plaintiffs unfair injuries for rights guaranteed by Federal Statutes and the Constitution that deprived the rights within the meaning of imbibement. To enforce sanctions against defendants FRCP Rule 11 attorney caused unnecessary delays and needless increase in cost of litigations. *Beiger v. Strom 46 Cal. app 4th 880 (1996)*. Under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28. U.S.C. § 1920.

(b) Defendant Ortiz violates Mrs. Casillas the right to visitation with child under 28 U.S.C. §1738A – Full faith and credit given to child custody determinations and 26 U.S.C. § 7206 – Fraud and false statements stating that Minor's Counsel Adams is his legal attorney. Defendants violates Constitution law violations against Due Process Clause of

the Fourteenth Amendment. Federal Rule of Civil Procedure Rule 46- Objecting to a Rule or Order Taking Clause of the Fifth Amendment. Violation of Intentional Reckless Disregard and Intrusion to Chattel Tort, due to unlawful Fair Process and Tort, Intentional Infliction of Emotional Distress Tort, Common Law Tort of Deceit, and grounds under California Claims Act of Intentional Misconduct or negligence tort of California Civil Code of Civil Procedure § 3294 - Cruel and unjust hardship, disregard of persons rights. The above civil right was violated by the following Defendant Adams, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983. That justifies entitling Plaintiff to recover damages pursuant to Proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978),* Constitutional law stated under 42 U.S.C. § 1988(a).

133. By doing the acts described above in Paragraph 71, Defendant caused and/or permitted the violation enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of ineffective assistance of Defendant and Minor's Counsel Adams under 28 U.S.C. § 1927 – Counsels liability for excessive costs and 28 U.S.C. § 1920. Defendant Adams and Hester violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

(a) Defendant caused and/or permitted the violation causing Plaintiffs unfair injuries for rights guaranteed by Federal Statutes and the Constitution that deprived the rights within the meaning of imbibement. To enforce sanctions against defendants FRCP Rule 11 attorney caused unnecessary delays and needless increase in cost of litigations. *Beiger v. Strom 46 Cal. app 4th 880 (1996).* Riverside Superior Court and Defendant Hester violates California Penal Code § 278.5 PC – Deprivation of Custody and 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(b) Defendants violates Constitution law violations against Due Process Clause of the Fourteenth Amendment. Federal Rule of Civil Procedure Rule 46- Objecting to a Rule or Order Taking Clause of the Fifth Amendment. Deprivation of civil liberty under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the remedy against state actors who have failed to prevent conspiracy. Violation of Intentional Reckless Disregard and Intrusion to Chattel Tort, due to Unlawful Fair Process and Tort, Intentional Infliction of Emotional Distress Tort, and grounds under California Claims Act of Intentional Misconduct or negligence Tort of California Civil Code of Civil Procedure § 3294 - Cruel and unjust hardship, disregard of persons rights. Defendant Hester violates Oaths of justices and judges under 28 U.S.C. § 453, California Family Code § 3031, California Family Code § 3044, 18 U.S.C. § 3283, 42 U.S.C. § 12101, et seq, 18 U.S.C. § 242 -Deprivation of rights under color of law, 18 U.S.C. § 241 – Conspiracy against rights, 10 U.S.C. § 932 – Art. 132. Retaliation, 42 U.S.C. § 12203, 28 U.S.C. § 144 – Bias or prejudice of judge is clear that Hester is unethical and impartial thus plaintiff cannot have a fair trial at the Riverside Superior Court.

(c) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other, emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. Causing Infliction of Emotional Distress Tort, Common Law Tort of Deceit, Assault, and Battery Tort. Equal Protection, Privileges, Rights, Immunity Clause 42 U.S.C § 1985 and 1986. The above civil right was violated by the following Defendant Hester, County of Riverside, Adams, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983. That justifies entitling Plaintiff to recover damages pursuant to Proceedings in vindication of Civil Rights matters see. *Butz v, Economou, 438 U.S. 478, 506, (1978),* Constitutional law stated under 42 U.S.C. § 1988(a).

## Twelfth Cause of Action Claim #12

134. Plaintiff realleges paragraphs 72 through 75.

135. By doing the acts described above in Paragraph 72, Defendant Nordin was present during supervised visitation with minor child discloses that Defendant Ortiz telling child her mother is a liar and don't listen to anything she tells you. Minor child cries frightful and pulls on mother/Plaintiff to not make her go with Defendant Ortiz showing extreme concerns of child abuse by Defendant Ortiz. Defendant Ortiz is clearly abusing minor child as there are reports of abuse with Child Protective Services County of Riverside and child showing extreme distress when having to be handed over to father. It would be reasonable to believe any person in their right mind would intervene by enforcing protection from the abuser being cruel and usual punishment. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(a) Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. Makes the visitation monitor a contributor by association due to ignoring Ortiz misconduct and where evidence of reports contradicts each other and are not consistent. Violation of minor child that was documented on Defendant Nordin where failing to report child abuse that is required under 18 U.S.C. § 3283 - Offenses against children - No statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of eighteen years old. California Penal Code § 11165.9 neglects to report suspected child abuse and welfare, California Penal Code § 11165.7 (a)(30), California Penal Code § 11165.3, 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(11)(12), 34 U.S.C. § 20341(a)(1)(b)(3)(c)(1)(2)(3) - Child abuse reporting.

(b) Under California Government Code § 820.21(a)(b) to cause injury to the plaintiff or despicable conduct that is carried on by the person described in sub. division (a) with a willful and conscious disregard of the rights or safety of others especially children. This is the most pain that any parent could have endorsed by a political person of power with being the Riverside Superior Court judge and defendant Hester. By distressing a mothers' ability to make age-appropriate decisions for her own child, unable to know of her child's physical wellbeing, unable to have a relationship with her daughter, and having the child

to be subject to abuse by Defendant Ortiz. Rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of embedment to enforce sanctions against defendants FRCP Rule 11 attorney and Minors Counsel Adams caused unnecessary delays and needless increase in cost of litigation damages, including general that purposely torture and traumatize plaintiff. Thus, violates California Family Code § 3027.5(a)(1)(2) without authority or jurisdiction with not following the State and Federal statutory law being constitutional due process. That prohibits congress from obstructing individuals' privileges and freedom of association guarantees immunity to civil liberty parenting right to be protection and or shall not be infringed upon.

(c) Due to Defendant Hester orders to make an unjustified supervised visitation cost for the monitors and to drive two-three hours to visit with minor child, cover the cost of fuel, wear, and tear on vehicle, and to cover the cost of special events with child. Plaintiff litigation fees and unnecessary legal abuse punishing the wrong doer. Where malicious intent to cause suffering and irreparable harm of emotional distress for the intentional legal abuse conduct where the damages are ongoing. Thus, being intentional infliction of emotional distress due to Riverside Superior Court continuous legal abuse syndrome to mother/plaintiff, minor child, and family.

(d) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other, emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. Causing Infliction of Emotional Distress Tort, Common Law Tort of Deceit, Assault, and Battery Tort. Equal Protection, Privileges, Rights, Immunity Clause 42 U.S.C § 1985 and 1986. The above civil right was violated by the following Defendant Hester, Nordin, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

136. By doing the acts described above in Paragraph 73, Defendant Adam files with the Riverside Superior Court false declaration of lies and hearsay by defendant Ortiz that caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law. Defendant has violated rights guaranteed by Federal Statutes

and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983, California Civil Code § 3294(c)(1)(2)(3), 28 U.S.C. § 1927 - Counsel's liability for excessive costs. Under 28 U.S.C. Fed. Rules of Evid. 610 you can't know a fact until you know what evidence is and nothing more than hearsay. Where Article VIII FRCP Rule 802 excludes hearsay as relevant showing correct procedural evidence and procedural rules against hearsay being admissible for the taking of personal chattel being a child.

(a) Plaintiff Casillas has lost certain rights without a meaningful hearing or even having an opportunity to be heard. False allegations of accusing plaintiffs are inconsistent and out of contents with altering court documents and evidence. Plaintiff argues that there are no issues of material fact. California Penal Code § 118 PC: Perjury, California Penal Code § 278.5, ARTICLE 2.5. Child Abuse and Neglect Reporting Act 11164 (b); 11165.3; 11165.7(a)(21), Penal Code Section 11166, 28 U.S.C. § 1367(a) Article III Rule 20.

(b) This would unjustly force the plaintiff to only see her daughter for two hours at a time per week that would affect minor child who already had a deep psychological trauma due to Minors Counsel and Defendant Adams falsifying documents to the Riverside Superior Court. Just for one moment of your time how would any child or mother feel only seeing their only child for two hours per week. Due to the corruption at the County of Riverside County Superior Court by making up false or malicious allegations and unlawful actions to remove a child from her mother. Plaintiff can understand and agree if she was an unfit parent but that is definitely not the case in this matter. Due to my suffering that was caused by a bias and or prejudice unfair injuries being insomnia anxiety, depression, and legal abuse syndrome by the Riverside County Superior Court. *Begier v. Strom 46 Cal. App. 4th 880 (1996).* Under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(c) Defendant caused and/or permitted the violation of Common Law Tort of Deceit. The United States institutes prosecution of all violations of laws under 42 U.S.C. § 1987. Plaintiff's Casillas have the right to be free from corruption and due to the court's corrupt actions depriving Plaintiff of any constitutional protection of rights. Defined under the

CIVIL RIGHTS COMPLAINT - 83

Civil Rights Act of the Fourteenth Amendment. Thus, violates California Family Code § 3027.5(a)(1)(2) without authority or jurisdiction with not following the State and Federal statutory law being constitutional due process. That prohibits congress from obstructing individuals' privileges and freedom of association guarantees immunity to civil liberty parenting right to be protection and or shall not be infringed upon. When a government official acting under the color of law loses absolute immunity against suit when he or she intentionally breaches their oath and obligated duty to meet major requirements. Where a judge and minors counsel cover up, ignores, and enabling Defendant Ortiz misconduct and or behavior by ignoring plaintiff direct evidence towards them defending self against inaccurate accusations. That were all based on hearsay while not being at unknown hearings and losing fundamental parental rights. Without a meaningful hearing or even an opportunity to be heard in court and or to be disciplined by the court.

(d) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other, emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. Causing Infliction of Emotional Distress Tort, Common Law Tort of Deceit, Assault, and Battery Tort. Equal Protection, Privileges, Rights, Immunity Clause 42 U.S.C § 1985 and 1986. The above civil right was violated by the following Defendant Hester, County of Riverside, Adams, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

137. By doing the acts described above in Paragraph 74, Defendant Ortiz altered court documents and provided them to supervised visitation monitor and Defendant Nordin. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. Thus, has violated rights guaranteed by Federal Statues, and the Constitution that deprived the rights within the meaning of California Penal Code § 278.5 PC makes it a crime maliciously to deprive another adult of his/her lawful right to custody of or visitation with a child and 8 U.S.C. § 1324c (a) Penalties for document fraud, violation of 18 U.S.C. § 371 - Conspiracy to commit offense or to defraud the United States, by concealing and altering court records. Defendant Adams ineffective assistance as minor's counsel 28 U.S.C. § 1927 and 18 U.S.C. §

241 to conspire against rights with Ortiz to not make minor child available for visitation with Mrs. Casillas.

(a) Defendants Ortiz and Adams shall be held accountable for Penal Code § 278.5 PC in which it states, "When you deprive someone of their right to visitation with a child- even if they don't have custody. Rights guaranteed by Federal Statutes and the Constitution that deprived the rights within the meaning of imbibement. To enforce sanctions against defendants FRCP Rule 11 attorney and Defendant Adams caused unnecessary delays and needless increase in cost of litigation damages. For working against the best interests of the child under California Family Code § 3151(a) as well as the unlawfulness including general that purposely torture and traumatize plaintiff. Where malicious intent to cause suffering and irreparable harm of emotional distress for the intentional legal abuse conduct where the damages are ongoing. Plaintiff shall recover damages pursuant to 42 U.S.C. § 1983, causing the loss of time, where time is extremely valuable to the life of a mother and her only child. There is no amount of money that can ever replace that ever again, nor that has been caused to plaintiffs. Under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States. When a government official acting under the color of law loses absolute immunity against suit when he or she intentionally breaches their oath and obligated duty to meet major requirements.

(b) Where a judge covers up, ignores, and enables Defendant Ortiz misconduct and or behavior by ignoring plaintiff direct evidence towards them defending self against inaccurate accusations. That were all based on hearsay while not being at unknown hearings and losing fundamental parental rights. Without a meaningful hearing or even an opportunity to be heard in court and or to be disciplined by the court. Defendant is in violation of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

CIVIL RIGHTS COMPLAINT - 85

(c) Therefore, compromising the Children's Rights, emotional well-being, abuse by other parent Ortiz, and forcing the child to side with one parent or the other, emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, anxiety, a complete disruption to childhood life and routine. Causing Infliction of Emotional Distress Tort, Common Law Tort of Deceit. Equal Protection, Privileges, Rights, Immunity Clause 42 U.S.C § 1985 and 1986. The above civil right was violated by the following Defendant Hester, County of Riverside, Adams, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

138. By doing the acts described above in Paragraph 75, Defendant Adams files an Ex-Parte to Riverside Superior Court for Plaintiff and Mrs. Casillas to have no contact with her child due to Ortiz making false or malicious allegations against Mrs. Casillas. Defendant Reed oversee Ex-Parte and denied order. Defendant Adams office emailed copy to Plaintiff. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of California Penal Code § 1714.10, California Rules of Court § 5.151, California Family Code § 3064, 18 U.S.C. § 1038, United States Constitutional Civil Rights Eighth and Fourteenth Amendments.

(a) Under 2021 California Rules of the court Code of Civil Procedure Rule 2.251 (b)(1), California Rules of The Court Rule 5.240 (a)(2)(3)(d)(f), 18 U.S.C. § 241 - Conspiracy against rights, 8 U.S.C § 1451(a), 8 U.S.C § 1101(f)(6) grounds of imbibement to enforce sanctions against defendants FRCP Rule 11 attorney caused unnecessary delays and needless litigations. Thus, entitling Plaintiff to file civil suit pursuant to 42 U.S.C. § 1983. Ineffective assistance of counsel 28 U.S.C. § 1927, where improper removal of child from custody Ex-Parte or visits 25 U.S.C. § 1920, California Family Code § 3151(a), California Civil Procedure § 2.251(b)(1)(B) - Electronic service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv, and violates FRCP Rule 12(b) makes a lack of personal jurisdiction due to unconstitutionality of a fair due process clause.

(b) Thus, ties in violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States. Defendant shall be held accountable for Penal Code § 278.5 PC in which it states, "When you deprive someone of their right to visitation with a child-even if they don't have custody. Rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of imbibement. To enforce sanctions against defendants FRCP Rule 11 attorney and Minor's Counsel Adams caused unnecessary delays and needless increase in cost of litigations. *Begier v. Strom 46 Cal. app 4th 880 (1996)*.

(c) Therefore, under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. Causing Infliction of Emotional Distress Tort, Common Law Tort of Deceit. Equal Protection, Privileges, Rights, Immunity Clause 42 U.S.C § 1985 and 1986. The above civil right was violated by the following Defendant Adams, County of Riverside, Reed, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Thirteenth Cause of Action Claim #13

139. Plaintiff realleges paragraphs 76 through 78.

140. By doing the acts described above in Paragraph 76, Defendant Ortiz made credible threats to Mr. Casillas and screams a minor child causing child to quiver in fear of Ortiz. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. Defendant shall be held accountable for their crimes and be prosecuted in a court of law for the disciplinary actions against defendants for the personal liability and intentional deliberate crimes committed by causing mother to jeopardize her case and life with her child.

(a) Due to unfair injuries actions from happening and shall be held accountable under 42 U.S.C. § 1985(3) for neglect to prevent and injuries have occurred due to state actors who have failed to prevent described and defined under 42 U.S.C. § 1986. Causing Intentional Infliction of Emotional distress due to legal abuse to mother and family. That have been described as factual where defendant shall be held accountable for Intentional infliction of emotional distress tort and to malicious prosecution. All admissible for the unlawful taking of plaintiffs personal chattel being minor child without having a fair due process. Defendant loses personal jurisdiction.

(b) Thus, being a statute where credible threats would put the plaintiff /victim in great danger causing extreme unnecessary hardships, being, stress, anxiety due to the fear for their life, and safety. There is no excuse for Defendants' actions causing plaintiff and minor child to be victimized and strongly constitutes the right to file civil litigations in Tort law for violations of protected statutory encroachment. This has been compromising the child's rights, emotional well-being, and forcing the child to side with one parent or the other. For violations of 18 U.S.C. § 3509 - Child victims and rights. Children have the right to be safe and free from abuse California Family Code § 3020.

(c) Therefore, Defendant Ortiz made credible threats of violence to Mr. Casillas and shall be held accountable for 10 U.S.C. § 915 – Art.115 Communicating threats. Violations of 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by the following Defendant Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

141. By doing the acts described above in Paragraph 77, Plaintiff Casillas attorney files Restraining Order to the Riverside Superior Court against Defendant Ortiz misconduct. Order denied by Judge and Defendant Hester. Defendant Hester under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1985(3), and 42 U.S.C. § 1983 Prohibits congress from obstructing justice and makes a clear requirement that all trial is equally protected by fair due process of law. That affected plaintiffs' civil liberties within the meaning under privileges clause of the Fifth and Fourteenth Amendments of the United States Constitution. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other

persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. Where credible threats that were made towards Mr. Casillas. Judge and Defendant Hester denied Mr. Casillas to be present in courtroom. Therefore, Mr. Casillas was unable to have a fair hearing to defend himself due to Defendant Hester retaliating against Plaintiffs for filing a restraining order against Defendant Ortiz. Judge and Defendant Hester is clearly prejudice and bias toward Plaintiff's and failed to uphold the integrity and independence of the judiciary.

    (a) The County of Riverside Superior Court have failed to enforce plaintiff's state and federal rights. Judge and Defendant Hester failed to protect the health, safety, and wellbeing of the minor child due to Hester still letting Ortiz obtain full/sole custody of daughter. Therefore, not in the best interest of the child to undergo traumatizing incidents by Ortiz conduct. Defendant Hester not reprimanding Ortiz for his actions and Denied attorney request that Ortiz be on probation for his behavior. Defendant Hester enabling Ortiz bad behavior clearly shows Hester is bias and prejudice against plaintiffs. By not holding Defendants Ortiz liable for his actions and ignoring his misconduct or concealing his crimes. Defendant Hester is in violation of 18 U.S.C. § 371 - Conspiracy to commit offense or to defraud the United States, by concealing and altering court records, 18 U.S.C. § 241 Conspiracy against rights, 42 U.S.C. § 12203 – Prohibition against retaliation and coercion, 42 U.S.C. § 1985 Conspiracy to interfere with civil rights, Canon 1, Canon 2, Canon 3, 18 U.S.C. § 3509 – Child victims' and child witnesses' rights, 28 U.S.C. § 144 – Bias or prejudice of judge.

    (b) Deprivation of civil liberty under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the remedy against state actors who have failed to prevent conspiracy. Shall be held accountable under 42 U.S.C. § 1986 for interfering with civil rights and equal protection of rights being life and chattel where children are entitled to all rights and freedoms.

    (c) State judges are subject to the court for intentional actions to intimidate and retaliate against a person that escalate to be more aggressive. By Defendant Hester legal discretions made with no consideration of how actions would affect seven-year-old

minor child. This completely ignoring an innocent little girl's desperate need for constitutional protection. Due to Mrs. Casillas exercising her opinion or practicing her faith of life, and liberty. All that being freedom of speech that being a Constitutional Right under the First Amendment and 11 U.S.C. § 1109 - Right to be heard. Having every legal right to file a litigation case.

(d) The Riverside Superior Court unfair injuries by the conduct of defendants described above caused and/or permitted in where civil rights were violated. The deprivation of rights under color of law who permitted and enabled Defendant Ortiz to violate 10 U.S.C. § 915- Art. 115 Communicating Threats, 18 U.S.C. § 3509 – Child victims' and child witnesses' rights, 28 U.S.C. § 1784 – Contempt of court, and children have the right to be safe and free from abuse California Family Code § 3020.

(e) It is established under Privileges of Immunity Clause Amendment XIV Section I Clause 2 of the United States Constitution Fourteenth Amendment deprivation of rights under color of law by Defendant Hester who ignored Federal Rules of Evidence 407. Where if subsequent remedial measures would have been taken earlier that would have made an injury earlier or harm less likely against discrimination liberty protections *Roberts v. United States Jaycees, 468 U.S. 609 (1984)* First and Fourteenth Amendments. The Fifth Amendment due process clause prohibits the federal government from discrimination if the discrimination is so unjustifiable that it violates due process of law. *Bolling v. Sharpe, 2010.*

(f) Plaintiff's Casillas have the right to be free from corruption and due to the court's corrupt actions depriving plaintiff of any constitutional protection of rights. Defined under the Civil Rights Act of the Fourteenth Amendment. Plaintiff's and minor child have undergone legal abuse syndrome by Riverside Superior Court and Defendant Hester. Violations of 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by the following Defendant Ortiz, County of Riverside, and Hester. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

CIVIL RIGHTS COMPLAINT - 90

## Fourteenth Cause of Action Claim #14

142. Plaintiff realleges paragraphs 79 through 81.

143. By doing the acts described above in Paragraph 79, Plaintiff's call 911 for a welfare check of minor child due to mother noticing a bruise on child leg during a video chat. Defendant Ortiz neglect and refused care from the fire department for the minor child. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1983. Enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above.

(a) Thus, responding officer from the County of Riverside intentionally neglected to get minor child proper medical attention nor reported the child abuse and ignoring child desperate need of help by abusing father and Defendant Ortiz. County of Riverside officer from the Palm Desert Police Department violates 18 U.S.C. §1169(a)(1)(H) - Reporting of child abuse. *In pari delicto.*

(b) Defendant Ortiz causes malicious parent syndrome and neglecting child's wellbeing to obtain necessary medical attention by person with proper scope of practice. Ortiz violates 18 U.S.C. § 3509 – Child victims' and child witnesses' rights, 18 U.S.C. § 3283 – Offenses against children no statute of limitations physical abuse or kidnapping under eighteen years of age, Children have the right to be safe and free from abuse California Family Code § 3020. However, Ortiz being the parent acted in contrary to the best interest of the child. Due to the refusal to provide consent for the child's medical care. Therefore, causing hardships to child's physical and medical wellbeing, mental health, emotional PTSD, anxiety, and severe depression to a child. *Begier v. Strom 46 Cal. app 4th 880 (1996).*

(c) Violations under 28 U.S.C. § 1357 Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

The above civil right was violated by the following Defendant Ortiz and County of Riverside officer of Palm Desert Police Department. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

144. By doing the acts described above in Paragraph 80, Defendant Lopez and Ortiz caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. Being under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of deceitful Fraud Tort, California Civil Code § 45, CFR § 73.735-1003-(a)(b)(d) - Conflicts of interest statutes, 18 U.S.C. § 371 - Conspiracy to commit offense or to defraud the United States, by concealing and altering court records and 18 U.S.C. § 241 Conspiracy against rights. United States 388 (1971) Limitations of Bivens 31 U.S.C. § 3729, 28 U.S.C. § 1367(a) Article III Rule 20, California Canon 3c (2)(5), 42 U.S.C. § 14141, United States Constitutional Civil Rights Eighth and Fourteenth Amendments. Therefore, the United States institutes prosecution of all violations of laws under 42 U.S.C. § 1987.

(a) Defendant Lopez consistently helps Ortiz that has caused substantial hardships that jeopardized all of plaintiffs' cases. Defendant Lopez actions being legal grounds to invoke 42 U.S.C. § 14141 - Conflict of interest. Due to being an employee of the County of Riverside Superior Court, Larson Justice Center has personal and financial interest. Defendant Hester caused malicious prosecutions against plaintiff while knowing the court clerk and Defendant Lopez due to her working in the Family Law Division of the courthouse by intentionally and willfully acted in bad faith.

(b) Defendant Lopez and Hester caused fraud upon the court by causing plaintiffs unfair injuries being delays with unfair trials that being civil disorder described under 18 U.S.C. § 232. That caused plaintiff to be in immediate danger that escalated by retaliation only to punish plaintiff for defending their fundamental civil rights. Being a conflict of interest that is strictly prohibited where plaintiffs have the right to be free from corruption. These violations are punishable by disciplinary actions of criminal prosecution under 42 U.S.C. § 1988. This has caused extreme hardships by substantial interference in the case and having a relationship with the child.

(c) Violations under 42 U.S.C. § 14141 - Conflict of interest where an employee has personal and financial interest being strictly prohibited and violations are punishable by disciplinary actions of criminal prosecution and 8 U.S.C. § 1324(a)(1)(2)(5). Defendant Lopez still consistently helped Ortiz that has caused substantial hardships that jeopardized all of plaintiffs' cases even when plaintiff had spoken to Lopez supervisor at the County of Riverside Superior Court to make them aware of the situation at hand. *Begier v. Strom 46 Cal. App. 4th 880 (1996).* Therefore, 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by the following Defendant Lopez, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

145. By doing the acts described above in Paragraph 81, Defendant and Minors Counsel Adams files an Ex-Parte to Riverside Superior Court for Plaintiff and Mrs. Casillas to end video chats with her child due to Ortiz making false or malicious allegations against Mrs. Casillas. Defendant and Judge Hester grants orders without having a hearing. Defendant Hester under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1985(3), 42 U.S.C. § 1988, and 42 U.S.C. § 1983. Prohibits congress from obstructing justice and makes a clear requirement that all trial is equally protected by fair due process of law. That affected plaintiffs' civil liberties within the meaning under, privileges clause of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

(a) Judge and Defendant Hester is clearly prejudice and bias toward Plaintiff's and failed to uphold the integrity and independence of the judiciary. Defendant Hester violates 11 U.S.C. § 1109 - Right to be heard, 18 U.S.C. § 371 - Conspiracy to commit offense or to defraud the United States, by concealing and altering court records, 18 U.S.C. § 241 – Conspiracy of rights, 42 U.S.C. § 12203 – Prohibition against retaliation and coercion, Canon 1, Canon 2, Canon 3. Plaintiff has the right to be heard and to have a fair due process of law. Defendant Adams office emailed copy to Plaintiff. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all

other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of California Penal Code § 1714.10, California Rules of Court § 5.151, California Family Code § 3064 ,18 U.S.C. § 1038, United States Constitutional Civil Rights Eighth and Fourteenth Amendments.

(b) Under 28 U.S.C. Fed. Rules of Evid. 610 you can't know a fact until you know what evidence is and nothing more than hearsay. Where Article VIII FRCP Rule 802 excludes hearsay as relevant showing correct procedural evidence and procedural rules against hearsay being admissible for the taking of personal chattel being a child. Plaintiff Casillas has lost certain rights without a meaningful hearing or even having an opportunity to be heard. False allegations of accusing plaintiffs are inconsistent and out of contents with altering court documents, and evidence. Plaintiff argues that there are no issues of material fact. California Penal Code § 118 PC: Perjury, California Penal Code § 278.5.

(c) Defendant Hester and Adams enabling Ortiz bad behavior clearly shows Hester is bias and prejudice against plaintiffs. By not holding Defendants Ortiz liable for his actions and ignoring his misconduct or concealing his crimes. Under 2021 California Rules of the court Code of Civil Procedure Rule 2.251 (b)(1), California Rules of The Court Rule 5.240 (a)(2)(3)(d), California Rule of The Court Rule 5.240 (f), 8 U.S.C §1451(a), 8 U.S.C §1101(f)(6), grounds of imbibement to enforce sanctions against defendants FRCP Rule 11 attorney and minors counsel Adams caused unnecessary delays and needless litigations. Hereby, entitling Plaintiff to file civil suit pursuant to 42 U.S.C. § 1983.

(d) Ineffective assistance of counsel 28 U.S.C. § 1927, where improper removal of child from custody Ex-Parte or visits 25 U.S.C. § 1920, 18 U.S.C. § 287 False, fictious or fraudulent claims, 8 U.S.C. § 1324c (a) penalties for document fraud, California Family Code § 3151(a), California Civil Procedure § 2.251(b)(1)(B) - Electronic service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv, and violates FRCP Rule 12(b) makes a lack of personal jurisdiction due to unconstitutionality of a fair due process clause. Defendant Ortiz provides Defendant Adams false or malicious allegations that ties in violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of

the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

(e) Defendants shall be held accountable for Penal Code § 278.5 PC in which it states, "When you deprive someone of their right to visitation with a child-even if they don't have custody. Rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of imbibement. Causing the plaintiffs unfair injuries by Riverside County Superior Courts Minors Counsel and Defendant Adams being FRCP Rule 11(b) for Sanctions dealing with improper pleadings, motions, or other papers and caused unnecessary delays and needless increase in cost of litigations. *Begier v. Strom 46 Cal. app 4th 880 (1996).*

(f) Therefore, under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by the following Defendants Adams, Hester, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Fifteenth Cause of Action Claim # 15

146. Plaintiff realleges paragraphs 82 through 83.

147. By doing the acts described above in Paragraph 82, Mrs. Casillas asks her daughter during child visitation why she was forced to lie to her. Defendant Ortiz coached child to lie to supervised monitor prior to having visitation with mother. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. Thus, is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of Common Law Tort of Deceit. Therefore, the United States institutes prosecution of all violations of laws under 42 U.S.C. § 1987. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1988(a).

(a) Judge and Defendant Hester caused violence by failing to obtain justice with Equal Protection Clause of the Fourteenth Amendment that escalated to a reckless Intentional Negligence Tort. This has caused extreme hardships to not only the family but to the minor child. Intentional emotional trauma and battery causing serious bodily injury. That injured minor child and the loss of property being chattel or minor child of the Plaintiff. This is all good reason for grounds of California Gov. Code § 810.8 California Tort Claims Act. Where damages Plaintiff due to the suffering of the minor child. Causing Infliction of Emotional Distress Tort, Common Law Tort of Deceit, Assault, and Battery Tort. Knowledge of the situation of a child is vulnerable to abuse as children have the right to be safe and free from abuse California Family Code § 3020.

(b) Defendant Hester and Adams enabling Ortiz bad behavior clearly shows Hester is bias and prejudice against plaintiffs. By not holding Defendants Ortiz liable for his actions and ignoring his misconduct or concealing his crimes. Harmful or offensive intent to harm a child through fear of apprehension of an immunity battery. Apprehension of fear where verbal abuse intended to continue within a fixed space or in actual dominion that continues with a direct connection to escalate to physical abuse where the child is harmed by force then scared to disobey or else she will be punished if she does not do what her father demands.

(c) Minor child routine habits, disturbance in sleeping, caused physical abuse to child, embarrassing and degrading. *Begier v. Strom 46 Cal. app 4th 880 (1996).* Under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920. The above civil right was violated by the following Defendant Hester, County of Riverside, Adams, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 1988(a).

148. By doing the acts described above in Paragraph 83, Defendant, and Supervised Monitor Dahlman documents and notices major bruises on minor child. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. Thus,

who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of Article 2.5. Child Abuse and Neglect Reporting Act Section 11164 – 11174.3 (a)(e)(1). California Penal Code § 11165.3, California Penal Code § 11165.7 (a)(30), California Penal Code § 11165.9, and California Government Code Section 820.21(a)(b). Defendant Dahlman should be held accountable for her actions by not reporting child abuse 18 U.S.C. § 3509 (a)(1)(2)(A)(3)(4)(5)(11)(12), 34 U.S.C. § 20341(a)(1)(b)(3)(c)(1)(2)(3), 42 U.S.C. § 1983 Civil Rights of Children. *Beltran v. Santa Clara County, 514 F.3d 906, 908 (9th Cir. 2008).* Supervised child monitors reports contradict each other and are not consistent from previous monitor to Defendant Dahlman reports.

(a) Rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of embedment to enforce sanctions against defendants FRCP Rule 11 attorney and Minors Counsel Adams caused unnecessary delays and needless increase in cost of litigation damages. Plaintiff is to drive two-three hours to visit with child, to also cover the cost of fuel, wear, and tear on vehicle, and to cover the cost of special events with child. Plaintiff litigation fees and unnecessary legal abuse punishing the wrong doer. Where malicious intent to cause suffering and irreparable harm of emotional distress for the intentional legal abuse conduct where the damages are ongoing.

(b) The conduct by a supervised monitor that would be considered despicable by any reasonable person. That caused unfair injuries to a minor child being Intentional Infliction of Emotional Distress, anxiety, Legal Abuse Syndrome (LAS) due to emotional trauma to the physical abuse to the minor child's safety and wellbeing. From malicious conduct by Defendant Ortiz. Thus, causing emotional depression from abuse, insomnia by disturbance to sleeping habits causing loss of sleep from having nightmares, a complete disruption to childhood life and routine. Defendant Hester and Adams enabling Ortiz bad behavior clearly shows Hester is bias and prejudice against plaintiffs. By not holding Defendant Ortiz liable for his actions and ignoring his misconduct or concealing his crime.

(c) Therefore, compromising the child's rights, emotional well-being, and forcing the child to side with one parent or the other thinking if child says anything to mother, she would be reprimanded by Defendant Ortiz. In which Ortiz reprimands in the form of abuse toward the child. Causing Infliction of Emotional Distress Tort as the child should be free from

CIVIL RIGHTS COMPLAINT - 97

abuse but due to Defendant and Judge Hester orders, she is subject to ongoing abuse and trauma by Ortiz. It is not in the best interest of the child to be subject to Ortiz abuse or by the County of Riverside Superior Court. The above civil right was violated by Defendant Hester, County of Riverside, Adams, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983 for causing minor child unfair injuries that purposely torture and traumatizing for both mother and child.

## Sixteenth Cause of Action Claim #16

149. Plaintiff realleges paragraph 84.

150. By doing the acts described above in Paragraph 84, Defendant and Minors Counsel Adams files an Ex-Parte a week before Christmas to the Riverside Superior Court for Plaintiff and Mrs. Casillas to have no contact with child due to Ortiz making false or malicious allegations against Mrs. Casillas. Defendant and Judge Hester grants orders without having a hearing. Defendant Hester under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1985(3), 42 U.S.C. § 1988, and 42 U.S.C. § 1983. Prohibits congress from obstructing justice and makes a clear requirement that all trial is equally protected by fair due process of law. That affected plaintiffs' civil liberties within the meaning under, privileges clause of the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Wherefore, the deprivation of rights under color of law who permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above.

(a) Defendants caused and/or permitted the violation defined under the required state laws being Family Code § 3022.3 upon the trial of a question of fact in a proceeding to determine the custody of a minor child. The court shall issue a statement of decision explaining the factual and legal basis for its decision that mother was denied any information pursuant to her daughter. All violations of section 632 of Code of Civil Procedure, California Family Code § 3027.1, California Family Code § 3064 – Courts are not supposed to make Ex-Parte orders modifying custody, 18 U.S.C. § 242, California Civil Code § 1573, and California Penal Code § 278.5 (a).

(b) Defendant Hester caused violence by failing to obtain justice with Equal Protection Clause and Due Process that escalated to a reckless Intentional Negligence Tort and Common Law Tort of Deceit. This has caused extreme hardships to not only the family but to the minor child. Intentional emotional trauma and battery causing serious bodily injury. That injured minor child and the loss of property being chattel or minor child of the Plaintiff. This is all good reason for grounds of California Gov. Code § 810.8, California Tort Claims Act. Where damages Plaintiff due to the suffering of the minor child.

(c) Where provisions and statue enactments for the breach of Judges' code of conduct. That would be defined in California Gov. Code § 810.2 by employee including judicial officer as defined in California Gov. Code § 810(b). Statute meaning by Federal or by State of California that violated Uniform Child Custody Jurisdiction Act and the Uniform Civil Liberty for Support Act. Civil Rights of children described in 42 U.S.C. § 1983 where Defendant Hester who uses her official position to restrict a person's safety 42 U.S.C. § 1986.

(d) Defendant Hester and Adams enabling Ortiz bad behavior clearly shows Hester is bias and prejudice against plaintiffs. By not holding Defendants Ortiz liable for his actions and ignoring his misconduct or concealing his crimes. Judge and Defendant Hester failed to uphold the integrity and independence of the judiciary. Defendant Hester violates 11 U.S.C. § 1109 - Right to be heard, 18 U.S.C. § 371, 18 U.S.C. § 241 – Conspiracy of rights, 42 U.S.C. § 12203 – Prohibition against retaliation and coercion, 18 U.S.C. § 371, Canon 1, Canon 2, Canon 3. Plaintiff has the right to be heard and to have a fair due process of law. Defendant Adams office emailed copy to Plaintiff. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of California Penal Code § 1714.10, California Rules of Court § 5.151, 18 U.S.C. § 1038, United States Constitutional Civil Rights Sixth, Eighth, and Fourteenth Amendments.

(e) Under 28 U.S.C. Fed. Rules of Evid. 610 you can't know a fact until you know what evidence is and nothing more than hearsay. Where Article VIII FRCP Rule 802 excludes

hearsay as relevant showing correct procedural evidence and procedural rules against hearsay being admissible for the taking of personal chattel being a child. Plaintiff Casillas has lost certain rights without a meaningful hearing or even having an opportunity to be heard. False allegations of accusing plaintiffs are inconsistent and out of contents with altering court documents, and evidence. Plaintiff argues that there are no issues of material fact. California Penal Code § 118 PC: Perjury and California Civil Code § 3294(a)(1)(2)(3) – Punitive damages.

(f) Under 2021 California Rules of the court Code of Civil Procedure Rule 2.251 (b)(1), California Rules of The Court Rule 5.240 (a)(2)(3)(d), California Rule of The Court Rule 5.240 (f), 8 U.S.C § 1451(a), 8 U.S.C § 1101(f)(6), grounds of imbibement to enforce sanctions against defendants FRCP Rule 11 attorney and minors counsel Adams caused unnecessary delays and needless litigations.

(g) Ineffective assistance of counsel 28 U.S.C. § 1927, where improper removal of child from custody Ex-Parte or visits 25 U.S.C. § 1920, 18 U.S.C. § 287 False, fictious or fraudulent claims, 8 U.S.C. § 1324c (a) penalties for document fraud, California Family Code § 3151(a), California Civil Procedure § 2.251(b)(1)(B) - Electronic service requires that any such provisions be clear consent that is agreed to service addressed on form EFS-005-cv, and violates FRCP Rule 12(b) makes a lack of personal jurisdiction due to unconstitutionality of a fair due process clause. Defendant Ortiz provides Minor Counsel and Defendant Adams false or malicious allegations. Hereby, ties in violations of Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States. *In pari delicto.*

(h) Where Rule 406 Habitual routine of practice being evidence of a person's habits of altering court documents, and evidence, an organization's routine practice may be admitted proving that persons acted unjustly. Due to constitutional law violations. Statement of facts being factual with the evidence provided shows defendants direct character shall be evidence provided upon the court. Due to false allegations of accusing plaintiff that are inconsistent and out of contents.

CIVIL RIGHTS COMPLAINT - 100

(i) Defendants shall be held accountable for Penal Code § 278.5 PC in which it states, "When you deprive someone of their right to visitation with a child-even if they don't have custody." Rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of imbibement. Causing the plaintiffs unfair injuries by County of Riverside Superior Courts Minors Counsel and Defendant Adams being FRCP Rule 11(b) for Sanctions dealing with improper pleadings, motions, or other papers and caused unnecessary delays and needless increase in cost of litigations Thus, has caused unjust injuries being malicious prosecution, Intentional Infliction of Emotional Distress for willful acts that were taken with reckless disregard for the rights of others especially children whose obligation and duty is to protect the best interest of the child. There is absolutely no excuse for doing such evil crimes especially when defendants themselves being mothers and or grandmothers of law should know better. Minor child Meilani Ortiz at the age of seven quote, "How would they like it if someone was to do this to them?" *Begier v. Strom 46 Cal. app 4th 880 (1996).* Therefore, under 28 U.S.C. § 1357 - Injuries under Federal Laws Federal Court shall have original jurisdiction of any civil action commenced by any person to recover damages for any injuries or actions of any act done by him or her to enforce the rights of citizens of the United States, where Pro se litigants are entitled to recover under 28 U.S.C. § 1920.

(j) Defendants violates plaintiffs Fifth Amendment and Fourteenth Amendment as person shall not be deprived any interests in liberty or property without due process of law. Emergency orders never had a follow up hearing within twenty days after order was signed by Judge and Defendant Hester. The Fifth Amendment due process clause prohibits the federal government from discrimination if the discrimination is so unjustifiable that it violates due process of law. *Bolling v. Sharpe, 2010.*

(k) Defendants' conduct violated Federal Statutory laws of the United States Constitution where actions and conduct caused trauma from prejudice unfair injuries being, insomnia, anxiety, depression, intentional infliction of emotional distress, and enjoyment of life. Where there is no amendment or money in the world that can cure the causing of the extreme hardships for mother and child due to the loss of years with one another. Therefore, any reasonable person would have believed the County of Riverside Superior Court judicial officers and minors counsel named above acted as a trespasser of the law.

Where all orders made without regard to fair due process and equal protection under law failed to obtain substantial justice in state courts are legal grounds for state to lose subject matter jurisdiction and plaintiff to file civil suit in federal court for all violations of law pursuant to 42 U.S.C. § 1983. The above civil right was violated by the following Defendants Adams, Hester, County of Riverside, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and 42 U.S.C. § 1988.

## Seventeenth Cause of Action Claim #17

151. Plaintiff realleges paragraphs 85 through 87.

152. By doing the acts described in Paragraph 85, 86, and 87, Plaintiff files an Ex-Parte to the Riverside Superior Court. Courthouse plays games back and forth stating that certain paperwork wasn't submitted when it was due to getting confirmation sent to plaintiffs' email. Riverside Superior Court denied all documents and filings that was sent to courthouse. Defendant caused and/or permitted the violation enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. That is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning. Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, only the appearance of partiality. *Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S. Ct.2194 (1988)* (what matters is not the reality of bias or prejudice but its appearance); *United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985)* (Section 455(a) "Is directed against the appearance of partiality, whether or not the judge is actually biased.") (Section 455(a) of the Judicial Code, 28 U.S.C. § 455(a)(b)(1) is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the protection of impartiality of the judicial process. Judges have shown to be biased and discriminated against both plaintiffs.") "The standard for disqualification provided in California Probate Code § 7060 and or providing for disqualification for bias or prejudice where a person aware of the facts might reasonably entertain a doubt that the judge is able to be impartial, is fundamentally an objective one." It represents a legislative judgment that, due to the sensitivity of the question and inherent difficulties of proof, as well as importance of public confidence in the judicial system, the issue

is not limited to the existence of an actual bias. That Court also stated that Section 455(a) "Requires a judge to recuse herself in any proceeding in which her impartiality might reasonably be questioned." *Taylor v. O'Grady, 888 F.2d 1189 (7th Cir.1989).*

(a) Where the real issue is who are we to go to when in need of serious help? This is unacceptable behavior that has been discussed with families and friends throughout social media, video, and audio recordings of how the judicial system and law enforcement can't be trusted. As stated in this complaint this has caused injuries that have been ongoing and that has dramatically affected plaintiff as a parent. Mrs. Casillas has an audio recording of minor child not knowing what the child was going to say but when child does speak, she expresses out with such passion. By stating, "C'mon' the judges aren't going to do anything and they're going to take me away from you." Minor child clearly states, "This will happen because I know that it will happen, and I will have to stay with the man (Ortiz) and I will never see you guys again." It forces a person to wonder what is really going on for a seven year old when she tells mother, "It's ok mom I know I'm going to save my family from the man (Ortiz) because he is going to shoot you in the head." Obviously due to the County of Riverside Superior Court reckless disregard to the best interest of the child it has traumatized a seven year old child.

(b) This little girl clearly lost all hope in the judicial system, but worst of all the child is in complete fear of police officers as you can hear in multiple audio recordings when plaintiff calls 911 asking for help or how mother and child is treated at the Palm Desert Police Department. Plaintiffs and minor child or any other parent for that matter should never have to go through what Mrs. Casillas had to endure by the legal abuse syndrome from the County of Riverside. It's really naive that as citizens you can't turn to the higher authorities when you are in need of help especially when there is a child involved. The County of Riverside Superior Court violates plaintiffs Fourteenth Amendment as citizens we have the right of due process and equal protection of the laws. The above civil right was violated by the following County of Riverside. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## Eighteenth Cause of Action Claim # 18

153. Plaintiff realleges paragraphs 88 through 96.

CIVIL RIGHTS COMPLAINT - 103

154. By doing the acts described above in Paragraph 88, Plaintiff contacts Defendant Ortiz, Minors counsel and Defendant Adams on child wellbeing. Both Defendants never responded back to Plaintiff on minor child health, safety, or wellbeing. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statues, and the Constitution that deprived the rights within the meaning. By doing the acts above caused and/or permitted violations under the definition and meaning under 42 U.S.C. § 9858o – Parental rights and responsibilities, 10 U.S.C. § 932 – Art. 132 Retaliation, 18 U.S.C. § Conspiracy against rights, California Penal Code § 278.5 PC Deprivation of custody – makes it a crime maliciously to deprive another adult of his or her lawful right to custody of, or visitation with, a child.

(a) Parent's rights to custody of child is a right encompassed with protection of this amendment which may not be interfered with under guise of protecting public interest by legislative action which is arbitrary or without reasonable relation to some purpose within competency of state to effect. *Reynold v. Baby Fold, Inc., 369 NE 2d 858; 68 III 2d 419 , appeal dismissed 98 S Ct 1598, 435 US 963, IL, (1977).* The liberty interest of the family encompasses an interest in retaining custody of one's children and, thus, a state may not interfere with a parent's custodial rights absent due process protections. *Langton v. Maloney, 527 F Supp 538, D.C. Conn. (1981).* A parent's right to care and companionship of his or her children are so fundamental, as to be guaranteed protection under the First, Ninth, and Fourteenth Amendments of the United States Constitution. In re: *J.S. and C.,324 A2d 90; supra 129 NJ Super, at 489.*

(b) Mrs. Casillas has every right to know the health and wellbeing of her child. Due to Defendant Hester and the County of Riverside Superior Court unlawful orders to have a child ripped from her mother without a fair Due Process on an Ex-Parte hearing violates all rights and parents custodial rights. The Fifth Amendment due process clause prohibits the federal government from discrimination if the discrimination is so unjustifiable that it violates due process of law. *Bolling v. Sharpe, 2010.* The above civil right was violated by the following Defendant County of Riverside, Adams, Hester, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

CIVIL RIGHTS COMPLAINT - 104

155. By doing the act described above in paragraph 90, Plaintiff emailed Defendant Adams and Hester. The email was also Cc to Manuel Perez Riverside Board of Supervisors, Defendant Ortiz, Defendant Reed, and 28th District California State Senate Melissa Melendez secretary Glenn Miller. Plaintiff was inquiring on her child due to Defendant Adams and Ortiz not responding to any calls or emails that was left to defendants. Plaintiff is extremely concerned as she did not hear back from Defendants Ortiz and Adams due to mother not knowing of the whereabouts of minor child health, safety, or wellbeing. Defendant caused and/or permitted enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above who is under the color of state law who has violated rights guaranteed by Federal Statues, and the Constitution that deprived the rights within the meaning. By doing the acts above caused and/or permitted violations under the definition and meaning under 42 U.S.C. § 9858o – Parental rights and responsibilities, 10 U.S.C. § 932 – Art. 132 Retaliation, 18 U.S.C. § Conspiracy against rights, California Penal Code § 278.5 PC Deprivation of custody – makes it a crime maliciously to deprive another adult of his or her lawful right to custody of, or visitation with, a child.

(a) Parent's interest in custody of her children is a liberty interest which has received considerable constitutional protection; a parent who is deprived of custody of his or her child, even though temporarily, suffers thereby grievous loss and such loss deserves extensive due process protection. Plaintiff like to ask the court to take judicial notice that six months went by without knowing anything about her daughter during the COVID-19 Outbreak. In the Interest of *Cooper, 621 P 2d 437; 5 Kansas App Div. 2d 584, (1980)*. The United States Supreme Court noted that a parent's right to "the companionship, care, custody and management of his or her children" is an interest "far more precious" than any property right. *May v. Anderson, 345 US 528, 533; 73 S Ct 840,843, (1952).*

(b) The United States Court of Appeals for the 9th Circuit (California) held that the parent-child relationship is a constitutionally protected liberty interest. (See; Declaration of Independence - life, liberty and the pursuit of happiness and the Fourteenth Amendment of the United States Constitution – No state can deprive any person of life, liberty or property without due process of law nor deny any person the equal protection of the laws.) *Kelson v. Springfield, 767 F 2d 651; US Ct App 9th Cir, (1985).* Due to Defendant Hester and the County of Riverside Superior Court unlawful orders to have a child ripped

from her mother without a fair Due Process on an Ex-Parte hearing violates all rights and parents custodial rights. The Fifth Amendment due process clause prohibits the federal government from discrimination if the discrimination is so unjustifiable that it violates due process of law. *Bolling v. Sharpe, 2010.* The above civil right was violated by the following Defendant County of Riverside, Adams, Hester, Reed, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

156. By doing the act described above in paragraph 92, Defendant County of Riverside violates the deprivation of rights, color of law, and state law. As permitted enjoins Defendants and Judge Kristi Hester and Arthur Hester their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above. Defendant caused and/or permitted all violation under the definitions of California Code of Civil Procedure § 473, California Code of Civil Procedure § 170.6 (3)(e)(1), 42 U.S.C. § 1983, 42 U.S.C. § 1988, United States Constitutional Civil Rights First, Sixth, Eighth, and Fourteenth Amendments.

(a) As a judicial officer and judge of the County of Riverside Superior Court orders that Ortiz filed should have been denied due to Mr. Casillas never being served or having any knowledge of the filings that was submitted to the Riverside Superior Court. The rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1985, 10 U.S.C. § 932 – Art.132. Retaliation, 11 U.S.C. § 1109 - Right to be heard, 18 U.S.C. § 241, 18 U.S.C. § 242, 28 U.S.C. § 144 – Bias or prejudice of Judge, 28 U.S.C. § 453 – Oaths of justices and Judges, 29 U.S.C. § 1109 - Where defendant shall be held liable for breach of fiduciary duty, 8 U.S.C. § 1324c (a) Penalties for document fraud. Defendant Ortiz lying under oath stating that Mr. Casillas was served makes orders insufficient service of process and fraud. Under 28 § U.S.C. Fed. Rules of Evid. 610 you can't know a fact until you know what evidence is and nothing more than hearsay. Where Article VIII FRCP Rule 802 excludes hearsay as relevant showing correct procedural evidence and procedural rules.

(b) Where provisions and statue enactments for the breach of judges' code of conduct that would be defined in California Gov. Code § 810.2 by employee including judicial officer as defined in California Gov. Code § 810(b). Defendant and Judge Kristi Hester does not have the hearing but agrees to have a continuance hearing by sending the renewal to the

Riverside Superior Court, Palm Springs Court. Due to her husband and Defendant Arthur Hester being the judge that hears restraining orders in department PS4. *In pari delicto.*

(c) Therefore, has only caused unnecessary delays with unfair trials that purposely escalate to torture and traumatize plaintiffs. Thus, being retaliation to punish plaintiffs for defending their fundamental civil rights disguising and making it hard to discover judicial cover up of Defendant Ortiz crimes and malicious intent. The Fifth Amendment due process clause prohibits the federal government from discrimination if the discrimination is so unjustifiable that it violates due process of law. *Bolling v. Sharpe, 2010.* The above civil right was violated by the following Defendant County of Riverside, Hester, Ortiz, and Hester. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

157. By doing the act described above in paragraph 93, Plaintiff upon checking the Riverside Superior Court website due to the restraining order being expired. Defendant Ortiz files to renew restraining order again and hearing was held at Riverside Superior Court, Larson Justice Center with Defendant and Judge Kristi Hester. Mr. Casillas still has not been served or had knowledge of this hearing being held at the courthouse. Defendant Hester denied Ortiz order. Defendant caused and/or permitted the violation enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above caused who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning.

(a) Defendant caused and/or permitted all violation under the definitions of California Code of Civil Procedure § 473, California Code of Civil Procedure § 170.6 (3)(e)(1), 42 U.S.C. § 1983, 42 U.S.C. § 1988, United States Constitutional Civil Rights First, Sixth, Eighth, and Fourteenth Amendments. As a judicial officer and judge of the County of Riverside Superior Court the orders that Ortiz filed should have been denied due to Mr. Casillas never being served or having any knowledge of the filings that was submitted to the Riverside Superior Court. The rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1985, 10 U.S.C. § 932 – Art.132 Retaliation, 11 U.S.C. § 1109 - Right to be heard, 18 U.S.C. § 241, 18 U.S.C. 242, 28 U.S.C. § 144 – Bias or prejudice of Judge, 28 U.S.C. § 453 – Oaths of justices and Judges, 29 U.S.C. § 1109 - Where defendant shall be held liable for breach of fiduciary duty, 8 U.S.C. § 1324c (a) Penalties for document fraud. Defendant Ortiz lying

under oath stating that Mr. Casillas was served makes orders insufficient service of process and fraud. Under 28 § U.S.C. Fed. Rules of Evid. 610 you can't know a fact until you know what evidence is and nothing more than hearsay. Where Article VIII FRCP Rule 802 excludes hearsay as relevant showing correct procedural evidence and procedural rules.

(b) Where provisions and statue enactments for the breach of judges' code of conduct that would be defined in California Gov. Code § 810.2 by employee including judicial officer as defined in California Gov. Code § 810(b). Defendant and Judge Kristi Hester has the hearing but denied the order and forwards the restraining order again to the Riverside Superior Court, Palm Springs Court. Due to her husband and defendant Arthur Hester being the judge that hears restraining orders in department PS4. *In pari delicto.*

(c) Therefore, has only caused unnecessary delays with unfair trials that purposely escalate to toucher and traumatize plaintiffs. The Fifth Amendment due process clause prohibits the federal government from discrimination if the discrimination is so unjustifiable that it violates due process of law. *Bolling v. Sharpe, 2010.* Thus, being retaliation to punish plaintiffs for defending their fundamental civil rights disguising and making it hard to discover judicial cover up of Defendant Ortiz crimes and malicious intent. The above civil right was violated by the following Defendant County of Riverside, Hester, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

158. By doing the act described above in paragraph 96, Defendant Ortiz has hearing to renew restraining order that was forwarded over to the Riverside Superior Court, Palm Springs Court. Due to Defendant and Judge Arthur Hester recusing himself from hearing matters in the case pursuant to CCP 170.1/170.3 case reassigned to Honorable Judge in Department PS2 for all purposes. Defendant and Judge Rogers approved the restraining order. Mr. Casillas still has not been served or had knowledge of this hearing being held at the courthouse. Defendant caused and/or permitted the violation enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them doing the acts described above caused who is under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning.

(a) Defendant caused and/or permitted all violation under the definitions of California Code of Civil Procedure § 473, California Code of Civil Procedure § 170.6 (3)(e)(1), 42 U.S.C.

CIVIL RIGHTS COMPLAINT - 108

§ 1983, 42 U.S.C. § 1988, United States Constitutional Civil Rights First, Sixth, Eighth, and Fourteenth Amendments. As a judicial officer and judge of the Riverside Superior Court the orders that Ortiz filed should have been denied due to Mr. Casillas never being served or having any knowledge of the filings that was submitted to the Riverside Superior Court. The rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the meaning of 42 U.S.C. § 1985, 11 U.S.C. § 1109 - Right to be heard, 29 U.S.C. § 1109 - Where defendant shall be held liable for breach of fiduciary duty, 8 U.S.C. § 1324c (a) Penalties for document fraud. Defendant Ortiz lying under oath stating that Mr. Casillas was served makes orders insufficient service of process and fraud. Under 28 § U.S.C. Fed. Rules of Evid. 610 you can't know a fact until you know what evidence is and nothing more than hearsay. Where Article VIII FRCP Rule 802 excludes hearsay as relevant showing correct procedural evidence and procedural rules.

(b) Where provisions and statue enactments for the breach of judges' code of conduct that would be defined in California Gov. Code § 810.2 by employee including judicial officer as defined in California Gov. Code § 810(b). Defendant and Judge Rogers is retired since 2021 and is from the Los Angeles County Superior Court. Judge Manuel Bustamante Jr. also stated that he was in court the day of the hearing that was held on January 21, 2022. Judge Bustamante was appointed by Governor Gavin Newsom to serve as Judge in the Riverside County Superior Court as of March 25, 2022. *In pari delicto.*

(c) Clearly, shows County of Riverside Superior Court and defendants being the judges are bias or prejudice that violates 28 U.S.C. § 144 Conspired against Plaintiff's rights, 18 U.S.C. § 371, 18 U.S.C. § 241 Prohibition against retaliation and coercion, 28 U.S.C. § 453, 42 U.S.C. § 12203. The Fifth Amendment due process clause prohibits the federal government from discrimination if the discrimination is so unjustifiable that it violates due process of law. *Bolling v. Sharpe, 2010.* Therefore, being retaliation to punish plaintiffs for defending their fundamental civil rights disguising and making it hard to discover judicial cover up of Defendant Ortiz crimes and malicious intent. The above civil right was violated by the following Defendant County of Riverside, Rogers, and Ortiz. Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

# VII. RELIEF REQUESTED FOR CIVIL INJUNCTIVE AND ARBITRATION COST

WHEREFORE, the Plaintiff Casillas requests that the Court enter an ORDER that:

1.  Declares that Defendants' conduct violated The Civil Rights Act pursuant to 42 U.S.C. § 1983.

2.  Declares that Defendant the County of Riverside County Superior Court conduct violated The American with Disabilities Act pursuant to 42 U.S.C. § 12101, et seq.

3.  Enjoins Defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert or participation with them be prosecuted to the fullest extent of the law for:

    a.  Denying equal protection where due process clause is necessity, or otherwise making malicious intentional efforts to interfere with targeting plaintiffs' relationship with minor child and husband.

    b.  Confrontation Clause 18 U.S.C. § 14141 where it is unlawful for any government authority or person on behalf of the government authority to conduct a pattern and practice that deprives a person of rights, privileges or immunities secured or protected by the constitution or laws in the United States.

    c.  Where 28 U.S.C. § 1367(a) Supplemental jurisdiction Article III FRCP 20 allows defendants to be sued together in the same action. Enjoins defendants, their agents, employees, assigns, successors, and all other persons and entities in active concert; or

    d.  Participation with them from: Hereby, entitling Plaintiff to recover damages pursuant to 42 U.S.C. § 1988. Made in violations of law that due process relief and equal protection, or otherwise improper removal of child from custody on an Ex-Parte and or visits in violation of 25 U.S.C. § 1920 and California Family Code § 3151(a).

    e.  Deprivation of civil liberty under the color of state law who has violated rights guaranteed by Federal Statutes, and the Constitution that deprived the rights within the remedy against state actors who have failed to prevent conspiracy under 18 U.S.C. § 242. Punitive damages a common demand in a civil rights

lawsuit due to defendants conduct was intentional or showed an extreme indifference to the rights of others. Plaintiff's and minor child suffered loss of liberty from the civil rights violations, attorney fees, pain and suffering, and lost wages.

     f.   Coercing, intimidating, threatening, or interfering with a person in the exercise or enjoyment of or on account of her having exercised or enjoyed, or on account of her having aided or encouraged any other person in the exercise or enjoyment of a right under 42 U.S.C. § 3617. A citizen can file a Bane Act suit due to government employees interfered by threat, intimidation, or coercion with that Plaintiff's constitutional rights.

4. Enjoins defendants from failing or refusing to take such affirmative steps as maybe necessary to prevent the recurrence of any discriminatory or otherwise unlawful conduct in the future and to eliminate the extent practicable and the effects of defendants' discriminatory or otherwise unlawful conduct.

5. Awards appropriate monetary damages due to plaintiffs' pain and suffering, lost of income, mental anguish, and emotional distress. Plaintiff's and minor child was harmed by defendants' discriminatory conduct as authorized by the Bivens claim under 42 U.S.C. § 1983. Defendants violated the Plaintiff's and minor child civil rights, and those rights were so clearly established that a reasonable judge would have known their conduct was a violation of the law.

6. Assesses civil penalties against defendants under 42 U.S.C. § 3614(a)(d)(1)(A)(B)(C) in order to vindicate the public interest. The court may award such other relief as the court deems appropriate, including monetary damages to persons aggrieved; and may, to vindicate the public interest, assess a civil penalty against the defendants.

7. Request the court to impose disciplinary actions to hold all who have violated the law be prosecuted in Federal Court under 42 U.S.C. § 1987.

     a.   Enforce plaintiffs' immunity protection to prevent infringement to our civil liberty rights under 42 U.S.C. § 1988 and consider any further relief which the court may deem appropriate or fit.

8. Plaintiffs' humble and most imperative request where this would never be about financial gain but only to obtain justice that reapplies law and order. Where a child has been

detained unlawfully by the State of California. FRCP Rule 1. Establishes that civil rules apply to all actions. FRCP Rule 64(a) are all for good cause while expressing Federal Statutes and provisions are binding under the grounds of 47 U.S.C. § 33 Lis Pendens Statute claiming interest in real property located in the state that must comply with the request of the securing of subject Meilani Ortiz being the minor child in this case. Where the State of California abducted minor child without consent and violation of Public Private Necessity Tort Law against Plaintiff. The state loses immediate personal and venue jurisdiction and any action made in case over minor child Meilani Ortiz.

9. Where FRCP Rule 62 (a) invokes an automatic stay of proceedings to enforce a judgment where Plaintiff requests that under The United States Federal Court L.R. Civ. P. 72. Enforcing Order for minor child Meilani Ortiz to be immediately returned to Mother/Plaintiff Michele Casillas. Mother is to have full/sole legal custody of minor child under FRCP Rule 64 collection of protected person and chattel where trespass to chattels Tort Rule defined under the Fifth and Fourteenth Constitutional Amendment. Due to fair grounds of relief in particular law Habeas Corpus 28 U.S.C. (a)(ii)(2) statue against states taking clause and equal protection clause. Restoring law to stop unnecessary delays that are abusing the life of a child and plaintiff. We pray we can move forward in a fair constitutional manner immediately where federal and state laws are applied that have caused harm being Intentional Emotional distress, with the intent of Malicious Prosecution, Fraud upon the court, and Legal Abuse Syndrome.

## VIII. DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 17, 2022                                Respectfully submitted,

                                                                              /S/
                                                                    Michele Casillas
                                                                    Plaintiff in pro per
                                                                              /S/
                                                                    Jason Casillas
                                                                    Plaintiff in pro per

CIVIL RIGHTS COMPLAINT - 112